Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861



## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

CALEB L. MCGILLVARY      ) CIVIL ACTION NO.
       PLAINTIFF           ) 2:22-CV-01195-JLS-SK
                          ) Hon. Josephine L. Staton, U.S.D.J.
V.                            ) Hon. Steven Kim, U.S.M.J.
                           )
NETFLIX, ET AL          )
       DEFENDANTS      )

## MEMORANDUM IN SUPPORT OF MOTION FOR DOE DISCOVERY

## I. EX PARTE MOTION FOR DOE DISCOVERY AND FOR ISSUANCE OF SUBPOENAS

Plaintiff Caleb L. McGillvary ("Plaintiff") hereby moves the Court under

Fed. R. Civ. P. 26(f) and Fed. R. Civ. P. 45 for an ex parte order

granting doe discovery and issuance of subpoenas.

1

## II. STATEMENT REQUIRED BY L.R. 7-19

Plaintiff adopts by reference under Rule 10(c) his "Declaration pursuant to L.R. 7-19"; and avers that it shows, despite his good faith efforts, Plaintiff does not know the name, address, telephone number, nor email addresses of counsel for defendants.

## III. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff adopts by reference under Rule 10(c) his "Declaration in support of Doe Discovery and issuance of subpoenas" and sets forth same herein.

On February 7, 2023, Plaintiff filed his initial complaint with an IFP application. On May 22, 2023, Plaintiff filed his First Amended Complaint ("FAC") once as a matter of course.

On August 14, 2023, the Court granted Plaintiff's IFP application and ordered that Plaintiff was granted IFP status in this litigation under 28 U.S.C. 1915. Service of process has not yet been returned executed.

On August 28, 2023, Plaintiff filed a motion for Doe Discovery and for issuance of subpoenas.

On October 2, 2023, Magistrate Judge Steve Kim denied Plaintiff's first motion for Doe Discovery; citing, among other things, the overbreadth of the subpoenas requested.

On October 10, 2023, Plaintiff filed a timely objection to the Magistrate Judge's order

This Second motion for Doe Discovery is now before the Court.

## IV. LEGAL ARGUMENT

All documents filed by a pro se litigant are entitled to liberal construction, including this motion. Erickson v Pardus 551 U.S. 89, 93 (2007).

## POINT I: JUDGE STATON'S INITIAL STANDING ORDER REQUIRES PLAINTIFF TO DISCOVER THE IDENTITIES OF DOE DEFENDANTS PRIOR TO THE EXPIRATION OF TIME FOR SERVICE UNDER RULE 4(m), AND THIS WOULD BE IMPOSSIBLE TO COMPLY WITH UNLESS DOE DISCOVERY ISSUES.

Plaintiff is entitled to petition the Government for redress, and to access the Court in regards to his petition. See Johnson v Avery 393 U.S. 483 (1967). Issuing a standing order requiring him to identify Doe Defendants prior to the expiration of time under Rule 4(m) under penalty of dismissal; then denying him Doe Discovery until after a Rule 26 conference; effectively deprives him of his right to petition and to

3

access the Courts. This is because he is forced to either forego petitioning for redress on claims against Doe Defendants, or have his Petition dismissed for failure to identify Doe Defendants despite the Magistrate's order making it impossible for him to do so.

Additionally, "In internet infringement cases, Courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe Defendant's identity, prior to a Rule 26(f) conference, where a Plaintiff makes a prima facie showing of infringement, there is no other way to identify a Doe Defendant, and there is a risk that an ISP will destroy its logs prior to the conference." UMG Recordings, Inc. v Doe 2008 U.S. Dist LEXIS 79087 at P.10-11 (N.D.CA Sep. 3, 2008); (citing Arista Records, LLC v Does 1-43 2007 WL 4538697 at P.1 (S.D.CA Dec. 20, 2007)).

"In the 9th Circuit, Courts use the 'Good Cause' standard to determining whether discovery should be allowed to proceed prior to a Rule 26(f) conference. Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." In Re Countrywide

4

Fin. Corp. Derivative Litig. 542 F.Supp.2d 1160, 1179 (C.D.CA Mar. 28, 2008).

## A. PLAINTIFF HAS PLEADED A PRIMA FACIE SHOWING OF COPYRIGHT INFRINGEMENT

To establish copyright infringement under 17 U.S.C. 101 et seq., two elements must be proven: (1) Ownership of a valid copyright, and (2) Copying of constituent elements of the work that are original. Feist Publ'n, Inc. v Rural Tel. Serv. Co. 499 U.S. 340, 361 (1991).

Plaintiff has pleaded his ownership of valid copyrights in "154-162" of his FAC. In support of his ownership, he has affixed certificates of registration from the Copyright Office to his FAC. He has pleaded constructive trust for other works in "136-152" of his FACE, in support of his ownership as cestui qui trust of copyrights to which constructive trustees hold the title. See Declaration at "_3_"

Plaintiff has pleaded the unauthorized copying of protected elements of his works in "163-167" of his FAC. See Declaration at "_4_" Plaintiff has therefore made a prima facie showing of copyright infringement.

## B. PLAINTIFF CANNOT IDENTIFY DOE DEFENDANTS IN TIME TO COMPLY WITH JUDGE STATON'S STANDING ORDER WITHOUT A RULE 45 SUBPOENA

Plaintiff has made a good faith effort in due diligence to identify Doe Defendants; but has been unable to do so. See Declaration at "5". Additionally, Plaintiff has properly shown by declaration that there is a risk the ISP containing details identifying the Doe Defendants will destroy their logs. The emails which are believed to contain the identifying details of Doe Defendants are at risk of being routinely deleted, which imperils Plaintiff's ability to discover Doe Defendants if Doe Discovery is delayed. See Declaration at "7"

## C. THE SUBPOENAS ARE NARROWLY TAILORED TO PROTECT THE RIGHTS OF LITIGANTS

Plaintiff has proffered subpoenas limited to a request to produce the list of names and addresses of individuals from whom motion pictures used in the infringing work were procured. This is all that is needed to identify Doe Defendants, who are believed to be said individuals.

6

## D. THE NEED FOR EXPEDITED DISCOVERY OUTWEIGHS THE PREJUDICE TO THE RESPONDING PARTY

Without Doe Discovery, Judge Staton's order mandates dismissal of the case; and L.R. $\underline{19-1}$ also prohibits the filing of complaints with more than 10 Doe Defendants. In order to petition the Court, and for his First Amendment Rights to do so to be vindicated, Plaintiff must conduct Doe Discovery. The prejudice to respondents of providing names and addresses of the requested Does is de minimis, and could not possibly outweigh the harm to Plaintiff's First Amendment Rights if Doe Discovery is not conducted.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully asks the Court to grant his motion and order that Doe Discovery be allowed to proceed, and that the requested summons issue.

Respectfully Submitted,

Date: 11/7/23

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

7