Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861



FILED
CLERK, U.S. DISTRICT COURT
NOV 20 2023
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB L. MCGILLVARY<br>PLAINTIFF<br><br>V.<br><br>NETFLIX, ET AL<br>DEFENDANTS | ) CIVIL ACTION NO.<br>) 2:22-CV-01195-JLS-SK<br>) Hon. Josephine L. Staton, U.S.D.J.<br>) Hon. Steven Kim, U.S.M.J.<br>)<br>)<br>) |

## DECLARATION IN SUPPORT OF MOTION FOR DOE DISCOVERY

I, Caleb L. McGillvary, hereby declare pursuant to 28 U.S.C. 1746 the following:

1.) I am the pro se plaintiff in the above-captioned matter.

2.) Because I am pro se, and also incarcerated at NJ State Prison 3rd & Federal Streets Trenton, NJ 08625; I am exempt from initial disclosures under Fed. R. Civ. P. 26(a)(1)(B). My situation as an incarcerated pro se litigant also prohibits me from engaging in standard due diligence

1

research which would be available to non-incarcerated pro se litigants, such as internet searches and public database inquiries. For this reason, I am limited to sending messages via JPay to individuals who add themselves to my contact list, and am totally at the mercy of whether they respond to my requests for assistance or not, and to what form their assistance takes. I do not have access to the internet, nor to directories of California. I am limited to searching for federal laws from the 9th Circuit at the law library, which does not store any California Courts databases nor information commonly available to persons incarcerated in California.

3.) I have pleaded ownership of valid copyrights in "136-162" of my First Amended Complaint ("FAC"); attaching thereto, as pleaded, certificates of registration thereof with the Copyright Office, or pleading constructive trusts of copyrights registered in the name of others for my benefit as cestui qui trust.

4.) I have pleaded in "163-167" of my FAC the ongoing internet infringement of my copyrights by defendants in the above-captioned matter.

5.) I cannot identify the Defendants which I have fictitiously named "John Does 1-9" or "Jane Does 1-5"; despite a good faith due diligence in search for them. My diligent effort included sending messages to people on my JPay account requesting them to help me identify the Doe Defendants by searching databases including "www.beenverified.com"; YouTube; Google; and IMDB. Because the identity of these Defendants is not publicly available to the best of my knowledge and belief, I have no other recourse to identify them. Because I'm incarcerated in New Jersey, I'm severely limited on both resources and capabilities to conduct research in this regard, even through my agents. I have been recognized as indigent by this Court, so it is res judicata that I lack the financial means to hire a private investigator to conduct further research to identify Doe Defendants.

6.) Beginning on or about August 1, 2020 at or around 10am; but which date and time will be ascertained with certainty through discovery; Defendant RawTV, acting as an agent of Netflix and as an alter ego or subsidiary of ALL3MEDIA AMERICA, LLC; began contacting me through my agent Ashley D. Bignault: through their agents Rob Miller and Sally Brindle, who used the emails "sally.brindle@rawtv.co.uk" and

3

"rob.miller@rawtv.co.uk"; to communicate regarding subject matter relevant and material to this lawsuit. On this information, I believe RawTV, acting as an agent of Netflix and as an alter ego or subsidiary of ALL3MEDIA AMERICA, LLC; likewise contacted the individuals described identifiably in the FAC, but fictitiously named "John Does 1-9" and "Jane Does 1-5"; and that their email accounts contain information identifying thes Doe Defendants with particularity.

7.) It is judicially noticeable, and I declare upon my information and belief that old messages in active email accounts are routinely deleted by users and administrators thereof. The messages between Sally Brindle and Rob Miller and Doe Defendants, which contain the information identifying the Doe Defendants, are therefore at risk of being routinely deleted. This risk of destruction of evidence by which Doe Defendants could be identified is both present and continuing until their identities are discovered.

8.) On my information and belief, RawTV is a subsidiary of the American Corporation, "ALL3MEDIA AMERICA, LLC"; a Delaware Limited Liability Company, registered as a foreign corporation to conduct business in California. On my information and belief, RawTV

4

has its principle place of business located within 100 miles of this Court, at 6060 Center Drive, Suite 400, Los Angeles, CA 90045

9.) Attached at "Exhibit A" is a subpoena duces tecum addressed to ALL3MEDIA AMERICA, LLC; which is, on my information and belief, the principal or alter ego of RawTV; who has custody or control of the accounts "sally.brindle@rawtv.co.uk" and "rob.miller@rawtv.co.uk"; requesting them to produce the names and addresses of the Doe Defendants described with particularity in "___"-"___" of the FAC. This subpoena is narrowly tailored to provide only the information necessary to identify the Doe Defendants in this case.

10.) For all the foregoing reasons, and for all the reasons contained in my accompanying motion and memorandum, incorporated herein by reference, the Court should allow Doe Discovery and issue the requested subpoena duces tecum. I declare under penalty of perjury that all documents attached hereto are true and accurate copies of the originals. I declare under penalty of perjury that the foregoing statements are true and accurate to the best of my knowledge and belief.

I declare under penalty of perjury that the documents attached hereto
    are true copies of the originals.

5

I declare under penalty of perjury that the foregoing statements are true and accurate.

Dated: 11/7/23

Caleb L. McGillvary
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

CALEB L. MCGILLVARY
*Plaintiff*

v.

NETFLIX, ET. AL.
*Defendant*

Civil Action No. 2:23-CV-01195-JLS-SK

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ALL 3 MEDIA AMERICA, LLC dba RAW TV

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: A LIST OF THE NAMES & ADDRESSES OF EACH ACTOR APPEARING IN, & OF EACH PERSON FROM WHOM MOTION PICTURE WORKS WERE PROCURED FROM FOR USE IN "THE HATCHET WIELDING HITCHHIKER" DOCUMENTARY FILM PRODUCED BY RAW TV, A SUBSIDIARY OF ALL 3 MEDIA, AMERICA, LLC

Place: #1222665/SBI# 1023174 NJSP PO BOX 861
3RD & FEDERAL STREETS TRENTON, NJ 08625

Date and Time: DECEMBER 30, 2023

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Place:

Date and Time:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* CALEB L. MCGILLVARY, IN PROPRIA PERSONA, who issues or requests this subpoena, are:
#1222665/SBI# 1023174 NJSP PO BOX 861 TRENTON, NJ 08625-0861
caleb.mcgillvary88@gmail.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

* For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).