

1  Elizabeth L. Schilken (SBN 241231)
2    schilkene@ballardspahr.com
   **BALLARD SPAHR LLP**
3  2029 Century Park East, Suite 1400
   Los Angeles, CA 90067-2915
4  Tel: 424.204.4400 / Fax: 424.204.4350
5
6  [*Additional Counsel on Signature Page*]
7  *Attorneys for Defendant Sinclair*
8  *Television of Fresno, LLC*
9
10            **UNITED STATES DISTRICT COURT**
11            **CENTRAL DISTRICT OF CALIFORNIA**

12  CALEB L. MCGILLVARY,                    Case No. 2:23-cv-01195-JLS-SK
13                        Plaintiff,        **Defendant Sinclair Television of**
                                            **Fresno, LLC's Notice of Motion and**
14      v.                                  **Motion to Dismiss Plaintiff's First**
                                            **Amended Complaint; Memorandum**
15  NETFLIX, *et al.*,                      **of Points and Authorities**
16                        Defendants.       Hearing Date:    March 29, 2024
17                                          Hearing Time:    10:30 a.m.
18                                          Before the Hon. Josephine L. Staton
19
20          **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:
21          **PLEASE TAKE NOTICE** that on March 29, 2024, at 10:30 a.m., or as soon
22  thereafter as the matter may be heard in the above-titled Court, located at First Street
23  U.S. Courthouse, 350 West 1st St., Los Angeles, CA 90012, Courtroom 8A, 8th
24  Floor, Defendant Sinclair Television of Fresno, LLC ("KMPH"), incorrectly sued as
25  KMPH Fox News, will and hereby does move pursuant to Federal Rule of Civil
26  Procedure 12(b)(6) to dismiss all claims asserted against KMPH in Plaintiff Caleb
27  McGillvary's First Amended Complaint ("FAC").
28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Specifically, the FAC against KMPH should be dismissed for the following reasons:

- McGillvary's claims for constructive trust, accounting, and equitable estoppel fail because there are no such causes of action recognized by California law;

- These claims are also are preempted by the Copyright Act;

- Even if it were not preempted, McGillvary's claims would fail because he does not allege that KMPH is a joint owner in the copyrights to the works at issue;

- McGillvary's claim for declaratory relief, pleaded in his Prayer for Relief, fails because McGillvary does not and cannot allege facts entitling him to ownership of copyrights to those works; and

- McGillvary's alternative claim for relief in the form of a declaration that he is at least a co-owner of the copyrights to the works at issue, pleaded in his Prayer for Relief, fails because it is unsupported by any allegations that both he and KMPH intended to jointly create the works.

KMPH's motion to dismiss is supported by this Notice of Motion, the accompanying Memorandum of Points and Authorities, all papers and pleadings on file in this action, all matters of which the Court may take judicial notice, and such other and further material and argument as may be presented to the Court.

*[signature block on next page]*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1

Dated: February 16, 2024

**BALLARD SPAHR LLP**

2

3

By: */s/ Matthew S.L. Cate*

Elizabeth L. Schilken

4

schilkene@ballardspahr.com

2029 Century Park East, Suite 1400

5

Los Angeles, CA  90067-2915

Tel: 424.204.4400 / Fax: 424.204.4350

6

7

Chad R. Bowman (*pro hac vice*)

bowmanchad@ballardspahr.com

8

Matthew S.L. Cate (SBN 295546)

9

catem@ballardspahr.com

1909 K Street, NW, 12th Floor

10

Washington, DC 20006-1157

Tel: 202.661.2200 / Fax: 202.661.2299

11

12

Thomas B. Sullivan (*pro hac vice*)

13

sullivant@ballardspahr.com

1675 Broadway, 19th Floor

14

New York, NY 10019

Tel: 212.850.6139 / Fax: 212.223.1942

15

16

*Attorneys for Defendant*

17

*Sinclair Television of Fresno, LLC*

18

19

20

21

22

23

24

25

26

27

28

Defendant KMPH's Notice of Motion and Motion to Dismiss

TABLE OF AUTHORITIES .................................................................................... iii

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 1

I.       Introduction ................................................................................................ 1

II.      Background .................................................................................................. 2

         A.      The Underlying Incident ................................................................. 2

         B.      The First KMPH Interview ............................................................. 3

         C.      The Second KMPH Interview ......................................................... 3

         D.      The New Jersey Murder and Documentary ................................... 4

         E.      This Action ...................................................................................... 4

III.     Argument ..................................................................................................... 5

