

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CALEB L. MCGILLVARY, an individual

Plaintiff,

vs.

NETFLIX, INC., et al.

Defendants.

Case No. 2:23-cv-01195-JLS-SK

**[PROPOSED] ORDER GRANTING DEFENDANT NETFLIX, INC.'S SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Netflix, Inc. ("Netflix") filed a Special Motion to Strike plaintiff Caleb "Kai" McGillvary's ("Plaintiff") First Amended Complaint pursuant to California's anti-SLAPP statute, C.C.P. § 425.16. Having reviewed and considered the motion and all other papers and argument, and good cause appearing, the Motion is **GRANTED**.

The Court finds the following:

1. Netflix has established that Plaintiff's claims against Netflix for defamation, false light, right of publicity, intentional infliction of emotional distress, and public disclosure of private facts are subject to a special motion to strike under C.C.P. § 425.16 because the claims arise out of statements made in a public forum and in connection with an issue of public interest; and

2. Plaintiff has not met his burden of establishing a probability of prevailing on the merits of each of his claims, as he has not plausibly alleged his claims. The Court specifically holds the following:

   a. Plaintiff's defamation claim fails because Plaintiff is libel proof. *Wynberg v. Nat'l Enquirer*, 564 F. Supp. 924, 928 (C.D. Cal. 1982); *Wynn v. Chanos*, 75 F. Supp. 3d 1228, 1239-40 (N.D. Cal. 2014). Plaintiff is also a public figure and fails to plead actual malice. *N.Y. Times v. Sullivan*, 376 U.S. 254, 279-280 (1964). Finally, each allegedly defamatory statement is protected. *See Partington v. Bugliosi*, 56 F.3d 1147, 1156-57 (9th Cir. 1995).

   b. Plaintiff's right of publicity claim fails because the documentary *The Hatchet Wielding Hitchhiker*'s (the "Documentary") use of Plaintiff's name and likeness is protected by the First Amendment and because C.C.P. § 3344 expressly exempts works like the Documentary. *See, e.g.*, *Sarver v. Chartier*, 813 F.3d 891, 903 (9th Cir. 2016); *Daly v. Viacom*, 238 F. Supp. 2d 1118, 1123 (N.D. Cal.

2002); *de Havilland v. FX Networks*, 21 Cal. App. 5th 845, 857-59 (2018).

c. Plaintiff's false light and intentional infliction of emotional distress claims fail because they are duplicative of his defamation and right of publicity claims. *Sharij v. Vujicic*, 2022 WL 1843151, at *6 (C.D. Cal. Jan. 19, 2022) (quoting *Eisenberg v. Alameda Newspapers*, 74 Cal. App. 4th 1359, 1385 n.13 (1999)); *Sarver v. Hurt Locker*, 2011 WL 11574477, at *11 (C.D. Cal. Oct. 13, 2011).

d. Plaintiff's public disclosure of private facts claim fails because Plaintiff fails to identify any private fact disclosed by the Documentary. *See Moreno v. Hanford Sentinel*, 172 Cal. App 4th 1125, 1130 (2009).

Accordingly, the Court **ORDERS** that Plaintiff's claims against Netflix for defamation, false light, right of publicity, intentional infliction of emotional distress, and public disclosure of private facts are **STRICKEN WITH PREJUDICE**.

Pursuant to C.C.P. § 425.16(c), the Court further **ORDERS** Plaintiff to pay Netflix's attorneys' fees in connection with this Motion, in an amount to be determined by subsequent motion filed within fourteen days of this order.

**IT IS SO ORDERED.**

DATED: ______________ By:________________________________

Josephine L. Staton
United States District Judge