# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB L. MCGILLVARY, an individual<br><br>            Plaintiff,<br><br>    vs.<br><br>NETFLIX, INC., et al.<br><br>            Defendants. | Case No. 2:23-cv-01195-JLS-SK<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT NETFLIX, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant Netflix, Inc. ("Netflix") filed a motion to dismiss plaintiff Caleb "Kai" McGillvary's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Having reviewed and considered the motion and all other papers and argument, the motion is **GRANTED**.

Plaintiff fails to state a claim for each of the claims he alleges in the FAC. The Court specifically holds the following:

1. Plaintiff's defamation claim fails because Plaintiff is libel proof. *Wynberg v. Nat'l Enquirer*, 564 F. Supp. 924, 928 (C.D. Cal. 1982); *Wynn v. Chanos*, 75 F. Supp. 3d 1228, 1239-40 (N.D. Cal. 2014). Plaintiff is also a public figure and fails to plead actual malice. *N.Y. Times v. Sullivan*, 376 U.S. 254, 279-280 (1964). Finally, each allegedly defamatory statement is protected. *See Partington v. Bugliosi*, 56 F.3d 1147, 1156-57 (9th Cir. 1995).

2. Plaintiff's right of publicity claim fails because the documentary *The Hatchet Wielding Hitchhiker*'s (the "Documentary") use of Plaintiff's name and likeness is protected by the First Amendment and because C.C.P. § 3344 expressly exempts works like the Documentary. *See, e.g.*, *Sarver v. Chartier*, 813 F.3d 891, 903 (9th Cir. 2016); *Daly v. Viacom*, 238 F. Supp. 2d 1118, 1123 (N.D. Cal. 2002); *de Havilland v. FX Networks*, 21 Cal. App. 5th 845, 857-59 (2018).

3. Plaintiff's false light and intentional infliction of emotional distress claims fail because they are duplicative of his defamation and right of publicity claims. *Sharij v. Vujicic*, 2022 WL 1843151, at *6 (C.D. Cal. Jan. 19, 2022) (quoting *Eisenberg v. Alameda Newspapers*, 74 Cal. App. 4th 1359, 1385 n.13 (1999)); *Sarver v. Hurt Locker*, 2011 WL 11574477, at *11 (C.D. Cal. Oct. 13, 2011).

4. Plaintiff's public disclosure of private facts claim fails because Plaintiff fails to identify any private fact disclosed by the Documentary. *See Moreno v. Hanford Sentinel*, 172 Cal. App 4th 1125, 1130 (2009).

5. Plaintiff's trademark claim fails because it cannot satisfy the test established by *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989) for trademark use in expressive works and thus is protected under the First Amendment, and also because there is no plausible confusion.

6. Plaintiff's copyright claims fail because Plaintiff fails to allege registration of various allegedly infringed works, because he fails to allege ownership over others, and because all alleged uses of registered works are protected by the fair-use doctrine. *See Fourth Estate Public Benefit Corp. v. Wall-Street.com*, 139 S. Ct. 881, 886 (2019); *SOFA Entertainment v. Dodger Prods.*, 709 F.3d 1273, 1280 (9th Cir. 2013).

7. Plaintiff's fraud, breach of confidence, breach of implied contract, and quantum meruit are preempted by the Copyright Act and further fail because they rely on threadbare, conclusory allegations. *See* 17 U.S.C. § 301(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

8. Plaintiff's claims for intentional interference with contractual relations, intentional interference with prospective economic advantage, and RICO fail because Plaintiff declined the contract at the heart of these claims and because he cannot show a "pattern of racketeering activity." *See Holloway v. Clackamas River Water*, 739 F. App'x 868, 869 (9th Cir. 2018).

9. Plaintiff's Sherman Act claim fails because Plaintiff does not articulate any manipulated market, unreasonable restraint of trade, or other antitrust injury. *See Hicks v. PGA Tour*, 897 F.3d 1109, 1120 (9th Cir. 2018); *Roe v. State Bar of California*, 2023 WL 6194088, at *7-8 (C.D. Cal. Apr. 3, 2023); 15 U.S.C. § 1.

Accordingly, the Court **ORDERS** that Plaintiff's First Amended Complaint is **DISMISSED WITH PREJUDICE** as to defendant Netflix, Inc.

**IT IS SO ORDERED.**

DATED: _____       By:_____
       Josephine L. Staton
       United States District Judge