Joel M. Tantalo, SBN 206096
   email: jtantalo@ta-llp.com
Michael S. Adler, SBN 190119
   email: madler@ta-llp.com
**TANTALO & ADLER LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326
Phone: (310) 734-8695
Fax:    (310) 734-8696

Attorneys for defendant Brad Mulcahy

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALEB L. MCGILLVARY**,<br><br>                    Plaintiff,<br><br>vs.<br><br>**NETFLIX, INC.**, *et al*,<br><br>                    Defendants. | CASE NO. 2:23-CV-01195-JLS-SK<br>Before The Honorable Josephine L. Staton<br><br>**BRAD MULCAHY'S NOTICE OF MOTION & MOTION TO DISMISS BY JOINDER**<br><br>[FRCP 12(b)(6)]<br><br>Date:        April 5, 2024<br>Time:       10:30 a.m.<br>Courtroom:  8A |

**NOTICE OF MOTION, MOTION & JOINDER**

**TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on **April 5, 2024**, at **10:30 a.m.** or as soon as may be heard in **Courtroom 8A** of the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Los Angeles, California 90021, defendant Brad Mulcahy will and hereby does move this Honorable Court for an Order **DISMISSING** the putative claims asserted against him in the First Amended Complaint filed by *pro se* plaintiff Caleb L. McGillvary, by joinder in the motions to dismiss filed by Netflix, Inc. [DKT #132], Sinclair Television of Fresno, LLC [DKT #126], Lisa Samsky and Jensen Rufe [DKT #127], and Fulton 55, LLC and Tony Martin [DKT #147] (the "**Co-Defendants' Motions**").[1]

Plaintiff's allegations against Mulcahy fall into two categories. The vast majority of his allegations concern Mulcahy's appearance on the *Jimmy Kimmel Live!* television program in February 2013 – more than 10 years before he filed this action. [FAC ¶¶ 16-33] The remainder focus on Plaintiff's allegation that Mulcahy gave the producers of Netflix's *The Hatchet Wielding Hitchhiker* film in September 2021 and Mulcahy's brief appearance in that film. [FAC ¶¶ 93, 110]

For the convenience of the Court and in the interests of judicial economy, this motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the same grounds as set forth in the Co-Defendants' Motions, each of which Mulcahy joins, adopts, and incorporates herein by reference to the extent they similarly apply to him. In particular, to the extent Plaintiff's FAC purports to assert any such claims against Mulcahy (and the incomprehensible FAC makes it difficult to determine which claims he asserts against Mulcahy), it fails to state such causes of action against Mulchay for the following reasons:

---

[1] Co-Defendants' Motions are set for hearing on March 29, 2024. However, because Plaintiff is incarcerated and must be served by mail, Local Rule 6.1 arguably required 31 days' notice of this motion by joinder to Plaintiff.

1. Plaintiff—a convicted murderer—fails to state a cause of action for defamation because he is libel proof, because he fails to plead actual malice, and because each allegedly defamatory statement is protected. Plaintiff's false light claim is duplicative and fails for the same reasons.

2. Plaintiff fails to state a claim for violation of his right of publicity because the alleged use of Plaintiff's name and likeness is protected by the First Amendment and because California Code of Civil Procedure Section 3344(d) expressly exempts the works about which he complains. Plaintiff's putative intentional infliction of emotional distress is duplicative of his defamation and right of publicity claims and fails for the same reasons. In addition, the intentional infliction of emotional distress claim fails as a matter of law because his allegations are not sufficiently egregious (and are entirely conclusory).

3. Plaintiff fails to state a claim for public disclosure of private facts claim fails because he fails to identify any private fact disclosed.

4. Plaintiff fails to state a claim under the Lanham Act claim because he does not and cannot satisfy the *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989) test for trademark use in expressive works; an use of his name and likeness is protected under the First Amendment and, regardless, there is no plausible confusion.

5. Plaintiff fails to state a claim under the Copyright Act claims fail because he does not allege registration of allegedly infringed works, he fails to plausibly allege creation or ownership over others, and because, regardless, all alleged uses of registered works are protected by the fair use doctrine.

6. Plaintiff's putative claims for fraud, breach of confidence, breach of implied contract, and quantum meruit are preempted by the Copyright Act and fail for those reasons. They also fail because they are based on threadbare, conclusory allegations, and implausible allegations, and the fraud claim does not satisfy Rule 11's specificity requirements.

7. Plaintiff fails to state a claim for intentional interference with contractual

relations, intentional interference with prospective economic advantage, and federal RICO claim fails because he does not allege and cannot plausibly allege any relationships or opportunities impacted, nor does he allege with the requisite degree of specificity any "racketeering activity" within the meaning of the RICO statute (much less a "pattern of racketeering activity.")

