H. MARC RUPP (SBN198871)
marc@hmrupp.com
HOWARD M. RUPP, APLC
615 North Paulina Avenue
Redondo Beach, CA 90277
T: (310) 903-8497 | F: (310) 733-5663

CAMERON STRACHER (*pro hac vice*)
cam@stracherlaw.com
SARA TESORIERO (*pro hac vice*)
sara@stracherlaw.com
CAMERON STRACHER, PLLC
51 Astor Place, 9th Floor
New York, NY  10003
T: (646) 992-3850 | F: (646) 992-4241

Attorneys for Defendants
LISA SAMSKY and
JENSEN RUFE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CALEB MCGILLVARY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NETFLIX, BUNIM-MURRAY PRODUCTIONS, JIMMY KIMMEL LIVE!, KMPH FOX NEWS, EBAUMSWORLD, FULTON 55, RAWTV, COLETTE CAMDEN, BRAD MULCAHY, ALEX AGUIRRE, CARTER HARRIS, JEFF STRIKER, GABRIEL SANCHEZ, TONY MARTIN, LISA SAMSKY, JENSEN RUFE, SALLE BRINDLE, ROB MILLER, JOHN DOE 1-5,<br><br>　　　　　Defendants. | Case No. 2:23-CV-01195-JLS-SK<br><br>**LISA SAMSKY'S AND JENSEN RUFE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:　　May 10, 2024<br>Time:　　10:30 a.m.<br>Dept:　　Courtroom 8A |

## SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to this Court's order entered on February 28, 2024 (the "Order") (Doc. 153), Defendants Lisa Samsky and Jensen Rufe hereby direct their Motion

to Dismiss Plaintiff's First Amended Complaint (Doc. 127) ("Mem.") to Plaintiff's Second Amended Complaint ("SAC"), and submit this Supplemental Memorandum of Law in further support of that motion and to address the material changes alleged against them in the SAC.

### I.  SUPPLEMENTAL ARGUMENT

#### A.  PLAINTIFF'S CLAIM FOR "CONSPIRACY" IS NOT A CAUSE OF ACTION.

In his SAC, Plaintiff adds a claim for "conspiracy" (Count Six) against the "Defendants named in [paragraphs] 57–97," SAC ¶ 139, which include Rufe. *Id.* ¶ 84. Under California law, however, conspiracy is not a cause of action. *See Fleites v. MindGeek S.A.R.L.*, 617 F. Supp. 3d 1146, 1167 (C.D. Cal. 2022) (dismissing conspiracy claim where Plaintiff either "mistakenly pled civil conspiracy as a standalone tort" or failed "to make clear which tort causes of action [defendant] allegedly conspired to commit"); *Applied Equip. v. Litton Saudia Arabia*, 7 Cal. 4th 503, 510–11 (Cal. 1994) ("Conspiracy is not a cause of action . . . . Standing alone, a conspiracy does no harm and engenders no tort liability."). Thus, Count Six of the SAC should be dismissed with prejudice.

#### B.  PLAINTIFF HAS NOT PLEADED AN AGENCY RELATIONSHIP BETWEEN RUFE AND RAWTV.

Plaintiff also appears to assert that Rufe is an agent of defendant RawTV and jointly liable for his claims against RawTV. SAC ¶¶ 112–15. But the only facts Plaintiff pleads in support of his agency theory is that Rufe allegedly received "consideration from RAWTV to perform acts of creating works for hire in the form of interviews in motion pictures." *Id.* ¶ 112. In order to establish an agency relationship a plaintiff must allege: "(1) that the agent or apparent agent holds the power to alter legal relations between the principal and third persons and between the principal and himself; (2) that the agent is a fiduciary with respect to matters within the scope of the agency; and (3) that the principal has the right to control the

conduct of the agent with respect to matters entrusted to him." *Kreiser v. Asset Mgmt. Grp., Inc.*, 2021 WL 3579414, at *3 (C.D. Cal. Apr. 23, 2021). Here, the SAC offers no facts in support of any of these elements. Therefore, Plaintiff has not plausibly pleaded an agency relationship between Rufe and RawTV.[1]

### C. THE SAC DOES NOT CURE PLAINTIFF'S FAILURE TO PLEAD A CLAIM FOR VIOLATION OF THE RICO STATUTE.

Plaintiff's claims against Samsky and Rufe in the SAC for violation of RICO (Count Forty-Nine and Count Fifty) are substantially similar to the claims in his FAC and should be dismissed for the same reasons set forth in Samsky and Rufe's Motion to Dismiss. Mem. 8–13. To the extent the SAC asserts that Samsky's and Rufe's alleged misrepresentation about their connection to Jimmy Kimmel constitutes wire fraud, which serves as a RICO predicate act, Plaintiff's claim should still be dismissed. *See* SAC ¶¶ 351, 354–57, 369, 372–75. A RICO claim predicated on wire fraud must satisfy the Rule 9(b) heightened pleading requirements. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989); *Rosen v. Duel*, 2023 WL 7475733, at *3 (C.D. Cal. Mar. 21, 2023). As Samsky and Rufe have already demonstrated, Plaintiff has failed to satisfy these pleading standards for his fraud claim. Mem. 5–6. Plaintiff also fails to plead facts demonstrating that the alleged wire fraud was the proximate cause of any alleged harm, which is independently fatal to his RICO claim. *See Rosen*, 2023 WL 7475733 at *4–5 (dismissing RICO claim with prejudice where the allegations underlying plaintiff's wire fraud claim were "too far attenuated" from the alleged

---

[1] There is also no merit to Plaintiff's assertion that Delaware law should apply to his defamation claim against Rufe "[p]ursuant to Cal. Corp. Code 17450(a), or in the alternative, Cal. Corp. Code 11708.01(a)." Section 17450(a) has been repealed, *see* Stats. 2012, c. 419 (S.B.323), § 19, and section "11708.01" is non-existent. To the extent Plaintiff intended to cite to section 17708.01, that section merely sets forth the governing law for the internal affairs and member liability of a limited liability corporation.

issues that ultimately harmed plaintiff). Thus, Plaintiff's RICO claim should be dismissed with prejudice.

## II.  CONCLUSION

For all the foregoing reasons, and the reasons set forth in their Motion to Dismiss Plaintiff's First Amended Complaint, Samsky and Rufe respectfully request that the Court grant their motion to dismiss the SAC with prejudice, enter judgment in their favor and against Plaintiff, and afford to them such other and further relief as the Court may deem just and proper.

Dated:  March 4, 2024                              Respectfully submitted,

HOWARD M. RUPP, APLC

By:  */s/ H. Marc Rupp*
Howard M. Rupp


CAMERON STRACHER, PLLC

By*:  /s/ Cameron Stracher*
Cameron Stracher (*pro hac vice*)

Attorneys for Defendants
LISA SAMSKY and JENSEN RUFE

# CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2024, a true copy of the foregoing was served on Plaintiff via U.S. Mail to the address provided in his pleadings:

> Caleb L. McGillvary
> #1222655/SBI#102317G
> New Jersey State Prison
> P.O. Box 861
> Trenton, NJ 08625

I further certify that I caused a true copy of the foregoing to be served on all defendants' counsel of record via ECF.

By: */s/ H. Marc Rupp*
Howard M. Rupp