Elizabeth L. Schilken (SBN 241231)
  schilkene@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Tel: 424.204.4400 / Fax: 424.204.4350

[*Additional Counsel on Signature Page*]

*Attorneys for Defendant Sinclair Television of Fresno, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>    Plaintiff,<br><br>  v.<br><br>NETFLIX, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-01195-JLS-SK<br><br>Hon. Josephine L. Staton<br><br>**Defendant Sinclair Television of Fresno, LLC's Opposition to Plaintiff's Motion to Add Party**<br><br>Hearing Date:    none set<br>Hearing Time:    none set |

Defendant Sinclair Television of Fresno, LLC, incorrectly sued as KMPH Fox News ("KMPH") respectfully submits this memorandum of points and authorities in opposition to Plaintiff's motion to add Sinclair Television Group, Inc., Sinclair Broadcast Group, LLC, and Sinclair, Inc. as additional defendants in this action.

## BACKGROUND

Plaintiff Caleb L. McGillvary has moved pursuant to Federal Rule of Civil Procedure 21 to add Sinclair Television Group, Inc., Sinclair Broadcast Group, LLC, and Sinclair, Inc. (collectively, the "Sinclair Parent Entities") as defendants in

this action, along with another company, VIUMBE LLC, that is related to a different current defendant. *See* ECF 140 ("Mot.") ¶ 2.[1]  Plaintiff contends that the Sinclair Parent Entities "are liable" to him because they "are alter egos of Sinclair Television of Fresno, LLC" and that the "claims to be asserted against" these entities "arise out of the same transactions, occurrences, or series of transactions and occurrences as are presently before the court, and these claims will raise common issues of law or fact." *Id.* ¶¶ 2, 3.

Plaintiff filed the motion on February 20, 2024, but did not set a hearing date.

## ARGUMENT

A court may add a party to a case "on just terms." Fed. R. Civ. P. 21. Notably, a "district court's discretion to permit substitutions or additions of parties is not a requirement that it do so." *Mendoza v. Nordstrom, Inc.*, 865 F.3d 1261, 1266 (9th Cir. 2017). "Courts consider requests to add or withdraw a party pursuant to Rule 21 under the same standard that applies to requests to amend a complaint under Rule 15." *In re Snap Inc. Sec. Litig.*, 394 F. Supp. 3d 1156, 1157 (C.D. Cal. 2019). "In determining whether leave to amend is appropriate, the district court considers the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1161 (9th Cir. 2021); *see Defrees v. Kirkland*, 2015 WL 13916204, at *2 (C.D. Cal. Feb. 11, 2015) (analyzing these four factors in context of motion to add parties brought under Rules 15 and 21).

"Futility alone can justify a court's refusal to grant leave to amend." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). "A proposed amendment is futile if no set of facts can be proved under the amendment that would constitute a valid claim or defense." *Hartwich v. Kroger Co.*, 2021 WL 4519019, at *7 (C.D.

---

[1] KMPH takes no position on the motion to add VIUMBE LLC as a defendant.

Cal. Sept. 20, 2021) (cleaned up).  Here, an amendment to add the Sinclair Parent Entities as defendants would be futile for at least two separate reasons.

***First***, as discussed in KMPH's pending motion to dismiss, Plaintiff has failed to state any claim.  *See* ECF No. 126.  As argued in that brief, the claims Plaintiff asserts do not exist as independent causes of action under California law, if they did exist they would be preempted by the Copyright Act, and he has pleaded himself out of a possible claim for an equitable accounting against a co-owner of a copyright by repeatedly alleging that he is the only owner of the works at issue.  *Id.* at 7-9.  He has also failed to adequately plead any claim for declaratory relief.  *Id.* at 10-14.  As is apparent from his motion, Plaintiff intends to assert the same claims against the Sinclair Parent Entities.  *See* Mot. ¶ 3 (stating that the claims against the KMPH Parents "will raise common questions of law and fact").  Any attempt to do so would fail for the same reasons.

