

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Caleb L. McGillvary | ) CIVIL ACTION NO. |
| PLAINTIFF | ) 2:23-cv-01195-JLS-SK |
| | ) Hon. Josephine L. Staton, USDJ |
| V. | ) Hon. Steve Kim, USMJ |
| | ) Motion Date: To be determined |
| Netflix et al | ) by the Court |
| DEFENDANT | ) |
| | ) |

NOTICE OF REQUEST TO CROSS-EXAMINE DECLARANT JEFF STRICKER
(C.D. CA L.R 7-8)

TO: CLERK, ALL CAPTIONED PARTIES

Please take notice that, on a date and time to be determined by the Court, Plaintiff Caleb L. McGillvary ("Plaintiff") hereby moves the Court pursuant to L.R. 7-8 for an order granting cross-examination of Jeff Stricker at the hearing on Stricker's motion to dismiss under Rule 12(b).

As grounds for this motion, Plaintiff relies upon his attached brief in opposition and declaration

A proposed form of order is lodged herewith

Date: 2/29/24

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Caleb L. McGillvary | ) CIVIL ACTION NO. |
| PLAINTIFF | ) 2:23-cv-01195-JLS-SK |
| | ) Hon. Josephine L. Staton, USDJ |
| V. | ) Hon. Steve Kim, USMJ |
| | ) Motion Date: To be determined |
| Netflix et al | ) by the Court |
| DEFENDANT | ) |
| | ) |

ORDER THAT DEFENDANT JEFF STRICKER APPEAR FOR CROSS-EXAMINATION

The Motion of Caleb L. McGillvary to compel Jeff Stricker to appear and be cross-examined at the hearing of his motion to dismiss was submitted pursuant to L.R. 7-8. The court has reviewed the papers submitted and considered the arguments of counsel as well as the authorities cited. Being so informed, and for good cause shown:

IT IS ORDERED THAT:

1. The motion is GRANTED to the extent that:
   a. Jeff Stricker must appear at the hearing and submit to cross-examination thereat; and
   b. The New Jersey State Prison, and the Administrator thereof, must provide video conferencing services to allow Caleb L. McGillvary to appear at the hearing and cross-examine Jeff Stricker via video link.

2. The clerk shall serve a copy of this order on all CM/ECF participants by electronic filing, and shall serve a copy of this order on Caleb L. McGillvary and also upon the Administrator of NJ State Prison at 600 Cass Street Trenton, NJ 08625-0861 by US Mail within 7 days of this order.

Dated: _____

_____
Hon. Josephine L. Staton, U.S.D.J.

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Caleb L. McGillvary<br>    PLAINTIFF<br><br>    V.<br><br>Netflix et al<br>    DEFENDANT | ) CIVIL ACTION NO.<br>) 2:23-cv-01195-JLS-SK<br>) Hon. Josephine L. Staton, USDJ<br>) Hon. Steve Kim, USMJ<br>) Motion Date: To be determined<br>) by the Court |

BRIEF IN OPPOSITION TO DEFENDANT JEFF STRICKER'S MOTION TO
DISMISS UNDER RULE 12(b)

**TABLE OF CONTENTS**

BRIEF IN OPPOSITION TO DEFENDANT JEFF STRICKER'S MOTION TO DISMISS UNDER RULE 12(b)
...1

STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY
...1

STANDARD OF REVIEW
...3

A. PLAINTIFF IS PRO SE
...3

B. RULE 12
...3

C. DISCOVERY ON ISSUE OF PERSONAL JURISDICTION
...3

LEGAL ARGUMENT
...4

POINT I: DEFENDANT HAS ENTERED A GENERAL APPEARANCE AND HAS THEREFORE WAIVED ANY ARGUMENT ON THE ISSUE OF PERSONAL JURISDICTION
...4

POINT II: DEFENDANT'S COCKAMAMIE STORY ABOUT A DISHONEST MARSHAL IS INCREDIBLE AND REQUIRES CROSS-EXAMINATION SO IT CAN BE PROPERLY IMPEACHED AND DISPOSED OF
...5

