

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Caleb L. McGillvary<br>    PLAINTIFF<br><br>V.<br><br>Netflix et al<br>    DEFENDANT | ) CIVIL ACTION NO.<br>) 2:23-cv-01195-JLS-SK<br>) Hon. Josephine L. Staton, USDJ<br>) Hon. Steve Kim, USMJ<br>) Motion Date: To be determined<br>) by the Court |

MOTION TO STAY DEMURRER PURSUANT TO RULE 83(b) PENDING AMENDMENT OF COMPLAINT, OR IN THE ALTERNATIVE FOR EXTENSION OF TIME FOR RESPONSE UNDER RULE 6(b)

    Caleb L. McGillvary ("Plaintiff"), hereby moves the Court for an order granting a stay of Defendants' pending demurrers pursuant to Rule 83(b) pending disposition of Plaintiff's motion for leave to amend; or in the alternative, for extension of time to respond pursuant to Rule 6(b)

    As grounds for this request, Plaintiff incorporates by reference and relies upon his Declaration in support of this motion, and avers that it shows the following:

    1.) I am the pro se plaintiff in the above-captioned matter.

    2.) On January 9, 2024, I placed my motion for leave to file a second amended complaint in this action in the institutional mailing system here where I'm incarcerated at

1

NJ State Prison. My motion was therefore filed pursuant to the prison mailbox rule on this date.

3.) As of today's date, my motion for leave to amend has not been disposed of, or if it has, I have not received notice thereof from the Court.

4.) The defendants' demurrer, requesting to dismiss and to strike my First Amended Complaint under Rule 12 and Cal. Code Civ. Proc. 425.16; was filed second in time, and till be moot if the Court grants my motion and files my proposed Second Amended Complaint. Additionally, the Defendants' motions involve complex issues of law which were evidently prepared by a team of highly-experienced litigators with vastly superior resources to the prison law library I must contend with. It will surely require a lode of shepardization and legal research to prepare a meaningful response to such and intensely intricate set of demurrers.

5.) I am currently incarcerated in a maximum security prison which has severely restricted access to research and law library facilities. I am only permitted 5 hours at the law library once every 6 days, during which time I may research caselaw, print documents, or make copies of legal documents. Sometimes guys in the messhall jump on each other's heads or stab each other and the whole place gets locked down, which means that law library gets cancelled. I have had a clean disciplinary record for years, so any such delay is through no fault of my own. Despite my good faith and diligent effort, these circumstances make it so that legal research and

was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it."). It is necessarily a step towards judicial economy and efficiency to stay the Defendants' demurrer, which is almost certain to be mooted by Plaintiff's first-in-time motion for leave to amend.

POINT II: IN THE ALTERNATIVE, PLAINTIFF HAS SHOWN GOOD CAUSE FOR AN EXTENSION OF TIME TO FILE A RESPONSE TO DEFENDANTS' DEMURRER

Fed. R. Civ. P. 6(b) states that, with exceptions that don't apply here, the time within which to act pursuant to any federal rule may be extended by leave of Court for good cause. Plaintiff has declared under penalty of perjury that he is severely restricted in his abilities to research and prepare legal documents to rebut the wall of cases set forth by the dozen highly-skilled and well-funded lawyers he's up against in propria persona, who've each already received 30 extra days for a total of 360 extra days for each lawyer's team of paralegals to research and prepare. He has acted diligently and in good faith to move the Court for an extension of time prior to the expiration of the time to respond. Although the Defendants' demurrer should be stayed pending the outcome of the amendment that will moot it; in the off chance it isn't, in the alternative, it is in the interests of justice to grant Plaintiff an additional 60 days from the issuance of an order disposing of this motion to file a response.

CONCLUSION

Ninth Circuit precedent requires that Plaintiff's motion

4

for leave to amend be granted, and that will effectively moot Defendant's demurrer. A stay of Defendant's demurrer is therefore necessary to conserve scarce judicial resources from being wasted on a moot motion. In the alternative, Plaintiff has shown good cause for an extension of 60 days from the order disposing of this motion in which to respond to the Defendants' complex and research-intensive demurrers.

Date: 3/1/24

Respectfully submitted,

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

5



