Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625



UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Caleb L. McGillvary ) | CIVIL ACTION NO. |
| PLAINTIFF ) | 2:23-cv-01195-JLS-SK |
| ) | Hon. Josephine L. Staton, USDJ |
| V. ) | Hon. Steve Kim, USMJ |
| ) | Motion Date: To be determined |
| Netflix et al ) | by the Court |
| DEFENDANT ) | |

MOTION TO STAY DEMURRER PURSUANT TO RULE 83(b) PENDING AMENDMENT OF COMPLAINT, OR IN THE ALTERNATIVE FOR EXTENSION OF TIME FOR RESPONSE UNDER RULE 6(b)

Caleb L. McGillvary ("Plaintiff"), hereby moves the Court for an order granting a stay of Defendants' pending demurrers pursuant to Rule 83(b) pending disposition of Plaintiff's motion for leave to amend; or in the alternative, for extension of time to respond pursuant to Rule 6(b)

As grounds for this request, Plaintiff incorporates by reference and relies upon his Declaration in support of this motion, and avers that it shows the following:

1.) I am the pro se plaintiff in the above-captioned matter.

2.) On  MARCH 14 , 2024, I placed my motion for leave to file a third amended complaint ("TAC") in this action in the institutional mailing system here where I'm incarcerated

1

at NJ State Prison. My motion was therefore filed pursuant to the prison mailbox rule on this date. This is my first amendment since I was served with Defendants' raft of motions seeking to dismiss and/or strike my case,

3.) As of today's date, my motion for leave to amend has not been disposed of, or if it has, I have not received notice thereof from the Court.

4.) The defendants' demurrers, requesting to dismiss and to strike my Second Amended Complaint under Rule 12 and Cal. Code Civ. Proc. 425.16; will be moot if the Court grants my motion and files my proposed Third Amended Complaint. Additionally, the Defendants' motions involve complex issues of law which were evidently prepared by a team of highly-experienced litigators with vastly superior resources to the prison law library I must contend with. It will surely require a lode of shepardization and legal research to prepare a meaningful response to such and intensely intricate set of demurrers.

5.) I am currently incarecerated in a maximum security prison which has severely restricted access to research and law library facilities. I am only permitted 5 hours at the law library once every 6 days, during which time I may research caselaw, print documents, or make copies of legal documents. Sometimes guys in the messhall jump on each other's heads or stab each other and the whole place gets locked down, which means that law library gets cancelled. I have had a clean disciplinary record for years, so any such delay is through

2

no fault of my own. Despite my good faith and diligent effort, these circumstances make it so that legal research and preparation of documents is a much slower process for me than it is for defendants, who have all the resources of a dozen highly-experienced lawyers working for firms that have unlimited cost-plus teams of paralegals and experts at their disposal. It is therefore necessary for me to have an additional 60 days to respond pro se to the staggering amount of research and preparation said represented defendants have put into their briefs.

This motion is now before the Court.

## LEGAL ARGUMENT

POINT I: PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT WAS FIRST IN TIME, AND WILL RENDER DEFENDANTS' DEMURRER MOOT IF GRANTED; AND BECAUSE LEAVE TO AMEND SHOULD FREELY BE GRANTED, IT IS VERY LIKELY TO BE GRANTED; AND SO DEFENDANTS'' DEMURRERS SHOULD BE STAYED PENDING ITS DISPOSITION

Plaintiff's motion was filed pursuant to the prison mailbox rule on MARCH 14, 2024. See Douglas v. Noelle, 567 F.3d 1103, 1108-09 (CA9 2009). This Court is almost certain to grant the motion to file a Third Amended Complaint, being required to do so by Ninth Circuit precedent and principles of stare decisis. See, E.G. Lira v. Herrera, 427 F.3d 1164, 1169-70 (CA9 2005)(It is improper to deny leave to amend a complaint unless it is clear that the complaint could not be saved by amendment). And once the Third Amended Complaint is filed, the motion to dismiss the Second Amended Complaint will be moot. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (CA9 2015)("The Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended

3

Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it."). It is necessarily a step towards judicial economy and efficiency to stay the Defendants' demurrers, which are almost certain to be mooted by Plaintiff's TAC.

