DANIEL C. CEDERBORG
  County Counsel – State Bar No. 124260
SCOTT C. HAWKINS
  Sr. Deputy County Counsel – State Bar No. 207236
FRESNO COUNTY COUNSEL
2220 Tulare Street, 5th Floor
Fresno, California  93721
Telephone: (559) 600-3479
Facsimile: (559) 600-3480
Email: schawkins@fresnocountyca.gov

Attorneys for Respondent, JEFF STRICKER

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB MCGILLVARY,<br><br>                         Plaintiff,<br><br>              v.<br><br>NETFLIX, INC., ET AL.,<br><br>                         Defendants. | Case No. 2:23-cv-01195-JLS-SK<br><br>**<u>REPLY</u> ISO DEFENDANT, JEFF STRICKER'S, NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, TO QUASH SERVICE.**<br><br>**[Fed. R. Civ. P., Rules 4, 12(b)(2), (4), and (5)]**<br><br>**Date:  May 10, 2024<br>Time:  10:30 AM<br>Crtrm: 8A<br>Judge: Hon. Josephine L. Staton**. |

        Defendant and Respondent, Fresno County Deputy Sheriff [Sergeant] Jeff Stricker ("STRICKER") hereby **Replies** to Plaintiff's opposition to motion contesting personal jurisdiction over STRICKER in connection with the above-entitled action.

        ///

        ///

# I.   **Preliminary Matter**

## A.   **Service Of The "SAC" In Compliance With FRCP Rule 4 Is Required. [1]**

As a preliminary matter, STRICKER contends, that present procedural circumstances render STRICKER'S motion to dismiss and related proceedings ***moot***, in that service of the operative Second Amended Complaint ("SAC") [ECF no. 115] on STRICKER in compliance with Fed. Rule of Civ. Proc. Rule 4 is *unavoidable*, should Plaintiff wish to obtain personal jurisdiction over STRICKER in that action.  Contrary to Plaintiff's assertions in his Opposition, ***there is no situation in which Plaintiff can be relieved of this obligation.***  This is because Plaintiff moved to file his SAC *after* Plaintiff's attempted and disputed service on STRICKER in 2023 of the prior, **"FAC,"** that is the subject of the instant motion, opposition and reply – and to date, STRICKER <u>has not appeared</u> in this action.  Subsequently [see ECF no. 153], the Court granted Plaintiff's request and "deemed served" the SAC "**on all parties that were served with the FAC *and have appeared*"** in this action.  As stated, this does not include STRICKER. [See also L.R. 15-3].

Plaintiff's SAC is a *subsequent pleading*, and supersedes the [FAC] complaint upon new and proper service [*Doe v. Unocal Corp*. (CD CA 1998) 27 F.Supp.2d 1174, 1180, aff'd (9th Cir. 2001) 248 F3d 915, 920 (abrogation on other grounds, and renders it of no legal effect. [See *King v. Dogan* (5th Cir. 1994) 31 F3d 344, 346; *Valadez-Lopez v. Chertoff* (9th Cir. 2011) 656 F3d 851, 857; *Williams v. County of Alameda* (ND CA 2014) 26 F.Supp.3d 925, 936 (citing text)] *See also,*  <u>F. Amended and Supplemental Pleadings</u>, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 8-F [8:1550].  Thus, ***as long as the party to be served has appeared in the action***, either through an attorney or in pro per, the amended pleading may be served by mail or other means authorized by FRCP 5 and [ECF no. 153], and it need not (in that instance) be accompanied by an additional summons. *See,* <u>F. Amended and Supplemental Pleadings</u>, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 8-F [8:1435] (see also ¶ 12:79 ff.).  Otherwise,

---

[1] As of Friday, 4/5/24, Plaintiff has moved to file a **TAC.**  As of the filing of this Reply, the Court has not addressed Plaintiff's request. However, STRICKER contends that the points addressed in this Reply apply equally to a future **TAC**, and this Reply should be read as directed to any TAC should the Court grant Plaintiff's request.

however, Rule 5 is not available – including as to STRICKER.

So, while an amended pleading allowed by court order (like the SAC in this case) "shall be "deemed served" upon the *parties who have 1) been properly served, and 2) previously appeared* on the date the motion to amend is granted or the stipulation therefor approved (L.R. 15-3), service of amended pleadings on a party *who has __not__ previously appeared* shall be made as provided in L.R. 4 [FRCP 4]. S*ee, Stussy, Inc. v. Shein,* No. 822CV00379CJCKESX, 2022 WL 17363898, at *4 (C.D. Cal. Sept. 23, 2022), accord *Emp. Painters' Tr. v. Ethan Enters.*, 480 F.3d 993, 995-96 (9th Cir. 2007) ["[A]n amended complaint can often be served in the same manner as any other pleading [e.g., electronic filing] **if** the original complaint is properly served *__and the defendants appeared__* in the first instance."] (emphasis added).

