H. MARC RUPP (SBN198871)
marc@hmrupp.com
HOWARD M. RUPP, APLC
615 North Paulina Avenue
Redondo Beach, CA 90277
T: (310) 903-8497 | F: (310) 733-5663

CAMERON STRACHER (*pro hac vice*)
cam@stracherlaw.com
SARA TESORIERO (*pro hac vice*)
sara@stracherlaw.com
CAMERON STRACHER, PLLC
51 Astor Place, 9th Floor
New York, NY 10003
T: (646) 992-3850 | F: (646) 992-4241

Attorneys for Defendant
BUNIM MURRAY PRODUCTIONS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CALEB MCGILLVARY,<br><br>     Plaintiff,<br><br>  vs.<br><br>NETFLIX, BUNIM-MURRAY PRODUCTIONS, JIMMY KIMMEL LIVE!, KMPH FOX NEWS, EBAUMSWORLD, FULTON 55, RAWTV, COLETTE CAMDEN, BRAD MULCAHY, ALEX AGUIRRE, CARTER HARRIS, JEFF STRIKER, GABRIEL SANCHEZ, TONY MARTIN, LISA SAMSKY, JENSEN RUFE, SALLE BRINDLE, ROB MILLER, JOHN DOE 1-5,<br><br>     Defendants. | Case No. 2:23-CV-01195-JLS-SK<br><br>**BUNIM-MURRAY PRODUCTIONS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:  June 7, 2024<br>Time:  10:30 a.m.<br>Dept:  Courtroom 8A |

## <u>NOTICE OF MOTION AND MOTION</u>

PLEASE TAKE NOTICE that on June 7, 2024, at 10:30 a.m. or as soon as may be heard in Courtroom 8A of the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Los Angeles, California 90012, defendant Bunim Murray Productions ("Bunim Murray") will and hereby does move this Court for an order dismissing the claims against it in the Second Amended Complaint ("SAC") asserted by *pro se* plaintiff Caleb L. McGillvary ("Plaintiff"). This Motion is exempt from the conference of counsel requirement under Local Rules 7-3 and 16-12(c) because Plaintiff is appearing *pro se*, is in custody, and is not an attorney.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's SAC fails to state a claim for the following reasons:[1]

- Plaintiff has not pleaded an agency relationship as to Bunim Murray;

- Plaintiff's claims for "agency," "conspiracy," and "constructive trust" fail because they are not causes of action under California law;

- Plaintiff's breach of confidence claim fails because he does not identify any information he conveyed to Bunim Murray that was "novel and confidential;"

- Plaintiff's fraud claim fails because it is not pleaded with the requisite particularity under Rule 9(b), and because he fails to plead how he was damaged by any alleged misrepresentations by Bunim Murray;

- Plaintiff's claims for defamation damages from Bunim Murray could be struck because he has not alleged that they are responsible for the underlying claim;

- Plaintiff's RICO claim fails because he cannot show the existence of an enterprise involving Bunim Murray, because he cannot identify any conduct

---

[1] Bunim Murray has not been served with the SAC in this action, however, it proactively submits this Motion to Dismiss the SAC to preserve its arguments for dismissal of all claims.

constituting racketeering activity, and because he cannot demonstrate a pattern of racketeering activity;

- Plaintiff's intentional infliction of emotional distress and public disclosure of private facts claims fail because they are duplicative of his defamation claim and barred by the First Amendment;

- Plaintiff's emotional distress claim also fails because his allegations are not sufficiently egregious;

- Plaintiff's public disclosure of private facts claim also fails because Plaintiff does not identify a private fact disclosed by Bunim Murray.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, all pleadings, files and records in this action, and all other matters of which the Court may take judicial notice.

DATED: April 30, 2024                    Respectfully submitted,

                                         HOWARD M. RUPP, APLC

                                         By: By: _/s/ H. Marc Rupp_____
                                         Howard M. Rupp


                                         CAMERON STRACHER, PLLC

                                         By: _/s/ Cameron Stracher_____
                                         Cameron Stracher (*pro hac vice*)

                                         Attorneys for Defendant
                                         BUNIM MURRAY PRODUCTIONS

2

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................. 1

II. RELEVANT FACTUAL BACKGROUND ........................................... 1

III. ARGUMENT ...................................................................................... 3

    A. PLAINTIFF HAS NOT PLEADED AN AGENCY RELATIONSHIP AS TO BUNIM MURRAY ........................................................................ 4

    B. PLAINTIFF'S CLAIMS FOR "AGENCY," "CONSPIRACY," AND "CONSTRUCTIVE TRUST" ARE NOT CAUSES OF ACTION. ............ 5

    C. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONFIDENCE ................................................................................. 5

    D. PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD ..................... 6

    E. PLAINTIFF'S REQUEST FOR DAMAGES FROM BUNIM MURRAY ARISING FROM DEFAMATION SHOULD BE STRICKEN ................. 8

    F. PLAINTIFF FAILS TO PLEAD A CLAIM FOR VIOLATION OF THE RICO STATUTE ............................................................................. 8

        1. Plaintiff cannot establish that Bunim Murray conducted a RICO enterprise. ............................................................................... 9

        2. Plaintiff has failed to allege a "racketeering activity." ................... 10

        3. Plaintiff cannot plead a pattern of racketeering activity. ................. 12

    G. PLAINTIFF'S REMAINING CLAIMS FAIL AS A MATTER OF LAW. ................................................................................................ 13

        1. Plaintiff's Claims Are Barred By the First Amendment ................. 13

        2. Plaintiff Fails to State a Claim for Emotional Distress .................... 15

        3. Plaintiff Fails to State a Claim for Public Disclosure of Private Facts. ..................................................................................... 16

IV. CONCLUSION ................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**

*Aliotti v. R. Dakin & Co.*, 831 F.2d 898 (9th Cir. 1987) .................................................. 6

