Case 2:23-cv-01195-JLS-SK   Document 202   Filed 05/03/24   Page 1 of 4   Page ID #:2645

NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
SAMUEL A. TURNER (State Bar No. 338089)
  samturner@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
NETFLIX, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB L. MCGILLVARY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NETFLIX, BUNIM-MURRAY PRODUCTIONS, JIMMY KIMMEL LIVE!, KMPH FOX NEWS, EBAUMSWORLD, FULTON 55, RAWTV, COLETTE CAMDEN, BRAD MULCAHY, ALEX AGUIRRE, CARTER HARRIS, JEFF STRICKER, GABRIEL SANCHEZ, TONY MARTIN, LISA SAMSKY, JENSEN RUFE, SALLY BRINDLE, ROB MILLER, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01195-JLS-SK<br><br>***EX PARTE* APPLICATION OF DEFENDANT NETFLIX, INC. TO CONTINUE HEARING ON MOTION TO DISMISS [DKT. 132] AND MOTION TO STRIKE [DKT. 131]**<br><br>Current Hearing Date: May 10, 2024<br><br>Proposed Hearing Date: May 31, 2024 |

# *EX PARTE* APPLICATION

Plaintiff Caleb McGillvary is incarcerated and represents himself. His oppositions to defendant Netflix, Inc.'s ("Netflix") Motion to Dismiss (Dkt. 132) and Anti-SLAPP Motion to Strike (Dkt. 131) (collectively, "Netflix's Motions") were due April 19, but no opposition was entered on the docket or served on Netflix until April 30 and May 2 – four and six days *after* Netflix's replies would have been due. To the extent the Court accepts the belated oppositions, Netflix submits this *ex parte* application for an order continuing the hearing on Netflix's Motions from May 10, 2024 to May 31, 2024, so that Netflix may file timely replies.

This application is made *ex parte* pursuant to to Federal Rule of Civil Procedure 16(b)(4), Central District of California Local Rules 7-11 and 7-19, and *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), on the grounds that a duly noticed motion or stipulation cannot be filed because (1) the May 10 hearing is too soon to allow for a duly noticed motion, and (2) Plaintiff is incarcerated, representing himself, and has provided no phone number or email address in his pleadings. Good cause also exists, as Netflix is entitled to reply to Plaintiff's (belated) opposition, and no party will be prejudiced by a continuance.

Given Plaintiff's incarceration, Netflix was not able to notify Plaintiff of this motion in advance and does not know whether he opposes. Netflix will serve this application by express delivery to the address on Plaintiff's pleadings:

Caleb L. McGillvary, #1222665/SBI #102317G
New Jersey State Prison
P.O. Box 861, Trenton, NJ 08625

This application is based on the accompanying memorandum of points and authorities; the declaration of Cydney Swofford Freeman; and all matters of which judicial notice may be taken.

DATED: May 3, 2024                     /s/ Cydney Swofford Freeman

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's tardy oppositions deprived Netflix of the ability to file timely replies in advance of the May 10 hearing on Netflix's Motions. To the extent the Court accepts the belated oppositions, Netflix seeks an order continuing the May 10 hearing to May 31, which would allow Netflix to file timely replies by May 17. *See* L.R. 7-10. An *ex parte* application is required because of the impending hearing date, and also because Plaintiff is incarcerated, representing himself, and has not provided the Court or the parties with a phone number or email address.

On February 16, Netflix filed its Motion to Dismiss and Anti-SLAPP Motion to Strike this action. Dkts. 131, 132. In granting Plaintiff's request for additional time to respond, the Court continued the March 29 hearing to May 10, requiring Plaintiff to oppose by April 19 and Netflix to file its replies by April 26. Dkt. 153; L-R. 7-9; L.R. 7-10. Netflix received no opposition by April 19, or even by April 26. Instead, Plaintiff's Opposition to Netflix's Motion to Dismiss was entered via ECF on April 30 (with a filing date of April 25), and his Opposition to Netflix's Anti-SLAPP Motion was entered on May 2 (with a filing date of April 30).[1] The hearing on Netflix's Motions remains scheduled for May 10. Accordingly, Netflix requires relief from the Court in order to reply in a timely fashion.

In *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995), the district court set forth a two-part test for determining whether a moving party is entitled to *ex parte* relief. The moving party must show (1) that its "cause will be irreparably prejudiced if the underlying motion is heard

---

[1] Plaintiff apparently does not have access to electronic filing and instead mails his submissions to the Clerk's Office to be posted to the docket. The handwritten dates on Plaintiff's Oppositions state that he signed both on April 17; the postmark visible on Dkt. 192 PDF pg. 48 states that opposition was mailed on April 23; the docket reflects filing dates of April 25 and April 30; and the Oppositions were entered via ECF on April 30 and May 2. *See* Dkts. 192, 198, 199; Declaration of Cydney Swofford Freeman ¶ 2, Exs. 1-3.

according to regular noticed motion procedures"; and (2) that the moving party is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.* Here, Netflix cannot proceed via a duly noticed motion given the May 10 hearing and is entirely without fault, as its reply deadline passed before Plaintiff's Oppositions were entered onto the docket via ECF. And good cause clearly exists; Netflix is entitled to reply to Plaintiff's Oppositions, to the extent the Court accepts them, and at this point cannot do so without leave of the Court. Moreover, Netflix does not request a lengthy continuance – if this request is granted, Netflix will have little more than one week from receiving the oppositions to reply.

For all these reasons, Netflix respectfully requests that the Court grant this *ex parte* application and continue the hearing on Netflix's Motions from May 10 to May 31, so that Netflix may file replies by May 17.

DATED: May 3, 2024

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
SAMUEL A. TURNER

By:  /s/ Cydney Swofford Freeman
        Cydney Swofford Freeman

Attorneys for Defendant
NETFLIX, INC.