

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Caleb L. McGillvary<br>PLAINTIFF<br><br>V.<br><br>Netflix et al<br>DEFENDANT | ) CIVIL ACTION NO.<br>) 2:23-cv-01195-JLS-SK<br>) Hon. Josephine L. Staton, USDJ<br>) Hon. Steve Kim, USMJ<br>) Motion Date: To be determined<br>) by the Court |

## MOTION FOR RECONSIDERATION OF THE COURT'S JULY 30, 2024 ORDER DISMISSING ALL CLAIMS

Plaintiff Caleb L. McGillvary ("Plaintiff") hereby moves the Court pursuant to C.D.CA L. Civ. R. 7-18 for reconsideration of its July 30, 2024 Order; ECF 234. In support of his motion, Plaintiff urges the following:

### INTRODUCTION

The message being sent by refusing to let Plaintiff litigate against Gabriel Sanchez, is "If you let someone interview you after saving people's lives, anyone thereafter can make up all sorts of salacious falsehoods about you and if you can't afford the best lawyers in the business, the Courts will not vindicate you." Never let it be said that no good deed goes unpunished. Plaintiff respectfully urges the Court to recognize

1

that he has pleaded that Sanchez has fabricated his statements, which shows actual malice on the face of the pleadings. Fabrication of statements is per se knowledge of the statement's falsehood.

## STATEMENT OF FACTS

Plaintiff adopts by reference pursuant to Fed. R. Civ. P. 10(c) his Second Amended Complaint (SAC); ECF 115-2, and sets forth same fully herein.

## STANDARD OF REVIEW

### A. PLAINTIFF IS PRO SE

All documents filed by a pro se litigant are entitled to liberal interpretation. Erickson v Pardus 551 U.S. 89 (2007)

### B. ACTUAL MALICE

For statements made about subjects for which Plaintiff is a limited-purpose public figure, actual malice requires a plaintiff to establish by clear and convincing evidence that the libelous statement was made with knowledge of its falsity or with reckless disregard of whether it was false. Kesner v. Buhl, 590 F.Supp.3d 680, 693 (S.D.N.Y. 2022). In recognition that a defendant in a defamation case will rarely admit that he published the statements with actual malice, proof of actual malice rests on objective facts such as the defendant's own actions or statements, the dubious nature of her sources, and the inherent improbability of the story. Id. at 694. Evidence of an intent to avoid the truth can be sufficient to satisfy the actual

2

malice standard. Although a publisher who does not already have obvious reasons to doubt the accuracy of a story is not required to initiate an investigation that might plant such doubt, once doubt exists, the publisher must act reasonably in dispelling it. Ibid. Factors to consider in determining whether a defendant acted with actual malice include: (1) whether a story is fabricated or based on an unverified, anonymous source; (2) whether the allegations at issue are so inherently improbable that only a reckless person would have put them in circulation; and (3) whether there are any obvious reasons to doubt the truthfulness of the defendant's source or the accuracy of the source's report. Church of Scientology Int'l v. Behar, 238 F.3d 168, 174 (CA2 2001).

**LEGAL ARGUMENT**
**POINT I: PLAINTIFF'S DEFAMATION CLAIMS AGAINST DEFENDANT GABRIELSANCHEZ PLEADED THAT SANCHEZ FABRICATED HIS STORY, WHICH CONNOTESACTUAL MALICE, AND SANCHEZ HAS NOT RAISED THE FIRST AMENDMENT DEFENSE WHICH IS AN AFFIRMATIVE ONE**

Plaintiff has alleged that Gabriel Sanchez fabricated his defamatory statements against Plaintiff. See ECF 115-2, 87 ("Francisco fabricated his claims about a laced joint and about 'some old man fucks you in the ass' in order to get onto a Netflix movie and thereby promote his 80's cover band: Plaintiff never, in fact, said any such thing").

Actual malice requires knowledge of falsity at the time the statement was made. Although Fed. R. Civ. P. 9(b) indicates that state of mind may be alleged generally, the pleaded fact

that Sanchez fabricated his claim is sufficiently alleged to show actual malice on the part of Sanchez publishing the statement to Netflix, even if the Court finds no actual malice for Netflix in republishing it.

