UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:23-cv-01195-JLS-SK                                  Date: October 09, 2024
Title: Caleb L. McGillvary v. Netflix, Inc. et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                                            Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER (1) GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES (Doc. 235), AND (2) DISMISSING ACTION WITH PREJUDICE**

Before the Court is Defendant Netflix, Inc.'s Motion for Attorney Fees, which it filed after the Court granted its Motion to Dismiss and anti-SLAPP Motion.  (Mot., Doc. 235; Order Granting Mots., Doc. 234.)  Pro se Plaintiff Caleb McGillvary ("Plaintiff") opposed the Motion for Attorney Fees, and Netflix, Inc. ("Netflix") responded.  (Docs. 245, 251.)

Additionally, Plaintiff filed a "Motion for Final Appealable Order," which the Court construes as a request for an order dismissing all of Plaintiff's claims with prejudice.  (*See* Doc. 248.)

The Court finds these matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  As such, the hearings set for **October 11, 2024, at 10:30 a.m.**, are VACATED.  For the reasons set forth below, the Court GRANTS IN PART Defendant's Motion and awards it $50,228.10 in attorney fees.  The Court also DISMISSES Plaintiff's claims with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:23-cv-01195-JLS-SK                              Date: October 09, 2024
Title: Caleb L. McGillvary v. Netflix, Inc. et al

### I.   BACKGROUND

Plaintiff Caleb McGillvary rose to fame in February 2013 as the "hatchet-wielding hitchhiker" after he gave interviews to a Fresno, California local-news station in which he described "smash, smash, suh-mash[ing]" an individual in the head with a hatchet after that individual crashed his car into a pedestrian and attacked a bystander. (Second Amended Compl., Doc. 115-2 ¶¶ 1, 3, 8.) In 2023, Netflix released a documentary about Plaintiff entitled *The Hatchet Wielding Hitchhiker*. (*Id.* ¶101.) Plaintiff then initiated this action, asserting 51 claims against a multitude of Defendants; several of those claims were brought against Netflix and premised on the documentary. (*See generally* Compl., Doc. 1.) Plaintiff filed a First Amended Complaint ("FAC") in May 2023, and then a Second Amended Complaint ("SAC") in January 2024. (FAC, Doc. 18; SAC, Doc. 115-2.)

On July 30, 2024, the Court granted Defendants' Motions to Dismiss for failure to state a claim. (*See* Order Granting Mots., Doc. 234.) Although the Court dismissed most of Plaintiff's claims with prejudice, it granted Plaintiff leave to amend ten of his claims. (*See id.* at 32.) In addition, the Court granted Netflix's anti-SLAPP Motion to strike Plaintiff's claims for defamation, false light, right of publicity, and public disclosure of private facts. (*Id.* at 33.) Netflix now moves for attorney fees, seeking to recover the fees it incurred in preparing the anti-SLAPP Motion. (*See generally* Mot.)

Following the Court's Order, Plaintiff filed a "Notice of Intent to Stand on Amended Pleadings" (Doc. 242) stating that he will not file an amended complaint. On September 13, 2024, Plaintiff filed his self-styled motion requesting that the Court dismiss all claims in this action with prejudice. (Doc. 248.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:23-cv-01195-JLS-SK  Date: October 09, 2024
Title: Caleb L. McGillvary v. Netflix, Inc. et al

## II. MOTION FOR ATTORNEY FEES

Pursuant to California's anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorneys' fees and costs." Cal. Code Civ. Proc. § 425.16(c); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). Anti-SLAPP attorney-fees awards use the lodestar approach, which multiplies the hours reasonably expended by a reasonable hourly rate. *See id.* at 1130–36. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Here, Plaintiff does not dispute that Netflix, as the prevailing party on its anti-SLAPP motion, is entitled to attorney fees under California's anti-SLAPP statute. Plaintiff argues only that the fees Netflix seeks are unreasonable, and requests that the award be reduced to "nominal fees of $1." (Opp. at 9.) Plaintiff raises two arguments as to why the fees Netflix seeks must be reduced, neither of which is availing. The Court begins by explaining why that is so; the Court then conducts its own assessment of Netflix's lodestar calculation.

