FILED
CLERK, U.S. DISTRICT COURT

JUN 29 2026

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

2:23-CV-01195 JLS (SKx)

# EXHIBIT E

N.J.S.A. 2C:43-7.2. Mandatory service of 85 percent of sentence for certain offenses

a. A court imposing a sentence of incarceration for a crime of the first or second degree enumerated in subsection d. of this section shall fix a minimum term of 85% of the sentence imposed, during which the defendant shall not be eligible for parole.

b. The minimum term required by subsection a. of this section shall be fixed as a part of every sentence of incarceration imposed upon every conviction of a crime enumerated in subsection d. of this section, whether the sentence of incarceration is determined pursuant to N.J.S.2C:43-6, N.J.S.2C:43-7, N.J.S.2C:11-3, or any other provision of law, and shall be calculated based upon the sentence of incarceration actually imposed. The provisions of subsection a. of this section shall not be construed or applied to reduce the time that must be served before eligibility for parole by an inmate sentenced to a mandatory minimum period of incarceration. Solely for the purpose of calculating the minimum term of parole ineligibility pursuant to subsection a. of this section, a sentence of life imprisonment shall be deemed to be 75 years.

c. Notwithstanding any other provision of law to the contrary and in addition to any other sentence imposed, a court imposing a minimum period of parole ineligibility of 85 percent of the sentence pursuant to this section shall also impose a five-year term of parole supervision if the defendant is being sentenced for a crime of the first degree, or a three-year term of parole supervision if the defendant is being sentenced for a crime of the second degree. The term of parole supervision shall commence upon the completion of the sentence of incarceration imposed by the court pursuant to subsection a. of this section unless the defendant is serving a sentence of incarceration for another crime at the time the defendant completes the sentence of incarceration imposed pursuant to subsection a., in which case the term of parole supervision shall commence immediately upon the defendants release from incarceration. During the term of parole supervision the defendant shall remain in release status in the community in the legal custody of the Commissioner of the Department of Corrections and shall be supervised by the State Parole Board as if on parole and shall be subject to the provisions and conditions of section 3 of P.L.1997, c.117 (C.30:4-123.51b).

d. The court shall impose sentence pursuant to subsection a. of this section upon conviction of the following crimes or an attempt or conspiracy to commit any of these crimes:

(1) N.J.S.2C:11-3, murder;

(2) N.J.S.2C:11-4, aggravated manslaughter or manslaughter;

(3) N.J.S.2C:11-5, vehicular homicide;

(4) subsection b. of N.J.S.2C:12-1, aggravated assault;

(5) subsection b. of section 1 of P.L.1996, c.14 (2C:12-11), disarming a law enforcement officer;

(6) N.J.S.2C:13-1, kidnapping;

(7) subsection a. of N.J.S.2C:14-2, aggravated sexual assault;

(8) subsection b. of N.J.S.2C:14-2 and paragraph (1) of subsection c. of N.J.S.2C:14-2, sexual assault;

(9) N.J.S.2C:15-1, robbery;

(10) section 1 of P.L.1993, c.221 (C.2C:15-2), carjacking;

(11) paragraph (1) of subsection a. of N.J.S.2C:17-1, aggravated arson;

(12) N.J.S.2C:18-2, burglary;

(13) subsection a. of N.J.S.2C:20-5, extortion;

(14) subsection b. of section 1 of P.L.1997, c.185 (C.2C:35-4.1), booby traps in manufacturing or distribution facilities;

(15) N.J.S.2C:35-9, strict liability for drug induced deaths;

(16) section 2 of P.L.2002, c.26 (C.2C:38-2), terrorism;

(17) section 3 of P.L.2002, c.26 (C.2C:38-3), producing or possessing chemical weapons, biological agents or nuclear or radiological devices;

(18) N.J.S.2C:41-2, racketeering, when it is a crime of the first degree;

(19) subsection i. of N.J.S.2C:39-9, firearms trafficking;

(20) paragraph (3) of subsection b. of N.J.S.2C:24-4, causing or permitting a child to engage in a prohibited sexual act, knowing that the act may be reproduced or reconstructed in any manner, or be part of an exhibition or performance;

(21) section 1 of P.L.2024, c.83 (C.2C:18-2.1), home invasion burglary; or

(22) section 2 of P.L.2024, c.83 (C.2C:18-2.2), residential burglary.

e. (Deleted by amendment, P.L.2001, c.129).