         A.      The Only Claims Apparently Pleaded Against KMPH in the
                 First Amended Complaint Fail ....................................................... 6

                 1.      These are not independent causes of action ............................. 7

                 2.      The state law claims are preempted by the Copyright
                         Act ........................................................................................... 7

                 3.      To the extent Plaintiff intended to plead an equitable
                         claim related to unjust enrichment, he has not pleaded
                         allegations consistent with such a claim ................................ 9

         B.      McGillvary Has Failed to Plead Sufficient Grounds For
                 Declaratory Relief .......................................................................... 9

                 1.      McGillvary does not allege sole authorship in the
                         works at issue ......................................................................... 10

                         a.      McGillvary is not the author of the
                                 performances or the KMPH footage ........................... 10

                         b.      McGillvary does not adequately allege "control"
                                 over the performances or KMPH footage .................... 11

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

— i —

1

2.    McGillvary does not allege any basis for declaring that any of the works are "joint works" in which he may claim co-ownership......................................................... 13

IV.    Conclusion ...................................................................... 14

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Defendant KMPH's Notice of Motion and Motion to Dismiss

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aalmuhammed v. Lee*,
202 F.3d 1227 (9th Cir. 2000) ...................................................................... 11, 14

*Abrot v. Mercedes-Benz USA, LLC*,
2023 U.S. Dist. LEXIS 128554 (C.D. Cal. June 26, 2023) .................................. 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......................................................................................... 5, 12

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................ 5

*Campbell v. Walt Disney Co.*,
718 F. Supp. 2d 1108 (N.D. Cal. 2010) ................................................................ 6

*Chey v. Pure Flix Entertainment LLC*,
2017 U.S. Dist. LEXIS 220228 (C.D. Cal. Feb. 10, 2017) .................................. 6

*Close v. Sotheby's, Inc.*,
894 F.3d 1061 (9th Cir. 2018) ............................................................................... 8

*Community for Creative Non-Violence v. Reid*,
490 U.S. 730 (1989) ............................................................................................. 10

*Current Audio v. RCA Corp.*,
71 Misc. 2d 831 (N.Y. Sup. Ct., N.Y. Cnty. 1972) ........................................... 13

*Del Madera Properties v. Rhodes & Gardner, Inc.*,
820 F.2d 973 (9th Cir. 1987) .............................................................................. 7, 8

*Dennis v. Nike, Inc.*,
2022 U.S. Dist. LEXIS 236356 (C.D. Cal. Nov. 18, 2022) .................................. 8

*Falwell v. Penthouse International, Ltd.*,
521 F. Supp. 1204 (W.D. Va. 1981) ................................................................... 13

*Ford v. Ray*,
130 F. Supp. 3d 1358 (W.D. Wash. 2015) .......................................................... 14

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

*Garcia v. Google, Inc.*,
    786 F.3d 733 (9th Cir. 2015) (en banc) ................................................................ 11

*Jordan v. Star Trak Entertainment, Inc.*,
    2010 U.S. Dist. LEXIS 149295 (C.D. Cal. May 13, 2010) ..................................... 7

*Karasek v. Regents of the University of California*,
    956 F.3d 1093 (9th Cir. 2020) ................................................................................ 2

*LMNO Cable Grp. v. Discovery Communications*,
    2018 U.S. Dist. LEXIS 236321 (C.D. Cal. Jan. 11, 2018) ..................................... 11

*Mills v. Netflix, Inc.*,
    2020 U.S. Dist. LEXIS 17797 (C.D. Cal. Feb. 3, 2020) ......................................... 6

*Moncada v. West Coast Quartz Corp.*,
    221 Cal. App. 4th 768 (2013) ................................................................................. 7

*Newt v. Twentieth Century Fox Film Corp.*,
    2016 U.S. Dist. LEXIS 98308 (C.D. Cal. July 27, 2016) ....................................... 6

*NFL's Sunday Ticket Antitrust Litigation v. DirecTV, LLC*,
    933 F.3d 1136 (9th Cir. 2019) ................................................................................ 10

*Oddo v. Ries*,
    743 F.2d 630 (9th Cir. 1984) .................................................................................. 9

*State v. McGillvary*,
    No. A-4519-18, 2021 N.J. Super. Unpub. LEXIS 1651 (N.J. App.
    Div. May 12, 2021) .................................................................................................. 4

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) .................................................................................. 6

*Taggart v. WMAQ Channel 5 Chicago*,
    2000 U.S. Dist. LEXIS 19499 (S.D. Ill. Oct. 30, 2000) .................................... 12, 13

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) .................................................................................. 6