    8. Plaintiff fails to state an antitrust claim under the Sherman Act claim fails because he does not articulate any manipulated market, unreasonable restraint of trade, or other antitrust injury.

    9. Plaintiff does not state claims for agency, constructive trust, accounting, or equitable estoppel because they are not recognized causes of action.

  In addition to the grounds set forth in the Co-Defendants Motions, which alone require dismissal, like the Fulton 55 and Tony Martin motion to dismiss [DKT #147] to the extent Plaintiff's putative claims arise out of his February 2013 appearance on the *Jimmy Kimmel Live!* television episode [FAC ¶¶ 16-33], all such claims are barred by the applicable statutes of limitation and/or laches on the face of the FAC. Cal. Civ. Proc. Code § 340(c) (one year for defamation and false light); § 335.1 (two years for right of publicity, intentional infliction of emotional distress, and public disclosure of private facts); § 339(1) (two years for breach of confidence, breach of implied contract, and quantum meruit); § 338 (three years for fraud); 17 USCA § 507 (three years for Copyright Act claims); 15 USCA § 15(b) (four years for Sherman Act and RICO claims) (see *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987); *Pinkette Clothing, Inc. v. Cosm. Warriors Ltd.*, 894 F.3d 1015, 1025 (9th Cir. 2018 (applying analogous four-year statute of limitations under California's unfair competition statute to Lanham Act claim).

  This motion to dismiss is based on this Notice of Motion and Motion by Joinder, the Co-Defendants' Motions (which Mulcahy joins, adopts, and incorporates to the extent such defenses similarly apply to him), the pleadings, files, and records in this action, any and all matters of which this Court may take judicial notice, and on any argument heard by this Court.

1 | This motion is exempt from any Local Rule 7-3 conference of counsel, as the plaintiff is incarcerated, appearing *pro se*, and not an attorney. L.R. 7-3, 12-12(c).

DATED:     February 28, 2024        **TANTALO & ADLER LLP**

/s/  Joel M. Tantalo
_____
Joel M. Tantalo
Attorneys for defendant Brad Mulcahy

# PROOF OF SERVICE

I am over eighteen years of age and not a party to this action. My business address is Tantalo & Adler LLP, 1801 Century Park East, Suite 2400, Los Angeles, CA 90067-2326. I am readily familiar with Tantalo & Adler LLP's practice for collection and processing of correspondence for U.S. Mail/fax/hand delivery/next business day delivery, and they are deposited that same day in the ordinary course of business. February 28, 2024, I served the attached document on the parties or their counsel listed below or on the attached Service List, by the methods checked:

☒ **E-SERVICE TO ALL ECF USERS**: The relevant firm ECF user caused the attached document or document(s) listed above to be served electronically.

☐ ELECTRONIC MAIL: I caused the attached document or document(s) listed above to be emailed in PDF format to those listed herein or on the attached Service List at the email addresses stated thereon.

☐ PERSONAL SERVICE: I electronically transmitted or provided a true and correct copy of the attached document or document(s) in a sealed envelope(s) to a professional messenger service for personal service at the address(es) set forth herein or on the attached Service List.

☐ OVERNIGHT DELIVERY: I caused a true and correct copy of attached document or document(s) listed above to be deposited in a in a sealed envelope(s) and placed into a facility regularly maintained by the overnight service carrier or delivered to a courier or driver authorized to receive documents on its behalf; with all fees prepaid or provided for, at the address(es) set forth herein or on the attached Service List.

☒ **MAIL TO *PRO SE* PLAINTIFF ONLY**: I caused a true and correct copy of the attached document or documents(s) listed above to be placed in the United States Mail in Los Angeles, California in a sealed envelope(s) with postage prepaid, addressed as set forth herein or on the attached Service List. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

I certify under penalty of perjury of the laws of the State of California and the United States of America that the foregoing is true and correct, that the foregoing document(s), and all copies made from same, were printed on recycled paper, and that this declaration was executed by me on February 28, 2024, in Los Angeles, California.

/s/ Rebecca Parks
Rebecca Parks

**SERVICE LIST**
*McGillvary v. Netflix*
USDC CD Cal. Case No. 2:23-CV-01195-JLS-SK

**Caleb L. McGillvary**                                    *Pro Se* Incarcerated Plaintiff
SBI 000102317G
New Jersey State Prison
P.O. Box 861
Trenton NJ 08625
Tel:   N/A
Fax:   N/A

2
PROOF OF SERVICE