***Second***, Plaintiff has failed to adequately allege that alter ego liability should apply here.  As this Court has recognized, "[a]lter ego liability exists to hold accountable those who misuse the corporate form to carry out wrongdoing." *US Airline Servs., LLC v. Elec. Com., LLC*, 2022 WL 19914520, at *4 (C.D. Cal. Dec. 9, 2022) (cleaned up).  It applies only in "narrowly defined circumstances and only when the ends of justice so require."  *Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015) (cleaned up).  "Before the doctrine may be invoked, two elements must be alleged: 'First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist.  Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone.'" *Neilson v. Union Bank of Calif*, 290 F. Supp. 2d 1101, 1115 (C.D. Cal. 2003) (quoting *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 526 (2000)).

Here, Plaintiff alleges only that the Sinclair Parent Entities are "alter egos" of KMPH.  *See* Mot. ¶ 2.  As this Court has noted, "[c]onclusory allegations of 'alter ego' status are insufficient to state a claim." *US Airline Servs.*, 2022 WL 19914520, at *5 (cleaned up).  Rather, "a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Id.*  "If a plaintiff fails to tell the story about what happened, when, and how and instead provides legalese and formulaic recitations of the elements supporting alter ego liability, alter ego liability is not adequately pleaded." *Id.* (cleaned up).  Plaintiff does not even acknowledge the two required elements, let alone "tell a story" with facts supporting them.  For this reason alone, the motion should be denied.

Moreover, Plaintiff would be unable to plead either element.  On unity of interest and ownership, it appears that Plaintiff simply read KMPH's corporate disclosure statement and decided to sue each company in its chain of ownership.  However, the fact that a parent owns 100 percent of its subsidiary "does not show that there is an alter ego relationship between the two." *Gerritsen*, 116 F. Supp. 3d at 1138 (collecting cases).

For the second element, Plaintiff must show that "adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice." *First Western Bank & Trust Co. v. Bookasta*, 267 Cal. App. 2d 910, 914–15 (1968).  Requiring Plaintiff to bring his claims against KMPH alone would not sanction a fraud or promote injustice.  In the operative complaint, Plaintiff appears to allege that KMPH may hold revenues that properly belong to him and contests the copyright ownership of various works.  There is no suggestion that that any of the Sinclair Parent Entities, rather than KMPH, received those revenues or has any claim to own the works in question.

For these reasons, KMPH respectfully requests that this Court deny Plaintiff's motion to add the Sinclair Parent Entities as defendants in this action and grant such other relief as this Court deems appropriate.

| | |
|---|---|
| Dated: March 7, 2024 | **BALLARD SPAHR LLP** |
| | By: */s/Matthew S.L. Cate* |
| | Elizabeth L. Schilken |
| | schilkene@ballardspahr.com |
| | 2029 Century Park East, Suite 1400 |
| | Los Angeles, CA 90067-2915 |
| | Tel: 424.204.4400 / Fax: 424.204.4350 |
| | |
| | Chad R. Bowman (*pro hac vice*) |
| | bowmanchad@ballardspahr.com |
| | Matthew S.L. Cate (SBN 295546) |
| | catem@ballardspahr.com |
| | 1909 K Street, NW, 12th Floor |
| | Washington, DC 20006-1157 |
| | Tel: 202.661.2200 / Fax: 202.661.2299 |
| | |
| | Thomas B. Sullivan (*pro hac vice*) |
| | sullivant@ballardspahr.com |
| | 1675 Broadway, 19th Floor |
| | New York, NY 10019 |
| | Tel: 212.850.6139 / Fax: 212.223.1942 |
| | |
| | *Attorneys for Defendant* |
| | *Sinclair Television of Fresno, LLC* |

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of 18 years, and not a party to this action. My business address is Ballard Spahr LLP, 1909 K Street, NW, 12th Floor, Washington, D.C., 20006-1157.

On March 7, 2024, I electronically filed the foregoing **Defendant Sinclair Television of Fresno, LLC's Opposition to Plaintiff's Motion to Add Party** with the Court through its CM/ECF system, which will provide notice to counsel of record in this case, and I caused the same to be served via U.S. Mail to:

> Caleb L. McGillvary
> #1222665/SBI #102317G
> New Jersey State Prison
> P.O. Box 861
> Trenton, NJ 08625

Dated: March 7, 2024     */s/ Matthew S.L. Cate*
                         Matthew S.L. Cate