POINT III: PLAINTIFF HAS RELIED IN GOOD FAITH ON THE MARSHAL'S REPRESENTATION THAT SERVICE WAS PROPERLY EFFECTED ON STRICKER, AND HIS COMPLAINT SHOULD NOT BE DISMISSED
...8

POINT IV: IN THE ALTERNATIVE, IF THE COURT DECIDES TO CREDIT STRICKER'S SELF-SERVING ALLEGATIONS ACCUSING THE MARSHAL OF LYING, PLAINTIFF SHOULD BE GRANTED AN EXTENSION OF TIME TO EFFECT SERVICE, AND THE COURT SHOULD ORDER THE MARSHAL TO SERVE PROCESS ON STRICKER ALL OVER AGAIN
...9

POINT V: IF THE COURT CONVERTS THIS MOTION UNDER RULE 12(d), PLAINTIFF REQUESTS DISCOVERY UNDER RULE 56(d)(2) AND A HEARING WHEREAT HE CAN CROSS-EXAMINE STRICKER
...10

POINT VI: STRICKER HAS ENTERED AN APPEARANCE SO, CONTRARY TO HIS ASSERTION, THE SECOND AMENDED COMPLAINT DOES NOT NEED TO BE PERSONALLY SERVED UPON HIM.
...10

CONCLUSION
...12

**TABLE OF AUTHORITIES**

**CASELAW**

Bally Export Corp. v. Balicar, Ltd., 804 F.2d  398 (CA7 1986)
...7

De  Tie  v Orange County, 152 F.3d 1109 (CA9  1998)
...9

Erickson v Pardus 551 U.S. 89 (2007)
...3

Hamdi v. Rumsfeld,  542 U.S. 507 (2004)
...8

Karasek v. Regents of the Univ of Cal., 956 F.3d 1093 (CA9   2020)
...3

Klingele v. Elkenberry, 849 F.2d 409 (CA9 1988)
...3

McElyea v. Babbitt, 833 F.2d 196 (CA9 1987)
...3

Puett  v  Blandford,  912  F.2d  270 (CA9 1990)
...9

Rio  Properties,  Inc.  v. RIO International Interlink, 284  F.3d  1007 (CA9  2002)
...4

Roell v. Withrow, 538  U.S.  580 (2003)
...4

Trustees of Local Union No.  727 Pension Fund v. Perfect Parking, Inc. 126  F.R.D.  48,  52 (N.D. Ill 1989)
...8

Union v. Alpha Beta Co., 736  F.2d  1371 (CA9  1984)
...4

**COURT RULES**

C.D. CA L.R. 5-3.2 .................................................................................................11

C.D. CA L.R. 7-8 ...................................................................................................7

Fed. R. Civ. P. 4 ..................................................................................................4

Fed. R. Civ. P. 4(c)(3) .........................................................................................8

Fed. R. Civ. P. 4(m) ..........................................................................................9, 11

Fed. R. Civ. P. 10(c) .........................................................................................1, 10

Fed. R. Civ. P. 11 ................................................................................................12

Fed. R. Civ. P. 12 .................................................................................................3

Fed. R. Civ. P. 12(b) ............................................................................................1

Fed. R. Civ. P. 12(d) .............................................................................................3

Fed. R. Civ. P. 56 ..................................................................................................3

Fed. R. Civ. P. 56(d)(2) ...................................................................................3, 7, 10

Fed. R. Evid. 502(a), (b) .......................................................................................7

Fed. R. Evid. 607 ..................................................................................................7

Fed. R. Evid. 902(4)(A) .....................................................................................8, 12

**BRIEF IN OPPOSITION TO DEFENDANT JEFF STRICKER'S MOTION TO
DISMISS UNDER RULE 12(b)**

Plaintiff Caleb L. McGillvary ("Plaintiff") hereby
opposes Defendant Jeff Stricker ("Stricker")'s motion to dismiss
under Rule 12(b).