POINT II: IN THE ALTERNATIVE, PLAINTIFF HAS SHOWN GOOD CAUSE FOR AN EXTENSION OF TIME TO FILE A RESPONSE TO DEFENDANTS' DEMURRERS

Fed. R. Civ. P. 6(b) states that, with exceptions that don't apply here, the time within which to act pursuant to any federal rule may be extended by leave of Court for good cause. Plaintiff has declared under penalty of perjury that he is severely restricted in his abilities to research and prepare legal documents to rebut the wall of cases set forth by the dozen highly-skilled and well-funded lawyers he's up against in propria persona, who've each already received 30 extra days for a total of 360 extra days for each lawyer's team of paralegals to research and prepare. Plaintiff has already been granted 60 extra days, but that's nowhere near the combined 150 days the Defendants have already been granted, cumulatively. He has acted diligently and in good faith to move the Court for an extension of time prior to the expiration of the time to respond. Although the Defendants' demurrers should be stayed pending the outcome of the amendment that will moot it; in the off chance it isn't, in the alternative, it is in the interests of justice to grant Plaintiff an additional 60 days from the

4

issuance of an order disposing of this motion to file a response.

## CONCLUSION

Ninth Circuit precedent requires that Plaintiff's motion for leave to amend be granted rather than his complaint being dismissed, and that will effectively moot Defendant's demurrers. A stay of Defendant's demurrers is therefore necessary to conserve scarce judicial resources from being wasted on a moot motion. In the alternative, Plaintiff has shown good cause for an ~~extension~~ of 60 days ~~from the order disposing of~~ this motion in which to respond to the Defendants' complex and research-intensive demurrers.

Date: 3/15/24

Respectfully submitted,

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

PROOF OF SERVICE

I, Caleb L. McGillvary, declare pursuant to 28 U.S.C. 1746 that on today's date, I placed in the institutional mailing system here where I'm incarcerated at NJ State Prison 3rd & Federal Streets Trenton, NJ 08625; with First Class Postage prepaid to be sent via USPS Mail; the original of my motion for an order granting a stay of all of Defendants' pending demurrers under Rule 12 and Cal. Civ. Code 425.16; or in the alternative, for extension of time to respond pursuant to Rule 6(b); to the Clerk of the Court at USDC-CDCA 255 E. Temple St. Rm 180 Los Angeles, CA 90012; and, pursuant to this Court's 1/25/24 Order, ECF 94, and L.R. 5-3.2, have relied upon the Clerk to send by notice of electronic filing a copy of each said document to Counsel for Defendants Scott C. Hawkins at 2220 Tulare St., 5th Floor Fresno, CA 93721, Matthew S.L. Cate at 1909 K St. NW, 12th Floor Washington, DC 20006-1157, Howard M. Rupp at 615 N. Paulina Ave Redondo Beach, CA 90277, and Cydney Swofford Freeman at 865 S. Figueroa St., 24th Floor Los Angeles, CA 90017-2566. I further declare that no other Defendants have yet appeared in this matter, to my knowledge.
I hereby invoke the prison mailbox rule.
I declare under penalty of perjury that the foregoing statements made by me are true and accurate.
Executed this 15 Day of MARCH, 2024

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

MARCH 15, 2024

Clerk, US Dist. Ct. - CDCA
US Courthouse
255 E. Temple St., Rm 180
Los Angeles, CA 90012

    RE: McGillvary v. Netflix et al
    Civil Action No. 2:23-cv-01195-JLS-SK
    Hon. Josephine L. Staton, U.S.D.J.
    Hon. Steve Kim, U.S.M.J.

Dear Clerk;

    Please find enclosed and file onto the docket my notice, declaration, and proposed order in support of my motion for an order granting a stay of all of Defendants' pending demurrers under Rule 12 and Cal. Civ. Code 425.16; or in the alternative, for extension of time to respond pursuant to Rule 6(b); and proof of service thereof; in the above-captioned matter.

                                             Kind Regards,
                                             Caleb L. McGillvary
                                             In Propria Persona

ENCL:
CC: FILE



LEGAL MAIL