Accordingly, **even if,** for the sake of illustration only, Plaintiff had properly served STRICKER under FRCP Rule 4 in 2023 as he alleges, or at any other time actually (*i.e., the Court finds in Plaintiff's favor as to this contested motion)*, the fact is that STRICKER, to date, **has not appeared** in this action**,** and therefore Plaintiff is not entitled to serve STRICKER under FRCP Rule 5 as discussed above, but rather must, in any event, effect service of the now operative SAC in compliance with Rule 4.  This is consistent with the Court's ruling in [ECF no. 153].  As a result of the foregoing (*including if the Court was to find that STRICKER had been properly served with the FAC), STRICKER contends under the present circumstances the instant motion to dismiss has been rendered *moot* by his *non-appearance* to date*, and unless and until Plaintiff effects service of the SAC on STRICKER in compliance with FRCP Rule 4, STRICKER remains a *non-party,* outside the personal jurisdiction of this Court. **2**

Thus, the appropriate and most efficient remedy for the Court is to order the operative complaint served in compliance with FRCP Rule 4, as is required, should Plaintiff choose to do

---

**2** See *Stussy, Inc., supra at *5* [W]hen discovery is sought against a non-appearing defendant, i.e., someone who has defaulted, a subpoena under Rule 45 must be personally served on him, notwithstanding the fact that he was personally served with the complaint and summons earlier under Rule 4. **This is because he has not appeared in the action** and thus acquiesced in the Rule 5 regime of notice by mere mail that applies to parties **after they appear** in a civil action, a system of service by mail that depends, among other things, upon the defendant (or his counsel) identifying on the record a proper mailing address for purposes of the action (pursuant to Rule 11(a)). **Non-appearing defendants are thus like any other non-party** - they must be subpoenaed to require their attendance at a deposition.

so. [3]

## II.   Alternative Reply

### A.   Out of an Abundance of Caution, STRICKER Further Replies as Follows:

Notwithstanding the foregoing preliminary consideration, Plaintiff's opposition is never-the-less insufficient to refute the factual and legal points raised in STRICKER'S motion to dismiss based upon defective and insufficient service of a valid summons and complaint, and to satisfy his burden under FRCP Rule 4.   As set forth in STRICKER'S motion, the result of the failed service of process, the most basic due process requirement afforded to STRICKER, is that this Court is without a valid basis to assert personal jurisdiction over STRICKER in this matter. Below, STRICKER addresses only those few points raised by Plaintiff's opposition arguably worthy of clarification given the motion to dismiss.

### B.  Standard of Review/Proof:

"Although defendant is the moving party on the motion to dismiss, plaintiff is the party who invoked the court's jurisdiction. Therefore, plaintiff bears the burden of proof on the necessary jurisdictional facts. *In re Western States Wholesale Natural Gas Antitrust Litig.* (9th Cir. 2013) 715 F3d 716, 741; *Gardemal v. Westin Hotel Co.* (5th Cir. 1999) 186 F3d 588, 592; see [3:116.5]  As set forth below (see ¶ 9:116 ff.), the "weight of the burden" imposed will largely depend on whether the trial court rules on written submissions or conducts an evidentiary hearing on the motion." *See,* D. Motions to Dismiss (Rule 12(b)), Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-D.

Where the motion challenges the facts alleged (re Jurisdiction), a Rule 12(b)(2) motion must be decided on the basis of competent evidence (usually declarations and where appropriate, discovery materials). *Walk Haydel & Assocs., Inc. v. Coastal Power Production Co.* (5th Cir. 2008) 517 F3d 235, 241; *Data Disc, Inc. v. Systems Tech. Assocs., Inc.* (9th Cir. 1977) 557 F2d 1280, 1289, fn. 5." *Id.*  "If plaintiff makes the requisite jurisdictional showing, the burden shifts to defendant to set forth a "compelling case" that the exercise of personal jurisdiction "would not

---

[3] Should he so choose, Plaintiff's option include utilizing the waiver of service provisions of Rule 4.