*Amarise v. Related Companies*, 2020 WL 8474757 (C.D. Cal. 2020) ............................. 3

*Anderson v. Perez*, 2023 WL 8881512 (C.D. Cal. Sept. 8, 2023) ................................ 14

*Applied Equip. v. Litton Saudia Arabia*, 7 Cal. 4th 503 (Cal. 1994) ............................... 5

*Arouchian v. Bank of Am., N.A.*, 2012 WL 12897038 (C.D. Cal. Oct. 11, 2012) ........................................................................................................................... 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................... 3, 4, 6

*Baumer v. Pachl*, 8 F.3d 1341 (9th Cir. 1993) ................................................................ 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................... 3

*Brazil v. U.S. Dep't of Navy*, 66 F.3d 193 (9th Cir. 1995) ............................................. 3

*Bredberg v. Middaugh*, 2022 WL 2662878 (9th Cir. July 11, 2022) ........................... 10

*Brown v. Hearst Corp.*, 54 F.3d 21 (1st Cir. 1995) ....................................................... 15

*Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 579 (Cal. 1979) ............................................ 15

*Colby v. Newman*, 2013 WL 12125529 (C.D. Cal. Aug. 29, 2013) ............................... 7

*Comstock v. Aber*, 151 Cal. Rptr. 3d 589 (Cal. Ct. App. 2012) .................................... 15

*Conte v. Newsday, Inc.*, 703 F.Supp.2d 126 (S.D.N.Y. 2010) ...................................... 11

*Cox Broad. Corp. v. Cohn*, 420 U.S. 469 (1975) ........................................................... 14

*Davidson v. City of Westminster*, 32 Cal. 3d 197 (Cal. 1982) ....................................... 15

*Dual Diagnosis Treatment Ctr., Inc. v. Centene Corp.*, 2021 WL 4464204 (C.D. Cal. May 7, 2021) ........................................................................................ 9, 10

*Dworkin v. Hustler Magazine, Inc.*, 668 F.Supp. 1408 (C.D. Cal. 1987) ..................... 14

ii

*Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 2012 WL 713289 (N.D. Cal. Mar. 5, 2012) ............................................................................ 13

*Encarnacao v. Phase Forward Inc.*, 2012 WL 404971 (C.D. Cal. Feb. ), *reconsideration denied by* 2012 WL 870674 (Mar. 14, 2012) ................................ 13

*Fleites v. MindGeek S.A.R.L.*, 617 F. Supp. 3d 1146 (C.D. Cal. 2022) .......................... 5

*Flores v. Emerich & Fike*, 416 F. Supp. 2d 885 (E.D. Cal. 2006) .................................. 9

*Flynn v. Higham*, 149 Cal. App. 3d 677 (Cal. Ct. App.1983) ....................................... 14

*Gusler v. Kawasaki Motors Corp.*, 2000 WL 491703 (9th Cir. Apr. 26, 2000) ............................................................................................................ 6

*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989) ...................................... 12

*Hogan v. Hearst Corp.*, 945 S.W.2d 246 (Tex. Ct. App. 1997) ................................... 15

*Hogan v. Weymouth*, 2019 WL 11055032 (C.D. Cal. Aug. 19, 2019) .......................... 16

*Howard v. Am. Online Inc.*, 208 F.3d 741 (9th Cir. 2000) ......................................... 9

*Hunt v. Zuffa, LLC*, 2021 WL 4355728 (9th Cir. Sept. 24, 2021) ............................... 10

*Hustler Magazine v. Falwell*, 485 U.S. 46 (1988) ...................................................... 13

*Imageline, Inc. v. CafePress.com, Inc.*, 2011 WL 1322525 (C.D. Cal. Apr. 6, 2011) ............................................................................................................ 4

*Jackson v. Mayweather*, 10 Cal. App. 5th 1240 (Cal. Ct. App. 2017), *as modified* (Apr. 19, 2017) .............................................................................. 14

*Jennings v. Emry*, 910 F.2d 1434 (7th Cir.1990) ....................................................... 11

*Kimm v. Lee*, 2005 WL 89386 (S.D.N.Y. Jan. 13, 2005), *aff'd sub nom. Kimm v. Chang Hoon Lee & Champ, Inc.*, 196 F. App'x 14 (2d Cir. 2006) ............................................................................................................ 11

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005) ......................................................... 2

*Mathison v. Bumbo*, 2008 WL 8797937 (C.D. Cal. Aug. 18, 2008) .............................. 7

*McGillvary v. New Jersey*, 142 S. Ct. 1685 (2022) ...................................................... 3

iii

*McGowan v. Weinstein*, 505 F. Supp. 3d 1000 (C.D. Cal. 2020).................................. 12

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) ............................................ 3

*Michalak v. Edwards*, 1997 WL 561424 (6th Cir. 1997) ................................ 11

*Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2013 WL 12114762 (C.D. Cal. Oct. 8, 2013)............................................................................ 14

*Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531 (9th Cir. 1989) ........................... 11

*Prime Partners IPA of Temecula, Inc. v. Chaudhuri*, 2012 WL 1669726 (C.D. Cal. May 14, 2012) ........................................................ 13

*Quach v. Cross*, 2004 WL 2860346 (C.D. Cal. June 10, 2004), *aff'd*, 252 F. App'x 775 (9th Cir. 2007)........................................... 11, 12, 13

*Reed v. Nat'l Football League*, 2015 WL 13333481 (C.D. Cal. Sept. 24, 2015) ..................................................................................... 6

*Reeves v. Fox Television Network*, 983 F. Supp. 703 (N.D. Ohio 1997) ...................... 15

*Reves v. Ernst & Young*, 507 U.S. 170 (1993) .................................................. 9

*Rosen v. Duel*, 2023 WL 7475733 (C.D. Cal. Mar. 21, 2023) ..................................... 11