Plaintiff's Second Amended Complaint should be allowed to proceed on this claim alone, even if the other claims are dismissed, because he has moved under 28 U.S.C. 1653 and renews his motion now to amend for jurisdiction to plead his Canadian citizenship, Sanchez's California Citizenship, and that the amount in controveersy is greater than $75,000. See ECF 115-2, 437. There is complete diversity of citizenship.

Plaintiff would be extremely prejudiced by the dismissal of this claim with prejudice, as the statute of limitations has expired on it, and it would be a manifest injustice not to allow him to vindicate himself against Sanchez's fabrications.

**POINT II: PLAINTIFF HAS PLEADED THE EXISTENCE OF PROCEEDINGS, INCLUDING HIS TESTIMONY, OF WHICH PROCEEDINGS NETFLIX HAS ADMITTED TO JUDICIAL NOTICEABILITY OF EVIDENCE ADDUCED THEREAT, AND ALSO TO HAVING KNOWLEDGE OF SUCH EVIDENCE PRIOR TO PUBLISHING THE DOCUMENTARY FILM; WHICH IS SUFFICIENT TO SHOW THEIR ACTUAL MALICE IN PUBLISHING GABRIEL SANCHEZ'S FALSE STATEMENTS**

Plaintiff has pleaded the entire record of People v. McBride including his testimony therein, in his SAC, at "2"; and the Defendants have admitted to knowledge thereof by showing the proceeding in their documentary and as pleaded in 233 of the SAC: "On or about January 10, 2023 at or around 12AM, Netflix published provably false statements of fact about Plaintiff ... pleaded in ... "85" ... knowing the falsity of the defamatory

4

statements embodied therein, or with reckless disregard of the obvious reasons to doubt the truthfulness of the original speaker, or the accuracy of their statements, the obvious reasons being specifically pleaded in "2", "3", [and] "85" ... as matters of the court record in People v McBride." Ibid.

The Defendants produced and participated in a documentary film that depicts Plaintiff's testimony at the arraignment of Jett McBride, which testimony and proceeding are grave reasons to doubt attributed or actual statements conflicting with it, and would be a reason to investigate the record of the proceeding. If, as alleged, Defendants knew of the facts adduced at the proceeding, they knew the falsity of the slanderous statements. Certainly, they admit to having watched portions of the proceeding, and failing to investigate the proceeding after being made aware of it imputes recklessness, and actual malice.

The film, which Defendants have admitted is judicially noticeable, depicts Gabriel Sanchez, who admits that his sole purpose in playing on stage with Plaintiff was to "win over" Plaintiff's "crowd" through some zero-sum game. This alone speaks of his motivations in making the laced-joint statements, and should give reason to doubt his veracity. If Defendants claim this concerns a matter of public interest, the investigation due these claims based on the proceeding of People v. McBride which is depicted in the film, would show that Sanchez only recently fabricated this story, and did not make any reports to police or

prosecutors in the 8 years leading up to production of the film. To claim that Plaintiff, who was famous for saving lives and who had testified under oath to the circumstances thereof, would out of the clear blue sky confess to having made the whole thing up, incited the terrorism himself, laced a joint, and stated "sometimes an old man fucks you in the ass and you just gotta keep it real and take him out"; in front of a crowd of people who subsequently "just laughed" and didn't blow up social media about it or contact the police; and of that supposed crowd of people, only a desperately attention-seeking failed musician (who just so happened to get his "band" a spot in a Netflix film as consideration for concocting the hogwash) has ever come forward with the allegations, and crystal-clear verbatim recollection thereof, after 8 years: is so "inherently improbable that only a reckless person would have published it." Behar, 238 F.3d at 174.

    These allegations are therefore sufficient to plead actual malice against Netflix for publishing Sanchez's false statements, and Plaintiff's motion to amend for jurisdiction under 28 U.S.C. 1653 should have been granted and this claim allowed to proceed under the Court's diversity jurisdiction.