### A. Plaintiff's Arguments Against a Fee Award

Plaintiff first argues that a fee award would subject him to financial ruin. (Opp. at 5–9.) But the award of attorney fees to a prevailing defendant in an anti-SLAPP motion is mandatory. Cal. Civ. Proc. Code § 425.16(c)(1); *Ketchum*, 24 Cal. 4th at 1131 ("[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees.") Plaintiff has not cited any authority giving the Court discretion to consider his ability to pay in awarding fees under the anti-SLAPP statute. Rather, the cases on which Plaintiff relies involve awards of attorney fees outside the anti-SLAPP context. *See Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro*, 91 Cal. App. 4th 859, 864–66 (2002) (reviewing district court's award of attorney fees under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:23-cv-01195-JLS-SK                                                    Date: October 09, 2024
Title:  Caleb L. McGillvary v. Netflix, Inc. et al

California's Fair Employment and Housing Act); *Surrell v. Cal. Water Serv. Co.*, 2006 LEXIS 24534, at *2 (E.D. Cal. Apr. 28, 2006) (declining to award attorney fees under 42 U.S.C. § 1988.)  Absent authority to the contrary, the Court does not consider Plaintiff's financial status in assessing whether Netflix is entitled to attorney fees or whether the fees Netflix seeks are reasonable.  *DuBois v. Boskovich*, 2023 WL 3637030, at *1 (N.D. Cal. May 24, 2023) (declining to consider the plaintiff's ability to pay in awarding fees under the anti-SLAPP statute, in the absence of any authority permitting district courts to do so) (citing *Khai v. County of Los Angeles*, 730 F. Appx. 408, 411 at n.2 (9th Cir. 2018)).

Plaintiff also contends that Netflix did not properly support its motion for attorney fees with admissible evidence, because the billing records that Netflix submitted contain redacted time entries.  (Opp. at 11 ("the redactions … make it impossible to ascertain whether the fees were redundancies of multiple lawyers doing the same work needlessly, or even whether some fees were actually for work on federal claims for which the Anti-SLAPP statute does not apply.").)  However, Plaintiff's concerns regarding the redacted entries are irrelevant, as Netflix seeks reimbursement only for the *un*redacted entries.  (Reply at 3; *see also* Ex. A, Doc. 235-2.)

### B.  Lodestar Calculation

Netflix requests $55,809.00 in attorney fees for 86.4 hours of work performed by Davis Wright Tremaine LLP ("DWT") in connection with the anti-SLAPP Motion.  (Mot. at 19; Ex. A.)  In assessing a reasonable hourly rate for the lodestar figure, courts look to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (cleaned up).  Attorney affidavits and "rate determinations in other cases ... are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  Courts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:23-cv-01195-JLS-SK | Date: October 09, 2024 |
| Title: Caleb L. McGillvary v. Netflix, Inc. et al | |

may also "rely on [their] own familiarity with the legal market." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). To determine the reasonable number of hours, the Court generally "begin[s] with the billing records the prevailing party has submitted," and excludes entries for hours that are "excessive, redundant, or otherwise unnecessary." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202–03 (9th Cir. 2013) (internal quotations omitted).

Netflix requests the following hourly rates for the four attorneys who worked on this matter: $833 for Nicolas Jampol (Partner); $693 for Cydney Freeman (Counsel); $616 for Sarah Burns (Associate); and $480 for Sam Turner (Associate). (Mot. at 13; Freeman Decl., Doc. 235-1 at 4–5.) Netflix refers to four other cases in which district courts in California have found similar rates to be reasonable under the anti-SLAPP statute. *Title Tracy Anderson Mind & Body, LLC v. Roup*, 2023 WL 6890744, at *2–3 (C.D. Cal. Sept. 11, 2023) (awarding hourly rates of $1,065 for a partner, $1,000 for a counsel, and $760 and $655 for mid-level associates); *Clifford v. Trump*, 2018 WL 6519029, at *4 (C.D. Cal. Dec. 11, 2018) (awarding $841.64 for partner, $611.99 for a senior associate, and $586.50 for mid-level associate); *Mogan v. Sacks, Ricketts & Case LLP*, 2022 WL 1458518, at *2–3 (N.D. Cal. May 9, 2022), *aff'd*, 2023 WL 2983577 (9th Cir. Apr. 18, 2023) (awarding $1,015.75 for partner and $450 for associate); *Pasadena Tournament of Roses Ass'n v. City of Pasadena*, 2022 WL 2189523, at *6-7 (C.D. Cal. Mar. 17, 2022) (awarding $735 and $795 for partners, and $585 and $550 for associates). DWT is also a nationally-recognized firm in the areas of media and First Amendment litigation. (Freeman Decl. at 4.) Based on the Court's experience and the declaration submitted by Netflix's counsel, the Court finds counsel's hourly rates to be reasonable.