1

N.J.S.A. 30:4-123.51b. Released status under term of parole supervision; rules, regulations; conditions applicable to parole supervision for life

a. A person who has been sentenced to a term of parole supervision and is on release status in the community pursuant to section 2 of P.L. 1997, c. 117 (C. 2C:43-7.2) shall, during the term of parole supervision, remain on release status in the community, in the legal custody of the Commissioner of the Department of Corrections, and shall be supervised by the Division of Parole of the State Parole Board as if on parole, and shall be subject to the provisions and conditions set by the appropriate board panel. The appropriate board panel shall have the authority, in accordance with the procedures and standards set forth in sections 15 through 21 of P.L. 1979, c. 441 (C. 30:4-123.59 through 30:4-123.65), to revoke the persons release status and return the person to custody for the remainder of the term or until it is determined, in accordance with regulations adopted by the board, that the person is again eligible for release consideration pursuant to section 9 of P.L. 1979, c. 441 (C. 30:4-123.53).

b. The Parole Board shall promulgate rules and regulations necessary to carry out the purposes of this act pursuant to the Administrative Procedure Act, P.L. 1968, c. 410 (C. 52:14B-1 et seq.).

c. A person who has been sentenced to a term of parole supervision for life pursuant to section 2 of P.L. 1994, c. 130 (C. 2C:43-6.4) shall, during the term of parole supervision, remain in the legal custody of the Commissioner of Corrections, be supervised by the Division of Parole of the State Parole Board, and be subject to the provisions and conditions set by the appropriate board panel in accordance with the procedures and standards set forth in sections 15 through 19 and 21 of P.L. 1979, c. 441 (C. 30:4-123.59 through 30:4-123.63 and 30:4-123.65). If the parolee violates a condition of a special sentence of parole supervision for life, the parolee shall be subject to the provisions of sections 16 through 19 and 21 of P.L.1979, c.441 (C.30:4-123.60 through 30:4-123.63 and 30:4-123.65), and may be returned to prison. If revocation and return to custody are desirable pursuant to the provisions of section 19 of P.L. 1979, c. 441 (C. 30:4-123.63), the appropriate board panel shall revoke parole and return the parolee to prison for a specified length of time between 12 and 18 months, which shall not be reduced by commutation time for good behavior pursuant to R.S. 30:4-140 or credits for diligent application of work and other institutional assignments pursuant to R.S. 30:4-92; provided, however, that nothing contained in this subsection shall be construed or applied to reduce the time that must be served after revocation of parole by a parolee returned to prison for a violation of a condition of any other term of parole supervision. Upon the parolees release from prison, the parolee shall continue to serve the special sentence of parole supervision for life until released by the Superior Court pursuant to subsection c. of section 2 of P.L. 1994, c. 130 (C. 2C:43-6.4). For the purpose of calculating the limitation on time served pursuant to section 21 of P.L. 1979, c. 441 (C. 30:4-123.65), the custodial term imposed upon the parolee related to the special sentence of parole supervision for life shall be deemed to be a term of life imprisonment. For the purpose of establishing a primary parole eligibility date pursuant to subsection h. of section 7 of P.L. 1979, c. 441 (C. 30:4-123.51), the specific period of incarceration required to be served pursuant to this subsection shall not be aggregated with a term of imprisonment imposed on the parolee for the commission of any other offense. Nothing in this section shall be construed to preclude or limit the prosecution or conviction for any crime defined in any law of this State, or to limit in any manner the States ability to pursue both a criminal action and a parole violation pursuant to the provisions of this section or any other law.

.J.A.C. 10A:71-6.4 Conditions of parole

(a) An offender granted parole shall comply with the following general conditions of parole:

1. Obey all laws and ordinances.

2. Report in person to the District Parole Supervisor, or his or her designated representative, immediately after the offender is released on parole from the institution, unless the offender has been given other written instructions by a designated representative of the Board, and the offender is to report thereafter as instructed by the District Parole Supervisor, or his or her designated representative.

3. Notify the assigned parole officer no later than the next business day after any contact (verbal, physical, written, or electronic) with a law enforcement agency, after any arrest, or after being served with, or receiving, a complaint or summons.

4. Report in person to the assigned parole officer no later than the next business day after accepting any pre-trial release, including bail, or after being released from a county or State correctional facility.