*Vigdor v. Super Lucky Casino, Inc.*,
    2017 U.S. Dist. LEXIS 97681 (N.D. Cal. June 23, 2017) ....................................... 7

*Worth v. Universal Pictures, Inc.*,
    5 F. Supp. 2d 816 (C.D. Cal. 1997) ......................................................................... 8

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**Statutes**

17 U.S.C. 101.................................................................................................10, 14

17 U.S.C. § 102.......................................................................................................8

17 U.S.C. § 201.....................................................................................................10

17 U.S.C. § 301.......................................................................................................7

**Other Authorities**

1 NIMMER ON COPYRIGHT § 6.12 (2023) .................................................................9

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Defendant KMPH's Notice of Motion and Motion to Dismiss

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    Introduction

Shortly after rocketing to fame a decade ago as "Kai the Hatchet-Wielding Hitchhiker" for his role in violently stopping another man from attacking people in California, Plaintiff Caleb McGillvary ("Plaintiff" or "McGillvary") beat an elderly man to death in New Jersey.  Now he sues a raft of defendants who chronicled, in real time and in a recent documentary, McGillvary's exhilarating rise and fall for alleged and various wrongs.

McGillvary's dense, 99-page First Amended Complaint asserts numerous causes of action under various theories against 18 named defendants and 14 Doe defendants.  One of these defendants is Sinclair Television of Fresno, LLC ("KMPH"), incorrectly sued as KMPH Fox News.  It was KMPH that conducted and broadcast the February 2013 interview that shot McGillvary to fame and the follow-up four days later when a KMPH crew met with Plaintiff to interview him about his newfound celebrity.

While the First Amended Complaint broadly alleges an intricate conspiracy to exploit McGillvary's fame and deprive him of its fruits, the claims against KMPH are few and straightforward. McGillvary alleges that he holds the copyrights in the "performance" captured in the KMPH interviews and in the footage itself.  As such, he contends, those copyrights are in a "constructive trust" for his benefit and he is entitled to both an "equitable accounting," from KMPH, of revenue derived from those copyrights and a declaration, by the Court, that he is the sole owner of the copyrights in the works relating to the KMPH interviews.

The First Amended Complaint against KMPH should be dismissed for failure to state a claim upon which that requested relief can be granted.

*First*, McGillvary's state law claims suffer multiple, fatal defects.  For one, California does not recognize a standalone cause of action for constructive trust, accounting, or equitable estoppel.  Further, even if the state law claims were

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

sufficiently pleaded, they are preempted by the Copyright Act.  Finally, to the extent it is not preempted, McGillvary's claim for an equitable accounting may be asserted only by a joint owner of a copyright against its co-owner, and McGillvary alleges that KMPH has no such ownership in the works at issue.

*Second*, McGillvary fails to plead facts that would entitle him to the declaratory relief he seeks. McGillvary does not and cannot allege facts entitling him to ownership of copyrights to those works.  It was KMPH, not him, who fixed any "performance" by him into a tangible, copyrightable form. McGillvary also fails to allege facts establishing that he, in fact, controlled the performances.  As such, it is KMPH who owns any copyrights to the works relating to the KMPH interviews. Finally, to the extent McGillvary claims entitlement, in the alternative, to a declaration that he is at least a co-owner of the copyrights to the works at issue, that claim fails because it is unsupported by any allegations that both he and KMPH *intended* to jointly create the works.

Accordingly, the First Amended Complaint against KMPH fails as a matter of law and should be dismissed.

## II.     Background[1]

### A.     The Underlying Incident

McGillvary was hitchhiking on February 1, 2013, when the driver of the car in which he was riding crashed into a group of power line workers.  First Am. Compl. ("FAC") ¶¶ 2(a), 7.  The driver, Jett McBride, then exited the vehicle and began attacking a man whom he had hit with the car, as well as a woman who had come to McBride's victim's aid.  *Id.* ¶ 2(b).  McGillvary thwarted the attack by swinging "his camping hatchet with force 3 times" into McBride's head.  *Id.* ¶¶ 1,

---

[1] For purposes of this motion only, McGillvary's well-pleaded allegations of fact are accepted as true.  *See Karasek v. Regents of the Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020).

2(c).  After speaking with police officers, McGillvary was released from custody and allowed to leave.  *Id.* ¶¶ 1, 2(i), 7.