In support of this opposition, Plaintiff relies upon
the following grounds:

**STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiff incorporates by reference his First Amended
Complaint and also his Declaration in support of this motion
pursuant to Rule 10(c) and sets forth same fully herein.

On February 15, 2023, the Clerk entered the initial
complaint, together with an IFP Application, onto the docket
in this matter; ECF 1.

On May 22, 2023, Plaintiff filed a First Amended
Complaint once as a matter of course; ECF 18.

On June 14, 2023, the Court granted Plaintiff's motion
to proceed IFP; ECF 22.

On October 19, 2023, the Clerk issued summons as to
all named Defendants in this matter, properly affixing the
Court's seal and the Clerk's signature thereto; ECF 38-55.

On December 4, 2023, the Court granted Plaintiff's motion
for the Clerk and US Marshal to effect service on all Defendants
in this matter; ECF 64, 65.

On November 2, 2023, Plaintiff sent 18 fully executed,
signed and sealed summons, and USM-285's, one for each named
Defendant; and copies of the entire First Amended Complaint
and Appendix to the Clerk with instructions to forward same

1

to the U.S. Marshal. See Declaration in support of this motion.

On January 16, 2024, the US Marshal filed a USM-285 return declaring, as an officer of the Court, that two Deputy US Marshals had properly served a copy of the First Amended Complaint and Appendix, and also the properly executed signed and sealed Summons, upon Defendant Jeff Stricker ("Stricker") in this action; ECF 82.

On January 17, 2024, Stricker entered an appearance through his counsel. In this document wherein he enters his appearance, he does not specifically indicate that he is entering a special appearance, all his ex post assertions to the contrary notwithstanding; ECF 88. Stricker's Counsel also filed a declaration in support of a motion to extend time, in which he divulges the purported contents of his communications with Stricker concerning the Marshal's service upon him; ECF 88.

On February 14, 2024, Stricker filed a frivolous motion to dismiss for lack of personal jurisdiction and insufficient service. Although he styled it as a motion under Rule 12(b), he included a declaration introducing matters outside the pleadings and attempting fraud on the Court, in which he calls the US Marshal a liar, and attaching as exhibits what appear to be printouts of docket entries which differ substantially from the executed and issued summons served upon him by the Marshal; ECF 129.

This brief in opposition to Stricker's motion is now before the Court.

2

**STANDARD OF REVIEW**

**A. PLAINTIFF IS PRO SE**

All documents filed by a pro se litigant are entitled to liberal interpretation. <u>Erickson v Pardus</u> 551 U.S. 89 (2007)

**B. RULE 12**

On a motion under Fed. R. Civ. P. 12, all of a Plaintiff's well-pleaded allegations of fact are accepted as true. Se <u>Karasek v. Regents of the Univ of Cal.</u>, 956 F.3d 1093, 1104 (CA9 2020). When matters outside the pleadings are introduced in support of a motion under Rule 12, the Court may in its discretion convert it to a motion for summary judgment under Rule 56 and conduct discovery on matters related to the motion. Fed. R. Civ. P. 12(d). If it converts the motion, it must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Id.; <u>McElyea v. Babbitt</u>, 833 F.2d 196, 200 (CA9 1987).

**C. DISCOVERY ON ISSUE OF PERSONAL JURISDICTION**

When a party shows by affidavit or declaration that there are disputed issues of material fact, and that discovery thereon may aid the Court in disposition of a motion for summary judgment, the Court may conduct discovery on those matters. Fed. R. Civ. P. 56(d)(2); See also <u>Klingele v. Elkenberry</u>, 849 F.2d 409, 412-13 (CA9 1988).