be reasonable." *CollegeSource, Inc. v. AcademyOne, Inc.* (9th Cir. 2011) 653 F3d 1066, 1076 (internal quotes and citation omitted)." "In this context, a "*prima facie*" showing means that plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction.  [Citations]. *Id.*

It is also true that a summons, *issued* by a federal district court, is "effective to establish jurisdiction" over a defendant assuming other requirements are also satisfied. *See*, B. Service of Summons and Personal Jurisdiction, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 5-B:  a. [5:24.1].   "Effective to establish jurisdiction" deals only with service of process." *Id.* Thus, to defeat or overcome plaintiff's initial showing, a defendant must demonstrate the presence of *other considerations* that would render personal jurisdiction unreasonable. *See*, D. Motions to Dismiss (Rule 12(b)), Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-D. [9:118.  If the declarations submitted on the motion to dismiss do raise issues of credibility or disputed facts, as STRICKER has done here, the court has discretion to order a preliminary hearing (see FRCP 12(i)) to resolve the contested issues. Though it does not "automatically involve or require live testimony". *See*, *Id. [at 9:121].*  In this situation, *plaintiff* must establish the requisite jurisdictional facts by a preponderance of the evidence, just as plaintiff would have to do at trial.  *Data Disc, Inc. v. Systems Tech. Assocs., Inc., supra,* 557 F2d at 1285; *Dorchester Fin'l Secur., Inc. v. Banco BRJ, S.A.* (2nd Cir. 2013) 722 F3d 81, 85, 86 - error to resolve factual disputes in defendant's favor before evidentiary hearing]].  *Id, at* [9:120].

Further, the court cannot assume the truth of allegations in a pleading that are contradicted by a sworn affidavit.  *See*, *Id. [at 9:115] Data Disc, Inc. v. Systems Tech. Assocs., Inc., supra*, 557 F2d at 1284; *Ranza v. Nike, Inc.* (9th Cir. 2015) 793 F3d 1059, 1068—plaintiffs also cannot rest on … "bare allegations."   Finally, while allowing certain narrowly tailored discovery on the disputed issues of jurisdiction is within the court's sound discretion, it usually is exercised in limited cases. *Id. [at 9:128.1].*

Here, Plaintiff arguably makes a *prima facia* case for service of process, if only relying on the US Marshals return of service [ECF 82] such that it is, and assuming it is believed (which can include being free of error).  So while STRICKER points out potential issues with this

"return" in his motion [4], and assuming for this Reply that these issues are (can be) overcome, STRICKER'S motion sufficiently challenges Plaintiff's factual assertions related to the sufficiency and manner of the alleged service (*i.e.,* personal jurisdiction), so as to shift the burden back Plaintiff to show by a preponderance of competent evidence that in fact, STRICKER was served with the actual *valid summons <u>and</u> entire FAC.*  Finally, and while reasserting the Preliminary Matters, in the beginning of this pleading, procedural issues relevant to the Court's options for proceeding and ruling on STRICKER'S motion are discussed below.

### C.  <u>STRICKER Did Not Enter A General Appearance</u>:

Throughout his opposition, Plaintiff asserts that STRICKER entered a general appearance in this matter prior to his Motion to dismiss and therefore has waived any claim of lack of personal jurisdiction.   This claim is without merit.  STRICKER has <u>not</u> submitted to jurisdiction in the present case, and his counsel has yet to make a general appearance in this proceeding for STRICKER, including by filing a motion to extend the time to "respond."

"An appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court.  This is an affirmative act involving knowledge of the suit and an intention to appear." *Benny v. Pipes*, 799 F.2d 489 (9th Cir. 1986) at 492 (citations omitted).  However, "'[n]ot every act by a party that is addressed to the court or relates to the litigation will be deemed an appearance.' " *Blankenship v. Account Recovery Service, Inc.*, No. 15-2551, 2017 WL 1653159, at *2 (S.D. Cal. May 2, 2017) (citing *Taylor v. Boston & Taunton Transp. Co.*, 720 F.2d 731, 733 (1st Cir. 1983)).