*Schmidt v. Herrmann*, 614 F.2d 1221 (9th Cir. 1980).......................................... 3

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529 (9th Cir. 1992)................................ 12

*Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 225 (Cal. Ct. App. 1998), *as modified on denial of reh'g* (July 29, 1998) ........................................ 14

*Snyder v. Phelps*, 562 U.S. 443 (2011) ..................................................... 13

*State v. McGillvary*, 2021 WL 3378024 (N.J. App. Aug. 4, 2021)................................ 3

*Tanvilai v. Safeco Ins. Co. of Am.*, 2008 WL 11338883 (C.D. Cal. Mar. 27, 2008) ...................................................................................... 5

*Tele-Count Engineers, Inc. v. Pac. Tel. & Tel. Co.*, 168 Cal. App. 3d 455 (Cal. Ct. App. 1985)....................................................... 6

*United States v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011) ............................. 7

iv

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) .................................... 6, 7

*Wegner v. Wells Fargo Bank, N.A.*, 791 F. App'x 669 (9th Cir. 2020) ......................... 11

**Statutes**

18 U.S.C. § 1961 .................................................................................. 8, 11, 12

18 U.S.C. § 1962 .................................................................................. 8, 9

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................... 6

Rule 8 ................................................................................................ 3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff is a convicted murderer who brings this lawsuit against numerous defendants, asserting 51 causes of action in a 132-page, 457-paragraph complaint.  As against defendant Bunim Murray, Plaintiff's claims arise from a car trip with two Bunim Murray employees in February 2013, from Santa Rosa to Hollywood, some of the details of which were recounted in the Netflix documentary, *The Hatchet Wielding Hitchhiker* (the "Documentary").  All of Plaintiff's claims against Bunim Murray should be dismissed, however, because beneath Plaintiff's rambling, discursive allegations, he fails to state a claim as a matter of law.

### II.   RELEVANT FACTUAL BACKGROUND

Plaintiff first achieved a certain level of notoriety when, on February 1, 2013, he used his hatchet to rescue a woman being assaulted by a driver who had picked up Plaintiff while he was hitchhiking.  SAC ¶ 1.  After the driver, Jett McBride, intentionally crashed his car into a crowd of power line workers, SAC ¶ 2(a), McBride attacked Tonya Baker, and Plaintiff "used his camping hatchet with force 3 times on McBride's head in defense of Tonya."  *Id.* ¶ 2(c).  Plaintiff's actions were widely reported upon, including by KMPH-TV, *see* SAC ¶ 7, and a video of the KMPH interview on YouTube currently has more than four million views.  *See* FULL INTERVIEW WITH KAI, THE HOMELESS HITCHHIKER WITH A HATCHER, https://www.youtube.com/watch?v=-Xa0NfCdLk4 (last visited February 15, 2024).  The KMPH interview was then sampled by the Gregory Brothers and turned into a song, which currently has more than eleven million views.  *See* SMASH, SMASH, SMASH!, https://www.youtube.com/watch?v=wDQTvuP1Dgs (last visited February 15, 2024); *see also* SAC ¶ 8 (claiming that Plaintiff "registered his copyright to the dramatic work "Smash, Smash, SUH-MASH!" on February 6, 2013).[2]

_____

[2] The Court may consider these videos, as well as the Documentary, in ruling on Bunim Murray's motion because they are referenced and incorporated in Plaintiff's

In the wake of the reporting about Plaintiff's actions, Bunim Murray contemplated producing a reality television series focusing on Plaintiff. SAC ¶ 15. On February 9, 2013, Defendant Lisa Samsky ("Samsky") contacted Plaintiff to offer him a ride to Hollywood. SAC ¶¶ 16–20. According to Plaintiff, Samsky represented that she was an agent of Jimmy Kimmel, and offered him a "limousine full of marijuana if Plaintiff would perform for Jimmy Kimmel." *Id.* ¶ 18. Mistakenly believing that Samsky and Defendant Jensen Rufe were agents of Kimmel's, Plaintiff accepted a ride with them from Santa Rosa to San Francisco, and then later to Hollywood, Beverly Hills, and Hermosa Beach. *Id.* ¶¶ 20 & 27. In fact, both Samsky and Rufe worked for Bunim Murray.[3] *Id.* ¶ 16. During the ride, Plaintiff alleges, Samsky and Rufe gave him a contract to sign, but he was too intoxicated to understand it or spell his name, and he "simply drew 'hieroglypics' on the document." *Id.* ¶ 20. Plaintiff also alleges that during the ride, he "conveyed confidential and novel information" to Samsky and Rufe, although he does not specify the nature of the information, which they recorded. *Id.* ¶ 24. Later, Plaintiff claims, the "BM Defendants" sold the recordings to Defendants Netflix and RawTV. *Id.* ¶ 77.

On February 10, 2013, Plaintiff alleges that Samsky and Rufe "transferred guardianship" to Defendants Brad Mulcahy and Jimmy Kimmel Live.[4] *Id.* ¶ 28. Plaintiff does not allege that he had any further contact with Bunim Murray, and he does not allege to have ever had any contact with any agents or employees of Bunim Murray aside from Samsky and Rufe.[5]

SAC. *See Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005) (court may consider matters referenced in, but not attached to, a complaint). The Documentary is available via Netflix: https://www.netflix.com/title/81436777.

[3] The SAC refers to Samsky, Jensen, and Bunim Murray collectively as the "BM Defendants." *See* SAC ¶ 16.

[4] The SAC refers to Samsky, Jensen, Bunim Murray, Mulcahy, and Jimmy Kimmel Live collectively as the "BMJKL Defendants." *See* SAC ¶ 17.

[5] Plaintiff claims to have sent the "Legal Notice … Of Disavowal Of Voidable Contract," attached to the SAC as Exhibit J to Bunim Murray, but does not claim to have received any response. *See* SAC ¶ 91.