**POINT III: DEFENDANT HAS RAISED THE DEFENSE OF NONEXHAUSTION OF PLAINTIFF'S COPYRIGHT CLAIM THROUGH REGISTRATION IN COMPORTMENT WITH FOURTH ESTATE PUB. BENEFIT CORP.; AND SO IT WAS ERROR TO REACH THE FAIR USE ANALYSIS BEFORE DISMISSING FOR FAILURE TO REGISTER THE WORKS PRIOR TO COMMENCING THIS ACTION**

    Plaintiff has attached copyright registration certificates for each of his works at issue in this matter, in

his appendix to the SAC; See ECF 118. Certificate PA 2-398-664 shows a Registration Decision Date of February 27, 2023; Certificate PA 2-398-110 shows a Registration Decision Date of February 23, 2023; Certificate SR 953-942 shows a Registration Decision Date of February 28, 2023; Certificate PA 2-396-377 shows a Registration Decision Date of February 13, 2023; Certificate PA 2-399-439 shows a Registration Decision Date of March 2, 2023; Certificate PA 2-399-437 shows a Registration Decision Date of March 2, 2023; Certificate PA 2-398-909 shows a Registration Decision Date of Februaryy 28, 2023; and Certificate PA 2-398-911 shows a Registration Decision Date of February 28, 2023; See ECF 118. The original complaint in this matter was filed on February 7, 2023, pursuant to the prison mailbox rule; ECF 1; See also Houston v. Lack, 487 U.S. 266 (1988)(Pro se, incarcerated party is deemed to have filed a document at the moment of delivery to prison officials). Defendants have raised the nonexhaustion of administrative remedies through registration of copyright, in their motion to dismiss Plaintiff's complaint; ECF 132; specifically citing to the Supreme Court's decision in Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, 139 S. Ct. 881 (2019); which required the copyright claims to be dismissed prior to a fair use analysis. Plaintiff respectfully asks the Court to modify their opinion and order to dismiss the copyright infringement claims instead of upon fair use, upon the grounds of

failure to register prior to commencement of the action, as required by Fourth Estate.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully asks the Court to reconsider its July 30, 2024 order; ECF 234; and instead allow Plaintiff to amend for jurisdiction under 28 U.S.C. 1653 and proceed on his defamation claim against Sanchez and Netflix under diversity jursidiction; or in the alternative, against Sanchez alone under diversity jurisdiction.

Date: 8/6/24

Respectfully Submitted,

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

## PROOF OF SERVICE

I, Caleb L. McGillvary, declare pursuant to 28 U.S.C. 1746 that on today's date, I placed in the institutional mailing system here where I'm incarcerated at NJ State Prison 3rd & Federal Streets Trenton, NJ 08625; with First Class Postage prepaid to be sent via USPS Mail; the original of my motion, notice, and proposed order in support of my motion pursuant to C.D.CA L. Civ. R. 7-18 for reconsideration of its July 30, 2024 Order; ECF 234; to the Clerk of the Court at USDC-CDCA 255 E. Temple St. Rm 180 Los Angeles, CA 90012; and, pursuant to this Court's 1/25/24 Order, ECF 94, and L.R. 5-3.2, have relied upon the Clerk to send by notice of electronic filing a copy of each said document to Counsel for Defendants Scott C. Hawkins, Matthew S.L. Cate, Howard M. Rupp, Joel Tantalo, James Eschen, and Cydney Swofford Freeman via CM/ECF NEF. I further declare that no other Defendants have yet appeared in this matter, to my knowledge.

I hereby invoke the prison mailbox rule.

I declare under penalty of perjury that the foregoing statements made by me are true and accurate.

Executed this **6TH** Day of **AUGUST**, 20**24**

                                       Caleb L. McGillvary, Pro Se
                                       #1222665/SBI#102317G NJSP
                                       PO Box 861 Trenton, NJ
                                       08625-0861



E. McNull VARY
#1227665/S01#1023176
USP PO BOX 861
Trenton, NJ
08625

CLERK
U.S. DIST. CT. - C.D. CA.
OFFICE OF THE CLERK
255 E TEMPLE ST. RM 180
LOS ANGELES, CA
90012

CERTIFIED MAIL
7012 0470 0002 1136 6932

RECEIVED
CLERK U.S. DISTRICT COURT
AUG 14 2024
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

LEGAL MAIL