However, having reviewed counsel's billing records, the Court concludes that counsel could have streamlined litigation by delegating more work to the associates. *See Clifford v. Trump*, 2018 WL 6519029, at *5 (C.D. Cal. Dec. 11, 2018) (finding hours requested excessive where counsel "could have … briefed this case with less involvement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-01195-JLS-SK                                   Date: October 09, 2024
Title: Caleb L. McGillvary v. Netflix, Inc. et al

from partners and greater use of highly qualified associates."); *Wynn v. Chanos*, 2015 WL 3832561, at *5 (N.D. Cal. June 19, 2015) ("While I am willing to accept the high rates that the firm charged out the associates as indicative of great talent and comparable litigation experience, I concomitantly find that they must have possessed the skills to complete most of the work billed in this case.")  Freeman, the attorney with the second-highest billing rate, recorded more than 50% of the total hours sought.  (Freeman Decl. at 4.)  Counsel argue that this case was managed efficiently because the two associates "researched and prepared initial drafts of the Anti-SLAPP Motion and Reply," while Freeman "oversaw the defense, formulated the overall litigation strategy, and edited briefs."  (Mot. at 17.)  Yet the billing records reflect that Freeman spent 12 hours drafting initial portions of the anti-SLAPP Motion.  (*See* Ex. A, January 6, 2024 entries of 5.7 hours by Freeman for "draft[ing] initial analysis" of various sections "in connection with anti-SLAPP motion"; *id.*, January 17, 2024 entry of 4.4 hours by Freeman for "[b]egin[n]ing to draft defamation section of anti-SLAPP motion"; *id.*, January 19, 2024 entry of 1.9 hours by Freeman for "[d]rafting introduction to anti-SLAPP motion.")  Although the Court recognizes that Plaintiff drove up the costs of this litigation by submitting successive amended complaints and a high volume of filings, counsel nonetheless could have delegated more of the work on the anti-SLAPP motion to the junior associates.  Accordingly, the Court imposes a 10% reduction—a "haircut"—on the attorney fees requested.  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Accounting for that 10% reduction, the Court calculates a lodestar of $50,228.10, which it awards to Netflix.

### III.   PLAINTIFF'S NOTICE OF INTENT TO STAND ON AMENDED PLEADINGS

In *WMX Technologies, Inc. v. Miller,* the Ninth Circuit ruled that a dismissal with leave to amend is not a final, appealable judgment.  104 F.3d 1133, 1136–37 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:23-cv-01195-JLS-SK                                                                 Date: October 09, 2024
Title:  Caleb L. McGillvary v. Netflix, Inc. et al

1997) (*en banc*).  A plaintiff may, however, "obtain an appealable final judgment by 'filing in writing a notice of intent not to file an amended complaint.'" *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064 (9th Cir. 2004) (quoting *WMX Technologies*, 104 F.3d at 1135).  In light of Plaintiff's "Notice of Intent to Stand on Amended Pleadings" (Doc. 246), along with his failure to timely file any amended complaint (*see* Doc. 234, ordering any amended complaint to be filed no later than August 29, 2024), the Court now DISMISSES all of Plaintiff's claims WITH PREJUDICE.

**IV.      CONCLUSION**

     For the above reasons, the Court GRANTS IN PART Netflix's Motion for Attorney Fees and awards Netflix $50,228.10 in attorney fees.  Plaintiff's claims are DISMISSED WITH PREJUDICE, and the Court will enter an appropriate judgment following this Order's issuance.

                        Initials of Deputy Clerk: kd