5. Notify the assigned parole officer no later than the next business day upon the issuance by the appropriate court, pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 et seq., the Sexual Assault Survivor Protection Act of 2015, 2C:14-13 et seq., 2C:12-10.1, 2C:12-10.2, or the provisions of similar Federal or state statutes, of an order granting emergency relief, a temporary or final restraining or protective order, or an order establishing conditions of release or bail in a criminal matter or offense arising out of a domestic violence situation.

6. Comply with any condition established within an order granting emergency relief, a temporary or final restraining or protective order, issued by the appropriate court, pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 et seq., the Sexual Assault Survivor Protection Act of 2015, 2C:14-13 et seq., 2C:12-10.1, 2C:12-10.2, or the provisions of similar Federal or state statutes, or an order establishing conditions of release or bail in a criminal matter or offense arising out of a domestic violence situation, until the order is dissolved by the appropriate court or until a condition is modified or discharged by the appropriate court.

7. Refrain from behavior that results in the issuance of a final restraining or protective order pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 et seq., the Sexual Assault Survivor Protection Act of 2015, 2C:14-13 et seq., 2C:12-10.1, or the provisions of similar Federal or state statutes.

8. Reside at a residence approved by the assigned parole officer. Absence from the approved residence overnight without the approval of the assigned parole officer shall constitute a failure to reside at the approved residence.

9. Obtain the permission of the assigned parole officer prior to any change of residence. Absence from the approved residence for 24 hours or more without the approval of the assigned parole officer shall constitute a change of residence for the purpose of this condition.

10. Obtain permission prior to leaving the state of the approved residence for any purpose. If leaving the state for a period of less than 24 hours, verbal permission by the assigned parole officer shall be required. If leaving the state for a period of greater than 24 hours, written permission by the Supervising Parole Officer, District Parole Supervisor, or designated representative shall be required.

11. Refrain from owning or possessing any:

i. Firearm, as defined at N.J.S.A. 2C:39-1.f, for any purpose, whether or not the firearm is operational;

ii. Imitation firearm, as defined at N.J.S.A. 2C:39-1.v, for any purpose; or

iii. Firearm ammunition.

12. Refrain from owning or possessing any weapon enumerated in N.J.S.A. 2C:39-1.r.

13. Refrain from the unlawful purchase, use, possession, distribution, or administration of the following, which shall not apply to a controlled dangerous substance prescribed by a physician:

i. Any narcotic drug, controlled dangerous substance, or controlled substance analog as defined at N.J.S.A. 2C:35-2 or imitation controlled dangerous substance or imitation controlled substance analog as defined at N.J.S.A. 2C:35-11, other than possession of marijuana or hashish in violation of N.J.S.A. 2C:35-10.a3, and distribution of marijuana or hashish in violation of N.J.S.A. 2C:35-5.b12; or

ii. Any paraphernalia as defined at N.J.S.A. 2C:36-1 related to such substances, other than if used, or intended to be used, for marijuana or hashish.

14. Make payment of any assessment, fine, penalty, lab fee, or restitution imposed by the sentencing court.

15. Register with the appropriate law enforcement agency and, upon a change of address, re-register with the appropriate law enforcement agency if you are subject to the provisions of N.J.S.A. 2C:7-2.

16. Waive extradition to the State of New Jersey from any jurisdiction in which the offender is apprehended and detained for violation of parole and not to contest any effort by any jurisdiction to return the offender to the State of New Jersey.

17. Submit to drug or alcohol testing at any time as directed by the assigned parole officer.

18. Refrain from operating a motor vehicle without a valid driver's license.

19. Notify the assigned parole officer no later than the next business day of any change in employment status.

1

(k) If a parolee owes an assessment, fine, penalty, lab fee, or restitution, the District Parole Supervisor shall, unless otherwise ordered by the Board or members certifying parole release or the sentencing court, be responsible for specifying a reasonable schedule for payment of such assessment, fine, penalty, lab fee, or restitution.

(l) Except as provided at (m) below, or unless otherwise directed by the Board panel or Board, a specific condition imposed in accordance with (d) above may be modified or vacated by the District Parole Supervisor if the circumstances of the parolee's case warrant such action.

(m) The following specific conditions imposed in accordance with (d) above may only be modified or vacated by the Board panel or Board:

1. The parolee is to refrain from contact with the victim.

2. The parolee is to participate in and successfully complete a mental health counseling or treatment program.

3. The parolee is to participate in and successfully complete a residential counseling or treatment program.

3