### B.    The First KMPH Interview

McGillvary was leaving the scene when a reporter and camera operator from KMPH approached him. *Id.* ¶¶ 1, 7.  The KMPH journalists proceeded to interview McGillvary about the incident, and he "described the events" that had occurred, "which included his use of a hatchet to subdue the attacker." *Id.* ¶¶ 1, 7.  At the beginning of the interview, McGillvary was asked "What happened today?" and he proceeded to recount his interactions with McBride, the crash and aftermath, and his hitting McBride with a hatchet.  *See* Cate Decl., Ex. 1 at 0:01-1:42.  In describing his use of the hatchet, McGillvary swung his arm and said "smash, smash, smash." *Id.* at 1:35-42.  The reporter then posed a series of other questions, including about McGillvary's name and background, how he had gotten in the car, what happened after McGillvary hit McBride with the hatchet, whether he was questioned by police, what he was going to do next, and whether McGillvary would do it again. *Id.* at 1:43-5:49.  McGillvary answered those questions.  *Id.*

The reporter and camera operator were holding equipment identifying KMPH as the station for which they worked.  FAC ¶ 7.  The interview was filmed by the camera operator using the KMPH camera and the footage was turned over to the station.  *Id.* ¶ 9.  KMPH incorporated the footage into a standard news segment on the incident and aftermath, featuring multiple subjects, and aired on the night's news broadcast.  *Id.* ¶ 10; *see also* Cate Decl., Ex. 2.  The interview "went viral," leading to McGillvary becoming "widely known." FAC ¶ 1.

### C.    The Second KMPH Interview

A few days later, on February 5, 2013, a KMPH news crew contacted McGillvary and interviewed him about his newfound fame. *See id.* ¶ 12; *see also* Cate Decl., Ex. 3.  In addition to asking McGillvary questions about his celebrity and background, the KMPH crew filmed footage of McGillvary on a skateboard

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

and, in footage later posted online, playing a song at a guitar shop. *See* FAC ¶ 12; *see also* Cate Decl., Ex. 4.

Again, the interview was recorded by the KMPH employees and the footage was provided by them to the station.  FAC ¶ 13.  This footage also used as part of a news broadcast. *Id.* ¶ 14.

KMPH did not pay McGillvary for agreeing to either interview or for appearing in the footage. *See id.* ¶¶ 10, 14. KMPH and McGillvary had no contractual relationship at all. *Id.*

### D.    The New Jersey Murder and Documentary

A few months after he shot to fame, McGillvary murdered a 74-year-old man in New Jersey on May 12, 2013.  *See State v. McGillvary*, No. A-4519-18, 2021 N.J. Super. Unpub. LEXIS 1651, at **1-2 (N.J. App. Div. May 12, 2021).  McGillvary was convicted of first degree murder and sentenced to fifty-seven years of imprisonment in May 2019.  *Id.* at *1.  While McGillvary appealed his conviction, *see id.*, he and others were considering a documentary about his "life story" in which he would appear, *see* FAC ¶¶ 65-67.  Ultimately, in January 2023, a documentary produced by Defendant Raw TV was released by Defendant Netflix, Inc. *Id.* ¶ 111; *see also* https://www.netflix.com/watch/81436777.

### E.    This Action

McGillvary filed this action a few weeks after the documentary's release.  *See* ECF No. 1.  He filed the current operative pleading, the First Amended Complaint on May 22, 2023.  ECF No. 18.  A motion for leave to file a Second Amended Complaint, to which all Defendants who have appeared have indicated their non-opposition, was filed on January 30, 2024, and remains pending.  *See* ECF Nos. 115, 122.

In the current complaint, McGillvary claims to have registered four works concerning his interviews with KMPH (the "Interview-Related Works"):

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1.  A dramatic work created during his interview on February 1, 2013 titled "Smash, Smash, SUH-MASH!" (PA 2-398-664). *See* FAC ¶ 8 & Ex. A.

2.  The words spoken during the February 1, 2013 interview, also titled "Smash, Smash, SU-MASH!" (PA 2-398-110). *See* FAC ¶ 8 & Ex. B.

3.  The lyrics and music performed during the February 5, 2013 interview, which he titled "Movement" (SR 953-342). *See* FAC ¶ 12 & Ex. C.

4.  A motion picture work "Movement" which is derivative of the lyrics and music work under the same name (PA 2-396-377). *See* FAC ¶ 13 & Ex. D.[2]

On January 16, 2024, this Court extended KMPH's deadline to respond to the First Amended Complaint to February 16, 2024.  ECF No. 80.