3

**LEGAL ARGUMENT**

**POINT I: DEFENDANT HAS ENTERED A GENERAL APPEARANCE AND HAS THEREFORE WAIVED ANY ARGUMENT ON THE ISSUE OF PERSONAL JURISDICTION**

As the docket plainly shows, Stricker initially entered an appearance without reservation in this case. Even in his ex parte motion for extension of time to file, he doesn't claim to have entered a special appearance. See Roell v. Withrow, 538 U.S. 580, 586, 587 n.3 (2003)(if party affirmatively enters case and makes no objection to jurisdiction, party is deemed to have waived any personal jurisdiction objection). Yet now, seemingly repenting of his earlier choice, he claims in his motion to dismiss that "Stricker specially appears by way of this motion..."; ECF 129; See also Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (CA9 1984)("[A] defendant's answer and appearance in an action should be enough to prevent any technical error from invalidating the process.")

But appearances notwithstanding, the Marshal's service of the summons and amended complaint upon Stricker has established personal jurisdiction over him, whether or not he appears. Fed. R. Civ. P. 4. His self-serving declaration contradicting two deputy Marshals belies the fact that he has appeared, the VERY NEXT DAY after the clerk entered the Marshal's return onto the docket, and Stricker should be presumed therefor to have received proper notice of this case, via in personam service. Rio Properties, Inc. v. RIO International Interlink, 284 F.3d 1007, 1019 (CA9 2002)("Where, as here, the district

court receives only written submissions, the plaintiff need only make a prima facie showing of jurisdiction to avoid the Defendant's motion to dismiss").

**POINT II: DEFENDANT'S COCKAMAMIE STORY ABOUT A DISHONEST MARSHAL IS INCREDIBLE AND REQUIRES CROSS-EXAMINATION SO IT CAN BE PROPERLY IMPEACHED AND DISPOSED OF**

There can be no dispute that a Summons was properly issued, signed and sealed; ECF 46. There can be no dispute that the U.S. Marshal filed a Return of Service upon Jeff Stricker; ECF 82. And the declaration in support of this motion authenticates postage receipts witnessed by NJ State Prison Corrections officers, and bearing a UPS Tracking number clearly evidencing that Plaintiff sent 18 copies of the first amended complaint and appendix; as well as individualized, signed and sealed summons and USM-285 forms for each named defendant in this case on November 2, 2023. UPS.com is judicially noticeable, and the Court can check the tracking number thereon and judicially notice that it was delivered prior to the U.S. Marshal's service upon Stricker.

Plaintiff acknowledges that Stricker has filed a declaration in support of his motion to dismiss, and points out that the claims within it are specifically contradicted by the fact that no less than nine (9) other Defendants have been served with the same process described in the paragraph immediately preceding this one. None of them were deficiently served with deficient process. It can be reasonably presumed that the Marshal did the same with Stricker. The doctrine of chances militates against finding otherwise, as do the

5

evidentiary doctrines of habit, specific instances of conduct, and self-authenticating public records and records kept in the usual course of business: embodied by the USM-285 returns filed by the Marshal for Jensen Rufe, Lisa Samsky, Bunim-Murray, Netflix, Fulton 55, Gabriel Sanchez, Brad Mulcahy, Alex Aguirre, and KMPH FOX News.

Stricker expects the Court to believe that the Marshal would go out of their way to falsify documents, but only for him and not for any of the other 9 Defendants who've been served. This would not be the first time Stricker has made such dubious claims: in the documentary at issue, he implies that all of his fellow Sheriff's Officers who investigated the February 1, 2013 incident, as well as the Prosecutors and Attorney General who prosecuted it (Who is now Vice-President of the United States), were liars. The doctrine of objective chances militates against all of the aforementioned State and Federal Law Enforcement Officers lying and making up things just to persecute lil' ol' Jeff. It's hogwash, it's cockamamie, but all that hogwash and cockamamie is coming from Stricker, not the other law enforcement officers. He has thrown down the gauntlet for a swearing contest between himself, and two deputy US Marshals who the Court should presume to have told the truth. His status as an interested party presumes bias, whereas the two deputy marshals have no interest in this matter and should be believed over an interested party. If Stricker disputes that, then the burden is on him to depose the deputy US Marshals and let the Court determine the credibility between him and them. Plaintiff

will be more than happy to cross-examine him about it at the hearing of this motion.