In *Benny*, the Ninth Circuit held that three pre-answer motions for extension of time to respond did not constitute a general appearance. 799 F.2d at 493. *See* <u>A. Rule 12—Introduction</u>, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-A [9:10.2]; and *Blum v. Raizada*, No. 18-CV-2513 DMS (BLM), 2019 WL 13159733, at *4 (S.D. Cal. Apr. 23, 2019).  *See also* § 1386 <u>Application of Rule 12(g)—Limited to Rule 12 Motions</u>, 5C Fed. Prac. & Proc. Civ. § 1386 (3d ed.) [motions for enlargement of time are provided for by Rule 6(b) and have no relation or

---

[4] Points and Authorities ISO Motion To Dismiss, p.9:24-p.10:9.

connection with motions by way of defense or objection which are regulated by Rule 12]; and *Davenport v. Superior Court of Cal. in and for Imperial County,* 183 Cal. 506, 509, 191 P. 911 (1920) [An extension of time to plead or a request for an order extending the time to pleading does not constitute a general appearance in the absence of an indication of an intention to appear].

Indeed, the Federal Rules have abolished the distinction between "general" and "special" appearances still recognized in many state courts. No defense or objection is waived by joinder with other defenses (FRCP 12(b)); and all motions must be consolidated (FRCP 12(g)). *See*, D. Traditional Bases for Personal Jurisdiction, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 3-D [3:66]. Thus, as long as the defense is "timely" raised, defendant may appear in and defend the action *without* waiving the jurisdictional objections. *See*, *Wright v. Yackley* (9th Cir. 1972) 459 F2d 287, 291; see ¶ 9:14.5]. *Id.* Here, as set forth in STRICKER'S motion and uncontroverted by Plaintiff, STRICKER'S motion to dismiss was timely.

### D. **Further Inquiry of STRICKER Is Unwarranted And Unnecessary**:

Plaintiff complains that he must, as he claims is his right, cross-examine or conduct discovery upon STRICKER, accusing him of a "Cockamamie" scheme to de-fraud the Court and defame the US Marshals. [Opp. pgs. 5-11]. [5] In fact, the only point STRICKER raises in his motion about the Deputy US Marshals, was to declare exactly what it was he received from the Deputies. No more and no less. *See,* Declaration of STRICKER ISO motion to dismiss. Moreover, further inquiry by cross-examination or otherwise could elicit nothing further from STRICKER and any request to do conduct the same should be denied (including pursuant to Local Rule 7-8, discussed below). STRICKER has already stated that he has no personal knowledge "of how or what documents, if any, were ever provided by Plaintiff to the USM for service on December 28, 2023, or whether and to what extent the USM's Office took it upon itself to gather the documents actually delivered to me as set forth above. I can only attest to what documents were actually presented to me by the USM, as I have above." *Id.* at para. 5.

---

[5] Plaintiff also claims, including elsewhere in this action, that he also has a right to cross examine STRICKER'S counsel, and that there has been a waiver of STRICKER'S attorney client privilege. These claims lack any legal foundation or merit, and warrant no further discussion.

Accordingly, assuming the motion was not moot as contended above, it is for *Plaintiff*, and *his* burden, to explore these issues with the Court and/or the US Marshals themselves. Plaintiff has declared what he believes were fraudulent printouts provided by STRICKER in support of his motion, and that he provided the Clerk's office in November with the actual "valid" materials he believes were required to obtain personal jurisdiction over STRICKER. Plaintiff stopped short, however, of explaining or providing *any* support for these claims, including what the Clerk's office did with the materials, when, how or whether any of this material came to be possessed by the Deputy Marshals, and thus what, ***specifically,*** the Deputies actually handed STRICKER -- including whether the Deputies ever even knew or looked at what it was they served.  Perhaps they simply handed STRICKER the sealed envelope containing the documents attested to by STRICKER and pursuant to Plaintiff's instructions, without ever actually examining the contents.  Perhaps these documents came from Plaintiff directly as part of the signed instructions he provided to the US Marshal dated in September 2023, 46 days before the actual summons signed by the Court was even issued, and long before his claimed November "mail" to the Court of the alleged valid service documents.  These are <u>not</u> facts that STRICKER can attest to, beyond what he already declared he actually received.  STRICKER also cannot provide any information about what any other parties to this action did or did not receive, or the reasons said parties responded the particular way they did to date (*i.e., by particular challenge, motion, answer, etcetera).*  Plaintiff's "doctrine of chances" argument is simply without merit or foundation and not relevant to STRICKER.

Finally, and contrary to Plaintiff's reliance on Local Rule 7-8, he is <u>not</u> entitled thereby to cross-enamine STRICKER.  In fact, Local Rule 7-8 expressly "*excludes*" from its application "motions contesting personal jurisdiction."  Indeed, STRICKER'S motion does just that, which necessarily includes the theory that he is presently beyond the subpoena power of the Court, as further provided in Rule 7-8.   For the reasons stated above, Plaintiff is <u>not</u> entitled to cross-enamine STRICKER, and it remains his ultimate burden to find answers to the questions from those with personal knowledge and necessary to establish this Court's personal jurisdiction over STRICKER.