Several months later, in May 2013, Plaintiff was arrested for and ultimately convicted of murdering New Jersey attorney Joseph Galfy, Jr.  *State v. McGillvary*, 2021 WL 3378024, at *1 (N.J. App. Aug. 4, 2021).  He is currently serving a 57-year sentence for his crime.  *See id.*; *McGillvary v. New Jersey*, 142 S. Ct. 1685 (2022) (denying cert).

In 2023, Netflix released the documentary *The Hatchet Wielding Hitchhiker*. SAC ¶ 101.  The Documentary featured numerous interviews about Plaintiff, his actions, his media appearances, and his crime, and includes recollections from Samsky and Rufe about their interactions with Plaintiff in 2013.  *See* SAC ¶¶ 82, 84.  Bunim Murray was not involved in the production of the Documentary.  *See id.* ¶ 78.

## III.   ARGUMENT

To state a valid claim under Rule 8 of the Federal Rules of Civil Procedure, the factual allegations in the complaint must be sufficiently precise to raise a right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007) (*Twombly*); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Iqbal*) (plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  At a minimum, a complaint must allege enough specific facts to provide "fair notice" of the claim being asserted, and "the grounds upon which it rests."  *Twombly*, 550 U.S. at 555; *see also McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding Rule 8 dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (holding that even *pro se* pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding Rule 8 dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings"); *Amarise v. Related Companies*, 2020 WL 8474757, at *5 (C.D. Cal. Nov. 24, 2020) (dismissing *pro se* complaint comprised of "jumbled allegations about things that have gone wrong throughout [plaintiff's] life

[that] do not provide any basis for determining why the Defendants have been sued here and under what sort of cognizable claim they might be liable").

Here, Plaintiff's claims against Bunim Murray should be dismissed because they do not meet these federal pleading standards.

### A. PLAINTIFF HAS NOT PLEADED AN AGENCY RELATIONSHIP AS TO BUNIM MURRAY.

As an initial matter, all of Plaintiff's claims against Bunim Murray fail because they are based solely on the conduct of Samsky and/or Rufe, and Plaintiff has not adequately alleged an agency relationship between Samsky and/or Rufe and Bunim Murray. "To sufficiently plead an agency relationship, a plaintiff must allege facts demonstrating the principal's control over its agent." *Imageline, Inc. v. CafePress.com, Inc.*, 2011 WL 1322525, at *4 (C.D. Cal. Apr. 6, 2011); *see also id.* ("The essential elements of an agency relationship are: (1) that the agent or apparent agent holds power to alter legal relations between the principal and third persons and between the principal and himself; (2) that the agent is a fiduciary with respect to matters within the scope of the agency; and (3) that the principal has right to control the conduct of the agent with respect to matters entrusted to him.") (quotations omitted).  Here, Plaintiff merely asserts that Samsky and Rufe "were employees and agents of Bunim Murray" or "were acting under the apparent authority of Bunim Murray and/or Jimmy Kimmel" during the car trip in 2013.  SAC ¶ 103.  Such legal conclusions are insufficient to plead an agency relationship as a matter of law.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quotations omitted); *Imageline*, 2011 WL 1322525 at *4 (finding that plaintiff's assertion that "each defendant was the 'agent, partner, servant, supervisor, employee, successor and/or joint venturer of each of the remaining defendants'" was "nothing more than legal conclusions of the type prohibited by *Iqbal* and *Twombly*").  Thus, on this basis alone, all of Plaintiff's claims against Bunim Murray should be dismissed.

Moreover, Plaintiff does not allege that Samsky or Rufe were agents of Bunim Murray when they were interviewed for the Documentary in 2021, eight years after the car trip. Thus, Plaintiff's claims against Bunim Murray for breach of confidence (Count One), intentional infliction of emotional distress (Count Thirty-Seven), public disclosure of private facts (County Forty-Five), and violations of RICO (Count Forty-Nine and Count Fifty), which are all premised on the alleged statements made by Samsky and Rufe in the Documentary, should be dismissed on that independent ground. *See* SAC ¶¶ 118, 265, 306, 353, 358, 371, 376.

## B.   PLAINTIFF'S CLAIMS FOR "AGENCY," "CONSPIRACY," AND "CONSTRUCTIVE TRUST" ARE NOT CAUSES OF ACTION.

To the extent Plaintiff asserts independent causes of action for "Agency" (unnumbered "Legal Claim," SAC ¶¶ 102–109), "Conspiracy" (Count Six), and "Constructive Trust" (Count Nine), those claims should be dismissed because they are not causes of action under California law. *See Fleites v. MindGeek S.A.R.L.*, 617 F. Supp. 3d 1146, 1167 (C.D. Cal. 2022) (dismissing conspiracy claim where Plaintiff either "mistakenly pled civil conspiracy as a standalone tort" or failed "to make clear which tort causes of action [defendant] allegedly conspired to commit"); *Arouchian v. Bank of Am., N.A.*, 2012 WL 12897038, at *3 (C.D. Cal. Oct. 11, 2012) ("[C]onstructive trust is not a cause of action . . . "); *Tanvilai v. Safeco Ins. Co. of Am.*, 2008 WL 11338883, at *3 n. 2 (C.D. Cal. Mar. 27, 2008) (setting forth the "elements of an agency *theory of liability*") (emphasis added); *Applied Equip. v. Litton Saudia Arabia*, 7 Cal. 4th 503, 510–11 (Cal. 1994) ("Conspiracy is not a cause of action . . . Standing alone, a conspiracy does no harm and engenders no tort liability.").