## III.  Argument

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint's allegations "must be enough to raise a right to relief above the speculative level," and the plaintiff must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [plaintiff's claim]." *Twombly*, 550 U.S. at 555-56 (2007).  Among other things, "a plaintiff's obligation to provide the 'grounds ' for his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Abrot v. Mercedes-Benz USA, LLC*, 2023 U.S. Dist. LEXIS 128554, at *3 (C.D. Cal. June 26, 2023) (quoting *Twombly*, 550 U.S. at 555).

---

[2] Plaintiff also claims to own the copyright in various other works.  *See* FAC ¶¶ 138-52.  These works do not involve KMPH.

On a motion to dismiss, a court may consider "only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Though KMPH's interview with Plaintiff and the resulting news broadcasts are not attached to the First Amended Complaint, they are referenced extensively in the First Amended Complaint and form the basis of McGillvary's claim against KMPH. *See* FAC ¶¶ 7-14. They are therefore incorporated by reference. *See Mills v. Netflix, Inc.*, 2020 U.S. Dist. LEXIS 17797, at *4 (C.D. Cal. Feb. 3, 2020) Alternatively, as demonstrated in the attached Request for Judicial Notice, the Court may take judicial notice of these materials. *See Newt v. Twentieth Century Fox Film Corp.*, 2016 U.S. Dist. LEXIS 98308, at **5-7 & n.4 (C.D. Cal. July 27, 2016) (taking judicial notice of allegedly infringed and infringing work on motion to dismiss copyright action); *Campbell v. Walt Disney Co.*, 718 F. Supp. 2d 1108, 1111 n.3 (N.D. Cal. 2010) (same).

In a copyright action, the "works themselves supersede any 'any contrary allegations, conclusions or descriptions of the works contained in the pleadings.'" *Chey v. Pure Flix Entm't LLC*, 2017 U.S. Dist. LEXIS 220228, at *10 (C.D. Cal. Feb. 10, 2017) (quoting *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010)).

## A.    The Only Claims Apparently Pleaded Against KMPH in the First Amended Complaint Fail.

While the First Amended Complaint is not entirely clear on this point, it appears that Plaintiff intends to bring two state law claims against KMPH: (1) a claim for constructive trust, equitable accounting, and disgorgement, and (2) a claim for equitable estoppel. *See* FAC ¶¶ 136-37, 181, 248. These claims for two separate

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

reasons.  Because it is inconsistent with the factual allegations of the complaint, Plaintiff cannot avoid this result by contending that KMPH and he are co-owners.

### 1.    These are not independent causes of action.

As an initial matter, there is no such thing as a cause of action for constructive trust or accounting under California law.  These are remedies, not independent claims for relief.  *See Jordan v. Star Trak Entm't, Inc.*, 2010 U.S. Dist. LEXIS 149295, at *9 (C.D. Cal. May 13, 2010) (rejecting both accounting and constructive trust as independent claims); *Vigdor v. Super Lucky Casino, Inc.*, 2017 U.S. Dist. LEXIS 97681, at **25-26 (N.D. Cal. June 23, 2017) (discussing cases for both propositions).

Similarly, to the extent McGillvary intends to plead a claim for "equitable estoppel," this also is not an independent claim.  Equitable estoppel is a "defensive[] only" mechanism by which one party bars another from contradicting its prior statement or conduct.  *See, e.g.*, *Moncada v. W. Coast Quartz Corp.*, 221 Cal. App. 4th 768, 782 (2013).  As such, it is also not a standalone cause of action under California law.  *Id.*

The Court should accordingly dismiss these counts.

### 2.    The state law claims are preempted by the Copyright Act.

Even if McGillvary could state an independent cause of action for constructive trust, accounting or equitable estoppel—and for the reasons stated above he cannot—these claims would be preempted by the Copyright Act.  A central tenet of U.S. copyright law is that state common law or statutory claims that (1) come within the "subject matter" of a copyright and (2) are "equivalent to" any of the exclusive rights within the general scope of the Copyright Act are preempted. 17 U.S.C. § 301(a); *see also, e.g.*, *Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976-77 (9th Cir. 1987).  McGillvary's claims meet both prongs of this test.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

"[T]he subject matter of copyright encompasses 'original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.'" *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1069 (9th Cir. 2018) (quoting 17 U.S.C. § 102(a)). McGillvary bases his claim on musical, dramatic, choreographic, and motion-picture works, all within the subject matter of the Copyright Act. *See* FAC ¶¶ 8, 12-13; 17 U.S.C. §§ 102(a). Indeed, he contends that he holds a copyright in each of these works and has registered them with the Copyright Office.