Stricker's declaration in support of his motion is also unauthenticated on its face. Specifically, it fails to establish where the incident described occurred, and who was present at the time. Additionally, the documents attached as Exhibits appear to be printouts from the docket, which it is believed a cross-examination of Stricker will reveal to have been made after the events alleged in the Declaration and not to have been delivered by the Marshal. If the declaration filed by Scott C. Hawkins ISO Stricker's motion for extension of time purports to be what Stricker has spoken of to his counsel, he has waived the attorney client privilege as to that conversation: the waiver was intentional, the conversation has identical subject matter to the declaration, and it ought in fairness to be considered together with the declaration. Fed. R. Evid. 502(a), (b). In either case, Plaintiff is entitled as a matter of due process to cross-examine the declarant about the blatantly self-serving statement; See, E.G. Fed. R. Evid. 607, Fed. R. Civ. P. 56(d)(2); otherwise this court will establish the precedent that any unscrupulous Defendant can evade process and thereafter get the action dismissed by lying about Federal Law Enforcement officers and impugning their integrity. See L.R. 7-8 (Notice of intent to cross examine declarant at hearing not required for motions challenging personal jurisdiction). The presumption should not be that Defendant, who has a habit of calling fellow law enforcement liars without justification, can be taken at

7

face value. See, E.G. <u>Bally Export Corp. v. Balicar, Ltd.</u>, 804 F.2d 398, 404 (CA7 1986)(After plaintiff files proof of service, a defendant refuting the validity of service bears the burden of proof to overcome prima facie evidence of proper service); <u>Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.</u>, 126 F.R.D. 48, 52 (N.D. Ill 1989); See also Fed. R. Civ. P. 4(c)(3)(Marshal's return of service constitutes prima facie proof of service). The presumption is that a public record such as the USM-285, certified by the public officer US Marshal, is valid unless clearly controverted by credible evidence. See Fed. R. Evid. 902(4)(A). Defendant has not provided any such credible evidence, and the evidence he has proffered will not withstand the cross-examination that Plaintiff is entitled to by the Due Process Clause of the 5th and 14th Amendments at the hearing of this motion. See <u>Hamdi v. Rumsfeld</u>, 542 U.S. 507, 533 (2004)(Due process is the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner).

**POINT III: PLAINTIFF HAS RELIED IN GOOD FAITH ON THE MARSHAL'S REPRESENTATION THAT SERVICE WAS PROPERLY EFFECTED ON STRICKER, AND HIS COMPLAINT SHOULD NOT BE DISMISSED**

Plaintiff has dutifully complied with all of the terms of the Court's order directing service by the US Marshal. He has sent copies of the fully signed-and-sealed summons, first amended complaint, and summons; to the Clerk for forwarding to the Marshal. The Clerk has indicated receipt of these, and, the Marshal likewise has brought the full monty to Stricker's doorstep. Stricker contests the last step of this, calling the

8

Marshal a liar. But even should the Court credit Stricker's bald assertions, Plaintiff has done everything required of him and his complaint should not be dismissed on account of the Marshal's alleged failure to serve the summons and complaint. Puett v Blandford, 912 F.2d 270, 275 (CA9 1990). Rather, if the Court credits Stricker by throwing the Marshal under the bus, it should grant Plaintiff's pending motion for extension of time to effect service under Rule 4(m) and order the Marshal to return to Stricker's address and serve the whole shebang upon him, "for real this time, though."

**POINT IV: IN THE ALTERNATIVE, IF THE COURT DECIDES TO CREDIT STRICKER'S SELF-SERVING ALLEGATIONS ACCUSING THE MARSHAL OF LYING, PLAINTIFF SHOULD BE GRANTED AN EXTENSION OF TIME TO EFFECT SERVICE, AND THE COURT SHOULD ORDER THE MARSHAL TO SERVE PROCESS ON STRICKER ALL OVER AGAIN**