**E.  <u>The Court Has Discretion To Dismiss, or Quash Defective Service</u>**:

Plaintiff complains as a last straw, that he should be granted time to effect proper service (as opposed to a dismissal) should the Court agree that service upon STRICKER failed to comply with the requisite due process.  STRICKER has already acknowledged this authority in his motion.  The only exception being if the Court, through further inquiry by the Court or Plaintiff (as posited above), finds that there is *not* good cause to extend to Plaintiff this option.  STRICKER does not contend this has been established as of this Reply, but only that the Court must determine whether good cause in fact exists under the circumstances to avoid dismissal.

In *Puett v. Blandford*, 912 F.2d 270, 274–75 (9th Cir. 1990), the Court held: "We agree with the reasoning of the Second Circuit in *Romandette*, 807 F.2d 309, and the Fifth Circuit in *Rochon*, 828 F.2d 1107," to hold that an incarcerated pro se plaintiff proceeding in forma pauperis, free from blame (*i.e., upon a finding of good cause*) is entitled to rely on the U.S. Marshal for service of the summons and complaint.  The Court's holding assumes that the plaintiff provided the necessary information to help effectuate service.  Thus, absent a finding of a *lack* of good cause due to plaintiff's actions or inactions, the Court found plaintiff should not be penalized by having his or her action dismissed for failure to effect service "where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure."

STRICKER clearly made his motion in the alternative, *i.e., to Dismiss or Quash* the defective service.  The Court may, with the latter option, extend the time for Plaintiff to effect proper service, should he so choose, should the Court determine that a dismissal of the action as to STRICKER is improper.  STRICKER stands by his motion in this regard.

### III.   <u>Conclusion</u>

For the reasons stated in the Preliminary Matters under in "Section I," above, the Court should order that in order to obtain the required personal jurisdiction over STRICKER, should Plaintiff so choose, Plaintiff must comply with service as set forth in FRCP Rule 4, as to STRICKER.  Alternatively, as illustrated herein and by the pending Motion to Dismiss and "Section II," above, Plaintiff has failed to serve Defendant STRICKER with a valid, signed, dated,

sealed ["issued"] summons, or a required copy of a compete operative complaint in this action, or to establish good cause for his failure to do.  As a *result,* Plaintiff failed to satisfy FRCP Rule 4, and the most basic due process requirement as to STRICKER, which is absolutely indispensable to this Court's assertion of personal jurisdiction over him, in <u>*any*</u> capacity.  For these reasons, this action should be dismissed as to STRICKER, OR, subject to the Court's reasoned discretion, the disputed 2023 service by the US Marshal related to the incomplete FAC Quashed.  In that event, in fact in <u>*any*</u> event (see Section I *re mootness*), Plaintiff is required to effect proper service of the operative **SAC** (or TAC as the case may be) as to STRICKER, should he choose to make him a party to this action.  Otherwise, STRICKER is and will continue to be a non-party, outside the personal jurisdiction of the Court.

Dated: April 9, 2024,                         Respectfully,

                                                              /s/ Scott C. Hawkins
                                              By:     _____
                                                              Scott C. Hawkins, Senior Deputy County Counsel
                                                              Attorneys for Defendant,
                                                              JEFF STRICKER

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of 18 years, and not a part to this action.  My business address is 2220 Tulare Street, Suite 500, Fresno CA, 93721.

On April 9, 2024, I electronically filed the foregoing **REPLY ISO DEFENDANT, JEFF STRICKER'S, NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, TO QUASH SERVICE,** to be electronically filed with the Court through its CM/ECF system, which will provide notice to counsel of record in this case.

I also certify under penalty of perjury pursuant to the laws of the United States, that on April 9, 2024, I will cause the foregoing **REPLY ISO DEFENDANT, JEFF STRICKER'S, NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, TO QUASH SERVICE**  to be served via U.S. Mail to:

**Caleb L. McGillvary**
**#1222665/SBI #102317G**
**New Jersey State Prison**
**P.O. Box 861**
**Trenton, NJ 08625**


Dated: April 9, 2024

Respectfully submitted,


DANIEL C. CEDERBORG
County Counsel


/s/ Scott C. Hawkins

By:    _____
Scott C. Hawkins,
Sr. Deputy County Counsel,
Attorneys for Respondent,
Fresno County Sheriff's Sgt., Jeff Stricker.