## C.   PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONFIDENCE.

Plaintiff's claim for breach of confidence (Count One) also fails because he does not – and cannot – allege its basic elements. In order to prevail on a breach of confidence claim, a plaintiff must show that: "(1) [he] conveyed confidential and novel

5

information; (2) [defendants] had knowledge that the information was being disclosed in confidence; (3) there was an understanding between [defendants] and [plaintiff] that the confidence be maintained; and (4) there was disclosure or use in violation of the understanding." *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 903 (9th Cir. 1987) (citing *Tele-Count Engineers, Inc. v. Pac. Tel. & Tel. Co.*, 168 Cal. App. 3d 455, 462–65 (Cal. Ct. App. 1985)).

Plaintiff makes only conclusory assertions regarding his breach of confidence claim and does not identify what, if any, "confidential and novel" information he conveyed to Bunim Murray through Samsky and/or Rufe. *See* SAC ¶ 24 (alleging generally that he "conveyed confidential and novel information to BM Defendants" but not identifying the information). Accordingly, Count One should be dismissed. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Gusler v. Kawasaki Motors Corp.*, 2000 WL 491703, at *1 (9th Cir. Apr. 26, 2000) (affirming dismissal of breach of confidence claim where plaintiff's idea was not novel); *Reed v. Nat'l Football League*, 2015 WL 13333481, at *4 (C.D. Cal. Sept. 24, 2015) (granting motion to dismiss breach of confidence claim where plaintiff's actions indicated relevant information was not confidential).

### D.    PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD.

Plaintiff also fails to state a claim for fraud because he has failed to plead facts in support of the required elements with particularity. A claim for fraud under California law requires a plaintiff to demonstrate; 1) a false representation by the defendant, 2) knowledge of its falsity, 3) an intent to defraud, 4) justifiable reliance by the plaintiff, and 5) damages. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). Under Fed. R. Civ. P. 9(b), a plaintiff must plead fraud with particularity. *Id.* at 1103–04. To satisfy Rule 9(b), "[t]he circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct so that they can

defend against the charge and not just deny that they have done anything wrong." *Id.* at 1106 (internal quotations omitted).

Plaintiff's nebulous assertion that "BM Defendants defrauded Plaintiff of the value of his performing services . . . which Plaintiff was deprived of through BM Defendants' Fraud" does not sufficiently allege a claim for fraud against Bunim Murray. SAC ¶ 257. The claim improperly lumps defendants together and does not provide sufficient facts to inform Bunim Murray of the details of its alleged participation in the fraud. *See United States v. Corinthian Colleges*, 655 F.3d 984, 997–98 (9th Cir. 2011) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."). As a result, the SAC fails to allege facts that show Plaintiff relied on any false representation by Bunim Murray to his detriment.

To the extent Plaintiff claims he was defrauded by Samsky's alleged misrepresentation about working for Jimmy Kimmel, *see* SAC ¶ 18, his claim still fails because he has not pleaded facts demonstrating how he was damaged. To recover for fraud, a plaintiff must show that "he has sustained some pecuniary damage or injury by reason of having been put in a position worse than he would have occupied had there been no fraud." *Colby v. Newman*, 2013 WL 12125529, at *6 (C.D. Cal. Aug. 29, 2013) (citation omitted). The plaintiff "must have incurred actual monetary loss as a result of [d]efendants' alleged fraud." *Id.* Here, Plaintiff does not identify any monetary loss resulting from the alleged misrepresentation that Samsky was an agent of Jimmy Kimmel. He also fails to plead facts identifying his "performing services" or what value he allegedly lost by providing them. SAC ¶ 257. Accordingly, his fraud claim against Bunim Murray (Count Thirty-Three) should be dismissed. *See Mathison v. Bumbo*, 2008 WL 8797937, at *8 (C.D. Cal. Aug. 18, 2008) (holding that plaintiffs' allegation that they "would not have acted as they did" was not sufficient to plead damages for claim); *Colby*, 2013 WL 12125529, at *6 (granting motion to dismiss fraud

claim where plaintiffs' general claim that he suffered "lost profits, [and] lost assets" did not sufficiently plead damages).

### E. PLAINTIFF'S REQUEST FOR DAMAGES FROM BUNIM MURRAY ARISING FROM DEFAMATION SHOULD BE STRICKEN.

Although Plaintiff does not identify any allegedly defamatory statements made by Bunim Murray, his Prayer for Relief requests damages against the BM Defendants "jointly and severally" for damages arising from his defamation claim against Rufe, SAC ¶ 438. In addition to failing to plead an agency relationship as to Bunim Murray in general, Plaintiff does not plead that Rufe was an employee of Bunim Murray when his allegedly defamatory statements were made, or that he was otherwise acting under Bunim Murray's authority when he made them. *See supra*, III.A; *see also* SAC ¶¶ 103 (claiming that Rufe acted as an agent of Bunim Murray only during the events related to the car trip in 2013). Accordingly, Plaintiff's request for damages from Bunim Murray arising from his defamation claim should be stricken.[6]

### F. PLAINTIFF FAILS TO PLEAD A CLAIM FOR VIOLATION OF THE RICO STATUTE.

Plaintiff also brings a cause of action against Bunim Murray and other defendants for violation of the federal RICO statute, 18 U.S.C. § 1961, *et seq* (Count Forty-Nine and Count Fifty). *See* SAC ¶¶ 350–385. Specifically, Plaintiff asserts that as a participant in the "BM Defendants' Enterprise" and the "BMJKL Defendants' Enterprise," Bunim Murray formed a conspiracy in violation of section 1962(d). SAC ¶¶ 350, 368. Under section 1962(d), it is "unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c)," and the only substantive subsection identified by Plaintiff is (c). SAC ¶¶ 358, 364–65, 376, 382–83. To state a claim under 18 U.S.C. § 1962(c), a plaintiff must allege the existence of a RICO enterprise and that

---

[6] In the alternative, Plaintiff's defamation claim should be dismissed for the reasons set forth in Rufe's Motion to Dismiss. *See* Lisa Samsky and Jensen Rufe's Motion to Dismiss (ECF 127) 6–8.

defendants participated in a "pattern of racketeering activity."  18 U.S.C. § 1962(c); *accord Howard v. Am. Online Inc.*, 208 F.3d 741, 746 (9th Cir. 2000).  On the face of Plaintiff's SAC, however, Bunim Murray's alleged activities are insufficient to establish any required element of Plaintiff's RICO conspiracy claim.