Under the second prong, "Section 106 provides a copyright owner with the exclusive rights of reproduction, preparation of derivative works, distribution, and display. To survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights." *Del Madera Props.*, 820 F.2d at 977. Plaintiff alleges that KMPH owes him an accounting "for any use or resulting revenue or appreciation of copyrights" in the works at issue. FAC ¶ 11. While this is somewhat unclear, it appears that McGillvary is seeking any revenue gained by KMPH for exploiting the works without his permission. Claims where Plaintiff alleges that the defendant "used his copyrighted work and then retained profits" are equivalent to rights under copyright law. *Dennis v. Nike, Inc.*, 2022 U.S. Dist. LEXIS 236356, at *8 (C.D. Cal. Nov. 18, 2022); *see Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816, 823 (C.D. Cal. 1997) ("profits created from [a copyrighted work] are the damages sought from the [copyrighted work]'s unauthorized reproduction and distribution and are subsumed within federal copyright law").

The state law claims should be dismissed as preempted.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

### 3. To the extent Plaintiff intended to plead an equitable claim related to unjust enrichment, he has not pleaded allegations consistent with such a claim.

The Ninth Circuit has allowed a limited class of state law claims in this context related to the duty of a "co-owner of a copyright" to "account to other co-owners for any profits he earns from licensing or use of the copyrights." *See Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir. 1984). "[T]he duty to account does not derive from the copyright law's proscription of infringement. Rather, it comes from equitable doctrines relating to unjust enrichment and general principles of law governing the rights of co-owners." *Id.* (internal marks omitted).

The facts as pleaded in the First Amended Complaint are inconsistent with such a claim. First, Plaintiff expressly claims that he is the owner of each of the works at issue, not a co-owner. *See* FAC ¶¶ 8, 10, 12-14, 154-157; *see also id.* ¶ 181. McGillvary contends that KMPH was a mere licensee. *See id.* ¶¶ 10, 14. Second, co-owners have the independent right to use or license the photograph. *Oddo*, 743 F.2d at 633. The premise of Plaintiff's claims against the other Defendants is that only he, and not KMPH, could grant a license for the use of these works.

While a licensee may have a duty to account to his licensor, that exists "only to the extent that the terms of the license requires such an accounting." 1 Nimmer on Copyright § 6.12(C)(3) (2023). Plaintiff does not allege that any license he granted to KMPH required an accounting, and indeed, he contends that KMPH's license "was specifically limited to broadcast on KMPH, for news reporting purposes and not for commercial use." FAC ¶¶ 10, 14.

For each of these reasons, Plaintiff's claims must be dismissed.

### B. McGillvary Has Failed to Plead Sufficient Grounds For Declaratory Relief.

McGillvary also seeks declaratory relief, namely a declaration that he is the sole author of or, in the alternative, a co-author of the four Interview-Related Works.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

— 9 —

FAC ¶¶ 242-44.  The claim for declaratory relief is also legally deficient and should be dismissed.

### 1. McGillvary does not allege sole authorship in the works at issue.

With respect to both interviews, Plaintiff makes a variety of allegations attempting to demonstrate that he is their sole author.  These allegations, which largely consist of legal conclusions as opposed to allegations of fact, are insufficient to adequately support his ownership of any of the copyrights to the works at issue.

### (a) McGillvary is not the author of the performances or the KMPH footage.

The copyright in a work "vests initially in the author or authors of the work." 17 U.S.C. § 201(a).  As a "general rule," "the author is the party who actually creates the work, that is, the person who translates the idea into a fixed tangible expression entitled to copyright protection."  *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989); *see NFL's Sunday Ticket Antitrust Litig. v. DirecTV, LLC*, 933 F.3d 1136, 1154 (9th Cir. 2019) ("[I]n the absence of an agreement otherwise, the person or company that creates the telecast is the 'author' of the telecast for the purposes of copyright law.").  In turn, a copyrightable "work is 'fixed' in a tangible medium of expression" only when it is captured in a copy that is "sufficiently permanent or stable to permit it to be . . . communicated for a period of more than transitory duration."  17 U.S.C. § 101.