If, god forbid, this Court were to go on record and reward Stricker's fraud on the Court by publicly humiliating the Marshal; thereby lending credulity to Stricker's claim that the Marshal filed a false return of service; Plaintiff respectfully posits that he has shown good cause for an extension of deadline to effect service. He already has a motion under Rule 4(m) pending, and a showing that he relied in good faith on a fraudulent filing by a federal officer would constitute good cause to extend the deadline instead of dismissing the complaint. See De Tie v Orange County, 152 F.3d 1109, 1111-12 (CA9 1998)(When good cause is shown, the court has no choice but to extend the deadline for service). But Plaintiff urges the Court to let the Court Record show that the judicial officer U.S. Marshal is to be believed above the self-serving declaration

9

of a local Sheriff's officer who has shown a pattern of calling his fellow officers liars in order to secure 15 seconds of dubious fame. The pattern continues: this is a high-profile case, and he seems to be going for the newspaper headline, "Local Sheriff's Deputy Exposes Two US Marshal Officers For Falsely Filing Returns." The Marshal deputies deserve better than to be subjected to Stricker's false assertions in a public forum without the benefit of cross-examination. They're people, too.

**POINT V: IF THE COURT CONVERTS THIS MOTION UNDER RULE 12(d), PLAINTIFF REQUESTS DISCOVERY UNDER RULE 56(d)(2) AND A HEARING WHEREAT HE CAN CROSS-EXAMINE STRICKER**

Because Defendant has presented evidence outside the pleadings in his declaration, proffering sworn statements which ought in fairness to be subject to cross-examination, plaintiff sets forth his attached declaration in support of this opposition herein under Rule 10(c); and avers that it satisfies the requirements of Rule 56(d)(2) to entitle him to discovery and a hearing on the matters of personal jurisdiction and sufficiency of process/service.

**POINT VI: STRICKER HAS ENTERED AN APPEARANCE SO, CONTRARY TO HIS ASSERTION, THE SECOND AMENDED COMPLAINT DOES NOT NEED TO BE PERSONALLY SERVED UPON HIM.**

Stricker admits that 2 US Marshal deputies strolled up to his door and personally handed him documents. He disputes that the Marshal's filed an honest return, impugning their integrity by claiming they gave him something other than what they stated on their return of process. However, he admits that "Defendant notes he delayed this filing as long as reasonably

possible"; presumably so he could file a motion to dismiss outside of the time limits set forth in Fed. R. Civ. P. 4(m). He continues his gamesmanship: "in any event, valid service of a SAC, if filed, will also be required service on STRICKER, as STRICKER has not waived service to date." But Stricker has already entered an appearance, is a CM/ECF participant, and so this Court has specifically held on January 25, 2024 that Plaintiff can serve Defendant the SAC via the Clerk's Notice of Electronic Filing pursuant to L.R. 5-3.2.

## CONCLUSION

Plaintiff has produced prima facie evidence of service of process, in the form of the Marshal's return of process. ECF 82. Stricker has failed to meet his burden of refuting the presumption of proper service of process. Instead, he printed a docket entry out and attached it to a cockamamie declaration calling the Marshal a liar. He now asks the Court to side with him and put it on the record that the Marshal filed a false return. But the Marshal's return is presumed correct under F.R.E. 902(4)(A), and Defendant's self-serving sham declaration has failed to rebut this. For all the foregoing reasons, personal jurisdiction exists over Stricker, Service was sufficient, and his motion to dismiss should be denied. Whether the Court decides to impose sanctions under Rule 11 sua sponte is a matter of its discretion, Plaintiff does not move for such sanctions at this time.

Respectfully Submitted,

Date: 2/29/24

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

12



— MCGILL VERY
#1222665/SBI#102317G
NJSP PO BOX 861
TRENTON, NJ
08625

CERTIFIED MAIL

7004 1350 0004 0477 8943



RECEIVED
CLERK, U.S. DISTRICT COURT

MAR 1 1 2024

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

CLERK
U.S. DIST. CT. – C.D. CA
OFFICE OF THE CLERK
255 E. TEMPLE ST. RM 180
LOS ANGELES, CA
90012