### 1.    Plaintiff cannot establish that Bunim Murray conducted a RICO enterprise.

RICO liability does not exist unless each defendant has participated in the operation or management of the enterprise itself.  *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993).  To participate in a RICO enterprise, a defendant must have some role in directing the affairs of the enterprise.  *Baumer v. Pachl*, 8 F.3d 1341, 1344 (9th Cir. 1993).  Moreover, to state a RICO claim involving multiple defendants, a plaintiff must allege facts showing that *each* of the defendants conducted or participated in an enterprise through a pattern of racketeering activity.  *See Dual Diagnosis Treatment Ctr., Inc. v. Centene Corp.*, 2021 WL 4464204, at *6 (C.D. Cal. May 7, 2021) ("The 'touchstone' of a civil RICO claim is that each individual defendant must be shown to have personally participated in a pattern of racketeering activity.") (internal quotations omitted); *Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 911 (E.D. Cal. 2006) (conclusory allegations that defendants "engaged in a laundry-list of purported predicate acts" insufficient to establish RICO claim).  Finally, a RICO conspiracy requires that each defendant assented to contribute to the enterprise.  *Baumer*, 8 F.3d at 1346–47.

Here, the SAC refers to Bunim Murray collectively with other defendants and fails to attribute specific racketeering activities to it or allege that it agreed to contribute to the RICO enterprise.  *See, e.g.* FAC ¶¶ 213–216 (referring generally to "BM Defendants" and "BMJKL Defendants").  This alone renders Plaintiff's RICO claim deficient.  *See Baumer*, 8 F.3d at 1346–47 (affirming dismissal of RICO claim where "the bare allegations of the complaint provide[d] no basis to infer assent to contribute to

a common enterprise"); *Dual Diagnosis*, 2021 WL 4464204 at *6 (finding plaintiff failed to state a RICO claim where complaint referred to defendants collectively).

In addition, Plaintiff fails to allege "evidence of an ongoing organization" and "evidence that the various associates function as a continuing unit" as required to establish an association-in-fact RICO Enterprise. *Bredberg v. Middaugh*, 2022 WL 2662878, at *1 (9th Cir. July 11, 2022) (citation omitted).[7]  Although Plaintiff generally refers to the "BM Defendants' Enterprise," the SAC is bereft of any factual allegations evidencing an organization or continuing unit involving Bunim Murray.  In other words, Plaintiff does not allege that Bunim Murray was "associated together" with the other Defendants for a "common purpose."  *See id.* ("[T]he complaint must describe 'a group of persons associated together for a common purpose of engaging in a course of conduct.'") (citation omitted).  Therefore, Plaintiff's RICO claims against Bunim Murray should be dismissed.  *See id.*(affirming dismissal of RICO claim where the alleged racketeering activity was the only connection among the defendants, "which is not sufficient to establish the existence of an enterprise"); *Hunt v. Zuffa, LLC*, 2021 WL 4355728, at *2 (9th Cir. Sept. 24, 2021) (affirming dismissal of RICO claim where, although plaintiff alleged that defendants were "members of the RICO enterprise, he [did] not sufficiently allege that these alleged associates functioned as a unit, as opposed to a collection of unrelated individuals").

### 2. <u>Plaintiff has failed to allege a "racketeering activity."</u>

In addition, Plaintiff has failed to allege that Bunim Murray engaged in any sort of "racketeering activity."  Plaintiff's RICO claim is premised on his allegation that Samsky and Rufe recorded him while he was intoxicated and "in the United States in violation of law," SAC ¶¶ 24, 27, and that the BM Defendants were subsequently paid to provide those recordings for the Documentary.  *Id.* ¶¶ 77, 358, 376.  However,

---

[7] Under the RICO statute, "an enterprise may be a legal entity or an association-in-fact." *Bredberg*, 2022 WL 2662878 at *1.  Plaintiff admits there was no legal entity enterprise involving Bunim Murray. *See* SAC ¶¶ 350, 368.

recording someone while they are intoxicated or otherwise engaged in unlawful activity is not a racketeering activity.  *See* 18 U.S.C. § 1961 (listing conduct that qualifies as "racketeering activity").

To the extent the SAC asserts that Samsky's alleged misrepresentation about her connection to Jimmy Kimmel constitutes wire fraud, which serves as a RICO predicate act, Plaintiff's claim should still be dismissed.  *See* SAC ¶¶ 351, 354–57, 369, 372–75.  A RICO claim predicated on wire fraud must satisfy the Rule 9(b) heightened pleading requirements.  *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989); *Rosen v. Duel*, 2023 WL 7475733, at *3 (C.D. Cal. Mar. 21, 2023).  Plaintiff has failed to satisfy these pleading standards for his fraud claim.  *See, supra* III.D.[8]  Thus, Plaintiff's failure to adequately plead an underlying racketeering activity alone merits dismissal of Plaintiff's RICO claim.[9]  *See, e.g. Quach v. Cross*, 2004 WL 2860346, at *5 (C.D. Cal. June 10, 2004), *aff'd*, 252 F. App'x 775 (9th Cir. 2007) (dismissing RICO claim because allegation of "bogus sting" operation against plaintiff's business did not constitute "racketeering activity"); *Jennings v. Emry*, 910 F.2d 1434, 1438 (7th Cir.1990) (dismissing RICO claims because, *inter alia*, "[w]hile alleging statutory

---

[8] Plaintiff also fails to plead facts demonstrating that the alleged wire fraud was the proximate cause of any alleged harm, which is independently fatal to his RICO claim.  *See Rosen*, 2023 WL 7475733 at *4–5 (dismissing RICO claim with prejudice where the allegations underlying plaintiff's wire fraud claim were "too far attenuated" from the alleged issues that ultimately harmed plaintiff).