The FAC itself acknowledges that it was KMPH, not McGillvary, who fixed all the alleged works in tangible form.  McGillvary alleges that KMPH employees "stopped" him as he was leaving the scene of the incident, and "recorded him" using KMPH controlled- and operated-equipment.  *See* FAC ¶¶ 1, 7, 12.  It was KMPH, not McGillvary, who controlled the completed footage at the conclusion of those interviews.  *See id.* ¶¶ 9, 13.  And, it was KMPH, not McGillvary, who published the completed footage in its news broadcast.  *See id.* ¶¶ 10, 14.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

— 10 —

Plaintiff was thus only an interview *subject*. He played no role in what is relevant to ownership of a copyright, the *fixation* of the works. He accordingly cannot be the author of any of them, much less in the footage that KMPH exclusively controlled. *See Garcia v. Google, Inc.*, 786 F.3d 733, 744 (9th Cir. 2015) (en banc) (rejecting claim that actress was author of work where film crew "fixed [her] performance in the tangible medium"); *see also LMNO Cable Grp. v. Discovery Commc'ns*, 2018 U.S. Dist. LEXIS 236321, at *13 (C.D. Cal. Jan. 11, 2018) (finding that stars of reality television program were not responsible for fixing program into tangible expression).

For this reason alone, McGillvary fails to allege ownership in the KMPH footage.

### (b)    McGillvary does not adequately allege "control" over the performances or KMPH footage.

Even if McGillvary were to contend that the *fixation* of the works was done at his direction, which the FAC does not allege, he still has not plausibly alleged that he is an author of them for copyright purposes. An author is "the person to whom the work owes its origin and who superintended the whole work, the 'master mind.'" *Aalmuhammed v. Lee*, 202 F.3d 1227, 1233 (9th Cir. 2000). He or she "'superintends' the work by exercising control," and this "will likely be a person 'who has actually formed the picture by putting the persons in position, and arranging the place where the people are to be—the man who is the effective cause of that,' or 'the inventive or master mind' who 'creates, or gives effect to the idea.'" *Id.* at 1234. This is true even if others make important creative contributions. *Id.* at 1233.

McGillvary mirrors this language in this complaint, *see* FAC ¶ 8 (stating, with respect to the February 1 interview, that he "had superintendence over the work," "put[] the persons in position and arrang[ed] the place where people would be," and was the "inventive mastermind"); *see also id.* ¶ 12 (similar allegations regarding

— 11 —

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

February 5 interview).  However, these are bare legal conclusions, "not entitled to the assumption of truth."  *Ashcroft*, 556 U.S. at 579.

To the extent there are plausible allegations of relevant fact in the First Amended Complaint, they reveal a lesser role for McGillvary.  He concedes that the February 1 interview occurred after he was "approached by" KMPH employees and that they "elicited a dramatic performance from Plaintiff . . . in which Plaintiff described, among other things, the events of February 1."  FAC ¶ 7.  Similarly, he alleges that the February 5 interview occurred after a KMPH employee "contacted Plaintiff and asked him to meet with him."  *Id.* ¶ 12.  In other words, in both instances, and as he admits, McGillvary was approached by Sinclair's reporter and answered a series of questions posed to him.  The interview videos themselves show the same.  *See* Cate Decl., Exs. 1-4.

Meanwhile, McGillvary does not allege that he ever expressed any intention to KMPH that he intended to control any "performance" or the station's footage capturing it.  Instead, he alleges that he expected compensation for his performance.  FAC ¶ 9.  Critically, however, he does not allege that he relayed that expectation to KMPH, and he admits that he was never paid by KMPH and that he never entered into any sort of "contract or agreement."  *Id.* ¶ 10.

The allegations in First Amended Complaint thus paint only one picture: McGillvary was an interview *subject*, not an *author* of any performance.

A court rejected virtually identical claims in *Taggart v. WMAQ Channel 5 Chicago*, 2000 U.S. Dist. LEXIS 19499 (S.D. Ill. Oct. 30, 2000).  There, the plaintiff claimed a copyright to his "performance" in an interview he consented to give a local television.  *Id.* at *7.  The district court dismissed the claim, reasoning that even if the plaintiff's comments were "diverse, distinctive, aberrant, eccentric, odd or bizarre . . . those expressions simply do not rise to the level of a literary or intellectual creation that enjoys the protection of copyright law."  *Id.* at *16.  Moreover, the court reasoned that the plaintiff's "comments during the interview

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

were unprepared and spontaneous responses," and the interview proceeded in a "question and answer format, where banter and informal exchanges are likely to occur." *Id*.

Indeed, as the *Taggart* court recognized, if copyright "afford[ed] such protection to materials gathered in the daily task of the news reporter," it "would essentially bring the industry to a halt." *Id.* Other courts have rightly agreed with that result. *See, e.g.*, *Falwell v. Penthouse Int'l, Ltd.*, 521 F. Supp. 1204, 1208 (W.D. Va. 1981) (finding, with respect to common-law copyright claim, that "Plaintiff cannot seriously contend that each of his responses in the published interview setting forth his ideas and opinions is a product of his intellectual labors which should be recognized as a literary or even intellectual creation"); *Current Audio v. RCA Corp.*, 71 Misc. 2d 831, 834-35 (N.Y. Sup. Ct., N.Y. Cnty. 1972) (finding, with respect to common law claim, that to hold "that one who has freely and willingly participated in a public press conference has some property right which supersedes the right of its free dissemination and permits such party to control or limit its distribution would constitute an impermissible restraint upon the free dissemination of thoughts, ideas, newsworthy events, and matters of public interest").