[9] Plaintiff also incorporates his claims about allegedly defamatory statements made by Rufe into his RICO claim by reference. *See* SAC ¶¶ 353, 358, 371, 376 (incorporating paragraph 84).  However, defamation is not a predicate act under section 1961.  *See* 18 U.S.C. § 1961(1); *Wegner v. Wells Fargo Bank, N.A.*, 791 F. App'x 669, 671 (9th Cir. 2020) ("[Plaintiff's] first RICO cause of action was properly dismissed because it is based on defamation, which is not a predicate act under RICO); *Michalak v. Edwards*, 1997 WL 561424, *4 (6th Cir. 1997) ("conspiracy to defame cannot serve as the predicate criminal act necessary for the imposition of civil RICO liability"); *Conte v. Newsday, Inc.*, 703 F.Supp.2d 126, 138 (S.D.N.Y. 2010) ("It is . . . well established that defamation does not provide a requisite predicate act for a RICO claim."); *Kimm v. Lee*, 2005 WL 89386, at *5 (S.D.N.Y. Jan. 13, 2005), *aff'd sub nom. Kimm v. Chang Hoon Lee & Champ, Inc.*, 196 F. App'x 14 (2d Cir. 2006) (recognizing same and collecting cases).

---

11

violation—indeed, while just about incorporating all of the federal and Indiana codes—
the allegations d[id] not allege racketeering acts").

### 3.   **Plaintiff cannot plead a pattern of racketeering activity.**

Even assuming Plaintiff has adequately alleged that Bunim Murray engaged in
racketeering activity, the SAC does not establish a pattern.  Plaintiff essentially
complains of a single scheme allegedly used to obtain recordings and information from
Plaintiff to create the Documentary.  SAC ¶¶ 77, 358, 376 (claiming that the BM
Defendants and BMJKL Defendants' exchange of the recordings of, or information
about, Plaintiff for "moneys or other benefits" constitutes prohibited activity under 18
U.S.C. 1962(c)).  This is insufficient to demonstrate a pattern of racketeering activity.
*See* 18 U.S.C. § 1961(5) (noting that a "'pattern of racketeering activity' requires at
least two acts of racketeering activity"); *Howard*, 208 F.3d at 746 ("Two acts are
necessary, but not sufficient, for finding a [RICO] violation."); *see also Sever v. Alaska
Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992) (affirming dismissal of RICO claim
where multiple acts were part of a single scheme allegedly designed to impoverish
plaintiff); *McGowan v. Weinstein*, 505 F. Supp. 3d 1000, 1013 (C.D. Cal. 2020)
(plaintiff failed to alleged RICO violation where, "[t]hough the Complaint sets out a
long and winding story of fraud and deceit" the "allegations reflect only a singular plan
and purpose").

Moreover, the Supreme Court has ruled that "to prove a pattern of racketeering
activity a plaintiff . . . must show that the racketeering predicates are related, *and* that
they amount to or pose a threat of continued criminal activity."  *H.J. Inc. v.
Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (emphasis in original).  Here,
Plaintiff offers no facts in support of a threat of continued criminal activity.  Rather, his
SAC alleges only a single, completed plan and purpose—to create the Documentary
using improperly obtained materials.  *See McGowan*, 505 F. Supp. 3d at 1013
(dismissing plaintiff's RICO claim where, *inter alia*, she failed to show how the alleged
acts presented a threat of continued criminal activity); *Quach*, 2004 WL 2860346 at *6

(same).  The allegations against Bunim Murray are therefore not only insufficient to state a claim for a RICO violation, but they affirmatively negate that such claim could ever be plausible.  Accordingly, Plaintiff's RICO claims against Bunim Murray should be dismissed with prejudice.  *See, e.g.*, *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 2012 WL 713289, at *17 (N.D. Cal. Mar. 5, 2012) (dismissing RICO claim with prejudice where "[i]t does not appear to the court that plaintiffs could plead around these facts so as to formulate a viable RICO claim against defendants"); *Prime Partners IPA of Temecula, Inc. v. Chaudhuri*, 2012 WL 1669726, at *12 (C.D. Cal. May 14, 2012) (dismissing RICO claim with prejudice where allegations were factually unsupported and implausible); *Encarnacao v. Phase Forward Inc.*, 2012 WL 404971, at *4 (C.D. Cal. Feb. 7) (same), *reconsideration denied by* 2012 WL 870674 (Mar. 14, 2012); *Quach*, 2004 WL 2860346 at *9 (same).

## G.   PLAINTIFF'S REMAINING CLAIMS FAIL AS A MATTER OF LAW.

Plaintiff's remaining claims for intentional infliction of emotional distress and public disclosure of private facts must also be dismissed because: 1) they are barred by the First Amendment; 2) Plaintiff fails to state a claim for emotional distress on its own merits; and 3) Plaintiff fails to identify a private fact that was disclosed as required to maintain his privacy claim.