Accordingly, the First Amended Complaint fails as a matter of law to allege that McGillvary has a copyright in the "performances" captured in the KMPH Footage.

### 2. McGillvary does not allege any basis for declaring that any of the works are "joint works" in which he may claim co-ownership.

In his plea for declaratory relief, McGillvary seeks "in the alternative," a declaration that he is a "co-author of the motion picture works" constituting the February 1 and February 5 interview. FAC ¶ 243. Here, however, he fails to state a claim upon which relief may be granted because he fails to allege that he created any "joint work" with KMPH.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

In particular, "a person claiming to be an author of a joint work must prove that both parties intended each other to be joint authors." *Aalmuhammed*, 202 F.3d at 1234; *see also* 17 U.S.C. 101 ("A 'joint work' is a work prepared by two or more authors *with the intention* that their contributions be merged into inseparable or interdependent parts of a unitary whole."); *Ford v. Ray*, 130 F. Supp. 3d 1358, 1363 (W.D. Wash. 2015) (dismissing co-authorship claim where "Plaintiff has not alleged that the parties shared a mutual intent that they be co-authors, nor has he identified any objective manifestations of such an intent"). McGillvary has claimed the exact opposite of co-authorship in the works at issue, insisting (incorrectly) that he intended to create the works and retain sole ownership of the copyrights to them. FAC ¶¶ 7, 12. Crediting those allegations as true, they necessarily defeat any claim that he co-owns with KMPH the copyright to the works.

In addition, the premise of McGillvary's infringement claims against the other defendants in this case is that he "expressly prohibit any use of his copyright-protected works," including the KMPH footage. *See* FAC ¶¶ 154-56, 163. As discussed above, a co-author has the ability to exploit a work and grant licenses. If KMPH and McGillvary were co-authors of the works, he would have no ability to dispute KMPH's licensure of them.

## IV. Conclusion

For the foregoing reasons, the Court should dismiss the First Amended Complaint against KMPH.

*[signature block on next page]*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Dated: February 16, 2024

**BALLARD SPAHR LLP**

By: */s/ Matthew S.L. Cate*
     Elizabeth L. Schilken
      schilkene@ballardspahr.com
     2029 Century Park East, Suite 1400
     Los Angeles, CA  90067-2915
     Tel: 424.204.4400 / Fax: 424.204.4350

     Chad R. Bowman (*pro hac vice*)
      bowmanchad@ballardspahr.com
     Matthew S.L. Cate (SBN 295546)
      catem@ballardspahr.com
     1909 K Street, NW, 12th Floor
     Washington, DC 20006-1157
     Tel: 202.661.2200 / Fax: 202.661.2299

     Thomas B. Sullivan (*pro hac vice*)
      sullivant@ballardspahr.com
     1675 Broadway, 19th Floor
     New York, NY 10019
     Tel: 212.850.6139 / Fax: 212.223.1942

     *Attorneys for Defendant*
     *Sinclair Television of Fresno, LLC*

**Certificate of Compliance**

The undersigned, counsel of record for Defendant Sinclair Television of Fresno, LLC, certifies that the foregoing Memorandum of Points and Authorities contains 4,439 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 16, 2024

     */s/ Matthew S.L. Cate*
     Matthew S.L. Cate

# PROOF OF SERVICE

I am a resident of the State of California, over the age of 18 years, and not a party to this action. My business address is Ballard Spahr LLP, 1909 K Street, NW, 12th Floor, Washington, D.C., 20006-1157.

On February 16, 2024, I electronically filed the foregoing **Defendant Sinclair Television of Fresno, LLC's Notice of Motion and Motion to Dismiss Plaintiff's Second Amended Complaint and accompanying Memorandum of Points and Authorities** with the Court through its CM/ECF system, which will provide notice to counsel of record in this case, and I caused the same to be served via U.S. Mail to:

        Caleb L. McGillvary
        #1222665/SBI #102317G
        New Jersey State Prison
        P.O. Box 861
        Trenton, NJ 08625

Dated: February 16, 2024            */s/ Matthew S.L. Cate*
                                    Matthew S.L. Cate

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400