### 1.   Plaintiff's Claims Are Barred By the First Amendment

Because Plaintiff's claims arise from the broadcast of the Documentary, the First Amendment requires that they be dismissed because Plaintiff cannot establish the elements of a defamation claim, *see, supra* n. 6, and he may not use other torts to "end run" the constitutional protections for speech.  *See Snyder v. Phelps*, 562 U.S. 443, 458–59 (2011) (holding that the First Amendment barred plaintiffs' emotional distress claims because they were based on a defendant's exercise of their First Amendment rights to speak publicly on a matter of public interest); *Hustler Magazine v. Falwell*, 485 U.S. 46, 56 (1988) (dismissing emotional distress claim because plaintiff could not

prove the elements of a cause of action for defamation); *Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2013 WL 12114762, at *29 (C.D. Cal. Oct. 8, 2013) ("The Free Speech Clause of the First Amendment provides a defense to suits for intentional infliction of emotional distress."); *Dworkin v. Hustler Magazine, Inc.*, 668 F.Supp. 1408, 1420 (C.D. Cal. 1987) (Plaintiff "cannot maintain a separate cause of action for mental and emotional distress where the gravamen is defamation."), *aff'd*, 867 F.2d 1188 (9th Cir. 1989); *Flynn v. Higham*, 149 Cal. App. 3d 677, 682 (Cal. Ct. App.1983) ("[T]o allow an independent cause of action for the intentional infliction of emotional distress, based on the same acts which would not support a defamation action, would allow plaintiffs to do indirectly that which they could not do directly.").

In addition, the First Amendment provides a separate defense to any publication of private facts claim where the published information is true and newsworthy. *Anderson v. Perez*, 2023 WL 8881512, at *31 (C.D. Cal. Sept. 8, 2023) ("'[N]ewsworthiness' is a complete bar to liability for publication of truthful information"). "[N]ewsworthiness is not limited to 'news' in the narrow sense of reports of current events." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1257 (Cal. Ct. App. 2017), *as modified* (Apr. 19, 2017). "It extends also to the use of names, likenesses or facts in giving information to the public for purposes of education, amusement or enlightenment, when the public may reasonably be expected to have a legitimate interest in what is published." *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 225 (Cal. Ct. App. 1998), *as modified on denial of reh'g* (July 29, 1998).

Because the subject matter of the Documentary is newsworthy, the First Amendment bars Plaintiff's publication of private facts claim. *See Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 492 (1975) ("The commission of crime, prosecutions resulting from it, and judicial proceedings arising from the prosecutions . . . are without question events of legitimate concern to the public . . . .").

### 2.   <u>Plaintiff Fails to State a Claim for Emotional Distress.</u>

Plaintiff cannot demonstrate a probability of prevailing on his emotional distress claim.  The first element of a claim for intentional infliction of emotional distress is "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress."  *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (Cal. 1982).  Such conduct "must be so extreme as to exceed all bounds . . . usually tolerated in a civilized community."  *Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 579, 593 (Cal. 1979).  To the extent Plaintiff claims Bunim Murray is liable for his emotional distress as a result of Samsky and Rufe's participation in the Documentary, Plaintiff cannot, as a matter of law, demonstrate that Samsky and Rufe's alleged conduct in publicizing Plaintiff's behavior in connection with a matter of public significance was extreme and outrageous.  *See, e.g.*, *Comstock v. Aber*, 151 Cal. Rptr. 3d 589, 607 (Cal. Ct. App. 2012) (allegation that employee had falsely accused fellow employee of committing a sexual assault in a report to a nurse and the employer's human resources department insufficient to constitute extreme and outrageous conduct); *Reeves v. Fox Television Network*, 983 F. Supp. 703, 711 (N.D. Ohio 1997) (concluding that facts failed to support finding that "defendants' conduct in videotaping plaintiff's encounter with the police and broadcasting a portion of that videotape on the 'COPS' television show constitutes outrageous and extreme conduct, beyond all possible bounds of decency"); *Brown v. Hearst Corp.*, 54 F.3d 21, 27 (1st Cir. 1995) (concluding that media defendants' conduct in televising broadcast strongly suggesting that plaintiff had murdered his wife was not extreme and outrageous); *Hogan v. Hearst Corp.*, 945 S.W.2d 246, 251–52 (Tex. Ct. App. 1997) (publication of names of persons arrested for lewd conduct not extreme and outrageous behavior sufficient to support intentional infliction of emotional distress claim).

As the foregoing cases demonstrate, the absence any factual allegations that can meet the threshold element of "outrage" is, as a matter of law, determinative of Plaintiff's emotional distress claim.

### 3. <u>Plaintiff Fails to State a Claim for Public Disclosure of Private Facts.</u>

Plaintiff also has not stated a claim for public disclosure of private facts because he has not identified any private information that Bunim Murray has disclosed. To state a claim for public disclosure of private facts, a plaintiff must demonstrate "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." *Hogan v. Weymouth*, 2019 WL 11055032, at *5 (C.D. Cal. Aug. 19, 2019).  Here, it is not clear from the SAC what facts Bunim Murray allegedly disclosed in violation of Plaintiff's right to privacy.  Thus, Plaintiff's public disclosure of private facts claim should be dismissed.

## IV.   CONCLUSION

For all the foregoing reasons, Bunim Murray respectfully requests that the Court grant its motion to dismiss the SAC with prejudice, enter judgment in its favor and against Plaintiff, and afford to it such other and further relief as the Court may deem just and proper.

Dated:  April 30, 2024

Respectfully submitted,

HOWARD M. RUPP, APLC

By: */s/ H. Marc Rupp*
Howard M. Rupp

CAMERON STRACHER, PLLC

By*: /s/ Cameron Stracher*
Cameron Stracher (*pro hac vice*)

Attorneys for Defendant
BUNIM MURRAY PRODUCTIONS

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for defendants Bunim Murray Productions, certifies that this brief contains 5,454 words, which complies with the word limit of L.R. 11-6.1.

Dated:  April 30, 2024                                 Respectfully submitted,

                                                                      HOWARD M. RUPP, APLC

                                                                      By: */s/ H. Marc Rupp*
                                                                      Howard M. Rupp

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 30, 2024, a true copy of the foregoing was served on Plaintiff via U.S. Mail to the address provided in his pleadings:

Caleb L. McGillvary
#1222655/SBI#102317G
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

I further certify that I caused a true copy of the foregoing to be served on all defendants' counsel of record via ECF.

By: */s/ H. Marc Rupp*
Howard M. Rupp